03CV341 memsup

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVIES, ARTHUR : | |
|     Plaintiff : | |
| : | |
| V. : | NO. 303 CV 0341 (CFD) |
| : | |
| JINDAL, PAWAN K. and AMERICAN : | |
| MANUFACTURERS MUTUAL : | |
| INSURANCE COMPANY : | FEBRUARY 3, 2004 |
|     Defendants : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO CITE IN ADDITIONAL PARTY DEFENDANT
AND TO AMEND COMPLAINT**

I.   FACTUAL BACKGROUND

The instant action was commenced by complaint dated February 25, 2003 and concerns an automobile accident which occurred on April 1, 2001. The Plaintiff, Arthur Davies, alleges that he was eastbound on Interstate 84 in Middlebury, Connecticut when he was rear-ended by the Defendant, Pawan K. Jindal. Complaint, Count One at ¶¶ 1-3. The Plaintiff brought suit both against the tortfeasor, Pawan K. Jindal, and against the Plaintiff's own insurance company for uninsured/underinsured motorist benefits. Id., Count Two.

The police report regarding the above action stated that the Defendant, Pawan K. Jindal,

-3-

owned the vehicle which he was operating at the time the accident occurred. <u>Exhibit A</u>. In fact, this turned out not to be true. As the Defendant testified at his deposition, which was taken on January 29, 2004, the vehicle was, in fact, owned by his brother, Surinder Jindal. <u>Exhibit B</u>. The Defendant further testified that he lives with his brother and works as an office manager in his brother's medical practice. <u>Id</u>. This was the first time Plaintiff's counsel became aware that the subject vehicle was owned by someone other than Pawan Jindal. <u>Id</u>. The Defendant was finally deposed on January 29, 2004 following three earlier attempts to depose him, all of which were canceled by Mr. Jindal's attorney. This eventually led the Plaintiff to file a Motion for Order, seeking the Court's assistance in deposing Mr. Jindal. <u>Exhibit C</u>. After this motion was filed, the parties were able to agree to a date for Mr. Jindal's deposition.

II.     <u>LAW AND ARGUMENT</u>

Rule 21 of the Federal Rules of Civil Procedure provides in pertinent part that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." The provisions of Rule 21 provide the Court with broad discretion in this matter. <u>Andujar v. Rogowski</u>, 113 F.R.D. 151, 154 (S.D.N.Y. 1986). With respect to adding additional parties to an action, if the pre-requisites established in

Fed. R. Civ. Pro. 15(c) are met, the amendments relate back and prevent imposition of a statute of limitations defense. 7 Wrights & Miller § 1688 at 476, see also Dow Corning Corp. v. Chemical Design, Inc., 3 F.Supp.2d 361, 364 (W.D.N.Y. 1998).

Rule 15(c), in turn, provides the method by which a pleading may be amended to include a new party and relate back to the date of the original pleading. Rule 15(c)(2) provides that an amendment relates back to the date of the original pleading if the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the complaint. Rule 15(c)(3) states that, where an additional party is added, the provisions of Rule 15(c)(2) must satisfied and, in addition, the new party must have "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed R. Civ. Pro. 15(c)(3). Leave to amend the pleadings "shall be freely given when justice so requires." Fed R. Civ. Pro. 15(a). The provisions of Rule 15 "has been liberally construed, and leave should be granted absent prejudice or bad faith." Forman v. Davis, 371 U.S. 178, 182 (1967).

The Plaintiff submits that each requirement set forth above has been met in this case, and therefore asks that this Court allow him to amend his complaint to add the owner of the

-5-

tortfeasor's vehicle, Surinder Jindal. Initially, it should be undisputed that the Plaintiff has acted in good faith. Relying on the information contained in the police report, <u>Exhibit A</u>, the Plaintiff believed that Pawan Jindal owned the vehicle he was driving at the time of the accident, and therefore did not seek to determine ownership. The Plaintiff diligently attempted to depose Pawan Jindal, and when finally able to do so discovered that he did not, in fact, own the subject vehicle. Three business days after Pawan Jindal's deposition, the Plaintiff makes the instant motion to this Court seeking to amend his pleadings to add Surinder Jindal as a defendant.

The Plaintiff also submits that Surinder Jindal will not be prejudiced by his inclusion as a defendant in this lawsuit. Surinder Jindal is the brother of the individual defendant, Pawan Jindal. Pawan Jindal testified that he was living with his brother at the time of the accident and also working in his brother's medical practice. Given these factors, in addition to the damage done to the subject vehicle, Surinder Jindal must have been aware of the accident and this claim. Surinder Jindal must also have known, or should have known, that as the true owner of the subject vehicle he might be liable for the above-described accident. Finally, the claim against Surinder Jindal concerns the same incident pleaded in the Plaintiff's original complaint – the April 1, 2001 motor vehicle accident on Interstate 84.

IV.  **CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that his motion to add Surinder Jindal as a party defendant and his request for leave to amend his complaint to add a count against Surinder Jindal be granted.

                                        THE PLAINTIFF,

                                        Robert J. Guendelsberger, for
                                        Guendelsberger & Taylor
                                        28 Park Lane
                                        New Milford, CT 06776
                                        Fed. Bar No. CT06534

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record this 3rd day of February, 2004, specifically:

Edward W. Case, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

John P. Majewski, Esq.
Bai, Pollack, Bleuweiss & Mulcahy, P.C.
10 Middle Street
Bridgeport, CT 06604

Robert J. Guendelsberger
Attorney for the Plaintiff, Arthur Davies

-8-