# EXHIBIT B

# INFORMATION
JD-CR-71 Rev. 9-98    B/F   DOB 7/13/65

**STATE OF CONNECTICUT**
**SUPERIOR COURT**    2002-9713

DISPOSITION DATE

## TITLE, ALLEGATION AND COUNTS

**STATE OF CONNECTICUT VS. (Name of accused)**
ROLLINS, TONYA, L

G.A. NO. 10   DOCKET NO. 267679

**ADDRESS**
30 Cliff Street, Norwich, CT

**TO BE HELD AT (Town)**
New London

**COURT DATE** 8/15/02

The undersigned Deputy Assistant State's Attorney of the Superior Court of the State of Connecticut on oath of office charges that said Deputy Assistant State's Attorney has reason to believe and does believe that:

**FIRST COUNT - DID COMMIT THE OFFENSE OF**
Larceny 4th

**AT (Town)** Groton
**ON OR ABOUT (Date)** 7/2/01-4/20/02
**IN VIOLATION OF GENERAL STATUTE NO.** 53a-125

CONTINUED TO / PURPOSE / REASON
9-6 P   4-7X
10-18X  55X
11-29X  70XA
12-20X
1-23-03X
2-24X   37XBCC
3-18X   704XA

**SECOND COUNT - DID COMMIT THE OFFENSE OF**

**THIRD COUNT - DID COMMIT THE OFFENSE OF**

☐ SEE OTHER SHEET(S) FOR ADDITIONAL COUNTS
**DATE** 6/20/02
**SIGNED (Deputy Asst. State's Attorney)**

## COURT ACTION

DEFENDANT ADVISED OF RIGHTS BEFORE PLEA (JUDGE) (DATE)
BOND 2,000 N/S   SURETY   ☐ 10%  ☐ CASH   ELECTION ☐ CT ☑ JY (Date)
☐ ATTORNEY  ☐ PUB. DEFENDER  GUARDIAN
BOND CHANGE
SEIZED PROP. INVENTORY NO.

| COUNT | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT FINDING | FINE | REMIT | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|
| 1 | FEB 06 2003 | NG | JUN 24 2003 | | | $ | $ | 1 yr els · 18 mos Prob |
| 2 | | | | | | $ | $ | Restitution @ $75 per mos for a total of $800 |
| 3 | | | | | | $ | $ | (PF $200) (Cost $15) |

| DATE | OTHER COURT ACTION | JUDGE |
|---|---|---|
| FEB 04 2003 | PUBLIC DEFENDER Haley | |
| JUN 24 2003 | Factual basis for plea; Plea found to be voluntary | |

STATE OF CONNECTICUT
SUPERIOR COURT
RECORDS CENTER
SEP 16 2003
CERTIFIED COPY
BY
TITLE

RECEIPT NO.  COST ☐ IMP ☐ NCI  BOND INFORMATION ☐ BOND FORFEITED ☐ FORFEITURE VACATED ☐ FORFEITURE VACATED AND BOND REINSTATED
APPLICATION FEE - RECEIPT NO. IF PAID  CIRCLE ONE W I Q
PROGRAM FEE - RECEIPT NO. IF PAID  CIRCLE ONE W I Q
PROBATION FEE - RECEIPT NO. IF PAID  CIRCLE ONE W I Q
STATE'S ATTORNEY ON ORIGINAL DISPOSITION  REPORTER/MONITOR ON ORIG. DISP.  SIGNED (Clerk)  SIGNED (Judge)

## ARREST WARRANT

| G.A. NO. | DATE | |
|---|---|---|
| 10 | 6-25-02 | STATE OF CONNECTICUT |

TO: Any Proper Officer of the State of Connecticut

By AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to arrest the body of the within-named accused. ("X" all that apply)

☐ A. Accused is ordered to be brought before a clerk or assistant clerk of the Superior Court.
☐ B. Accused is not entitled to bail.
  If A, B or both are checked above, you shall without undue delay bring the arrested person before the clerk or assistant clerk of the Superior Court for the geographical area where the offense is alleged to have been committed, or if the clerk's office is not open, to a community correctional center within said geographical area, or the nearest community correctional center if no such center exists in the geographical area, or to the Correctional Institution, as the case may be.
☐ C. Bail set at _____
☒ D. Conditions of release not determined by court.

EXTRADITION BOUNDARIES ESTABLISHED BY PROSECUTOR

BY THE COURT | SIGNED (Judge of the Superior Court)

## RETURN ON ARREST WARRANT

| G.A. NO. | TOWN OF | DATE | |
|---|---|---|---|
| 10 | GROTON | 7/18/02 | STATE OF CONNECTICUT |

Then and there, by virtue of the within and foregoing complaint and warrant, I arrested the body of the within-named accused and read the same in the hearing of said accused, and have said accused here in court for examination.

ATTEST (Officer's signature and Department) _____ GROTON TOWN P.D.

| DATE | OTHER COURT ACTION | JUDGE |
|---|---|---|
| | | |

JD-CR-71 (back) Rev. 9-98

| ARREST WARRANT APPLICATION | STATE OF CONNECTICUT | FOR COURT USE ONLY |
|---|---|---|
| JD-CR-6 v. 10-93 PR. BK. 593, 593A, 594 GEN. STAT. 54-2a | SUPERIOR COURT | Supporting Affidavits Sealed ☐ YES ☐ NO |
| 2002-9713 Page 1 of 3 | | |

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A NO. |
|---|---|---|
| Tonya Rollins, 30 Cliff Street, Norwich, CT | New London | 10 |

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court    Larceny 4th 53a-125

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the ...

☒ affidavit below  ...  ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 6/20/02 | SIGNED (Prosecutorial Official) |
|---|---|---|

### AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

1. That the affiant, Kathleen Pendleton, is a Patrol Officer with the Groton Town Police Dept., Groton, CT since May 1985. The affiant has received formal training and gained experience in the investigation of criminal matters similar to those as set forth below.

2. That on 4/23/02 this affiant was dispatched to Sally Beauty Supply, 220 Route 12, Groton, CT for a larceny complaint. This affiant met with the complainant, Kevin O'Neil, the loss prevention manager, who reported a theft of inventory by two employees. O'Neil stated that Sally Beauty Supply district manager, Ronald Iacobucci had advised him of a theft problem at the Groton store and that he set up a video surveillance to film the cashier registers from 4/9/02 to 4/11/02. During this surveillance, O'Neil identified two employees, Tonya Rollins and Karma Smith who were involved in larcenies from this store.

3. That O'Neil stated that employee Tonya Rollins was videotaped doing merchandise give aways (allowing persons to leave the store without paying for product) totaling approximately $109.36 during this three day period. O'Neil also stated that employee Karma Smith was videotaped doing merchandise give aways totaling approximately $145.33 during this three day period. O'Neil stated that no other current employees were involved in thefts from this store during the surveillance.

4. That on 4/16/02 O'Neil interviewed Tonya Rollins at Sally Beauty Supply. O'Neil stated that at that time, Rollins gave a verbal admission stating that she was responsible for a total of $866.96 worth of merchandise leaving the store without being paid for over a six week period. Rollins would not give a written statement or sign a restitution agreement at that time and did not want this complaint documented.

5. That on 4/22/02 O'Neil interviewed Karma Smith at Sally Beauty Supply. At that time Smith gave a written admission stating that she had been responsible for a total of $882.00 worth of merchandise leaving the store

| DATE & SIGNATURE | DATE 6/19/02 | SIGNED (Affiant) Kathleen Pendleton 721 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 6/19/2002 | SIGNED (Judge, Clerk, Comm Sup. Ct., Notary Pub) |

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 6-25-02 | SIGNED (A Judge of the Superior Court) |
|---|---|---|

(OVER)

| ARREST WARRANT APPLICATION | STATE OF CONNECTICUT | FOR COURT USE ONLY |
| --- | --- | --- |
| JD-CR-iv. 10-93<br>PR BK. 593, 593A, 594  2002-9713<br>GEN. STAT. 54-2a  Page 2 of 3 | SUPERIOR COURT | Supporting Affidavits Sealed<br>☐ YES   ☐ NO |
| NAME AND RESIDENCE (Town) OF ACCUSED<br>Tonya Rollins, 30 Cliff Street, Norwich, CT | COURT TO BE HELD AT (Town)<br>New London | G.A NO.<br>10 |

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the ...

☒ affidavit below  ...   ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE  6/20/02 | SIGNED (Prosecutorial Official) |
| --- | --- | --- |

### AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

without being paid for over a seven week period. Smith would not sign a restitution agreement because she felt the court would give her more time to pay this amount back to the company.

6. That on 4/29/02 Karma Smith came to Groton Town Police Department for a voluntary interview regarding the theft of merchandise at Sally Beauty Supply. Smith stated that she was hired at Sally's on 2/7/02 and approximately one month later she became aware that certain people were allowed to leave the store without paying for all the merchandise they had. Smith stated that there was a system set up prior to her starting to work at Sally's and that she became involved in it. Smith stated that these merchandise give aways only happened when she was working with Tonya Rollins and not any other current employees. Smith stated that she believes that she was personally responsible for $600 to $800 in merchandise leaving the store without being paid for. Smith stated that she would only give away small items, not high ticket items, and that she never took any cash. Smith stated that the only benefit she personally received was that Rollins would punch her in after her break was up if she didn't get back in time. Also Rollins would let her leave a little early and Rollins would then punch her out. Smith stated that this system was set up to exchange services with other people in the beauty supply business, such as salons, hairdressers and barbers.

7. That this affiant interviewed former employees, Sharey Sease and Tameka Warley. Both Sease and Warley denied any involvement in the theft of merchandise at Sally Beauty Supply. Sease stated that she was aware of a minor shoplifting problem because she would find empty boxes in the store. Sease also stated that she never witnessed customers or employees leave the store without paying for their merchandise. Warley stated that she was hired at Sally's in August 2001 and stopped working there in February 2002. Warley stated that numerous persons would come to the store with merchandise they wanted to exchange but would have no receipt. She believed this merchandise came from the Norwich store. Warley stated that she heard rumors that Tonya Rollins was caught stealing from Sally's, but she never saw Tonya take anything or allow anyone else to do so. Warley

| DATE & SIGNATURE | DATE  6/19/02 | SIGNED (Affiant)  Kathleen Pendleton  721 |
| --- | --- | --- |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date)  6/19/2002 | SIGNED (Judge, Clerk, Comm Sup. Ct., Notary Pub)  S.A.S. |

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE  6-25-02 | SIGNED (A Judge of the Superior Court) |
| --- | --- | --- |

(OVER)

| ARREST WARRANT APPLICATION | STATE OF CONNECTICUT | FOR COURT USE ONLY |
|---|---|---|
| JD-CR-6 ... iQ-93 ... PR. BK. 593, 593A, 594 GEN. STAT. 54-2a | SUPERIOR COURT | Supporting Affidavits Sealed ☐ YES ☐ NO |
| 2002-9713 Page 3 of 3 | | |

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A NO. |
|---|---|---|
| Tonya Rollins, 30 Cliff Street, Norwich, CT | New London | 10 |

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the ...

☒ affidavit below ... ☐ affidavit(s) attached.

**DATE & SIGNATURE** — DATE: 6/20/02 — SIGNED (Prosecutorial Official): [signature]

### AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

also stated that a lot of people would come to the store and ask her if Tonya was working then leave if she was not there.

8. That this affiant made numerous attempts to contact Tonya Rollins to arrange for an interview. On 5/24/02 this affiant received a phone call from a female who stated that she had information regarding the investigation at Sally Beauty Supply. This female refused to give her name but stated that the others were all lying about their involvement in the thefts at Sally Beauty Supply. This female caller also stated that the new manager was the girlfriend of one of the males seen on the video tape taking merchandise from Sally's. That based on this statement, this affiant believes that this anonymous caller was Tonya Rollins, who had been shown the video tape by O'Neil. This affiant told this caller that Rollins needed to come for an interview. The caller denied being Rollins but stated that she could relay this message to Rollins. Tonya Rollins has not contacted this affiant for an interview.

9. That based on the facts and circumstances contained within this affidavit, this affiant believes that probable cause exists and requests an arrest warrant be issued. Tonya Rollins is a black female, DOB 7/13/65, 5'7", 130 lbs., with red hair and brown eyes. Her SS# is [redacted], SPBI/SID # is [redacted], FBI # is 873435VA3, and CT license # is [redacted].

**DATE & SIGNATURE** — DATE: 6/19/02 — SIGNED (Affiant): Ptl. Kathleen Pendleton 721

**JURAT** — SUBSCRIBED AND SWORN TO BEFORE ME ON (Date): 6/19/2002 — SIGNED (Judge, Clerk, Comm Sup. Ct., Notary Pub): [signature]

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

**DATE & SIGNATURE** — DATE: 6-25-02 — SIGNED (A Judge of the Superior Court): [signature]

(OVER)

**ORDER OF PROBATION**
JD-CR-66 Rev. 12-99
C.G.S. §§ 18-78, 53a-29, 30, 31, 32, 33, 54-260, 108

**STATE OF CONNECTICUT**
**SUPERIOR COURT**



**TO: The Defendant named below**

| FROM (Judicial District or G.A.) | AT (Town) | JUDGE ORDERING PROBATION | DOCKET NO. |
|---|---|---|---|
| GA-10 | New London | McMahon | CR02-0267679S |

| NAME OF DEFENDANT | DATE SENTENCED | SENTENCED TO A TERM OF |
|---|---|---|
| Rollins, Tonya L. | 07/24/2003 | 1yr es |

| MODIFICATION OF ORIGINAL SENTENCE (Specify new sentence) | DATE OF MODIFICATION |
|---|---|
| | |

CRIME(S) CONVICTED/ADJUDICATED OF (Include General Statute sections violated)
53a-125 Larceny 4th degree

Execution of the above sentence is suspended, effective:   ☒ **IMMEDIATELY**   ☐ **AFTER** _____
subject to an **ORDER OF PROBATION**:

| FOR A PERIOD OF | TO COMMENCE |
|---|---|
| 18mos | ☒ IMMEDIATELY   ☐ ON THE DAY YOU ARE RELEASED FROM IMPRISONMENT |

**NOTICE TO DEFENDANT**

You have been convicted/adjudicated of the crime(s) specified above in violation of the Connecticut General Statute(s) stated above and are hereby sentenced to the custody of the Commissioner of Correction or said Commissioner's agent for the term described above, execution suspended as shown above, subject to an order of probation for the period specified above.

During the period of such probation, if you do not comply with the order set forth below, the Court may issue a warrant for your arrest, revoke your probation and require you to serve the above sentence, or may change the term or the conditions of your probation.

*(Connecticut General Statute 53a-32)*

It is ordered and adjudged that:

a. Execution of said sentence be suspended to the extent shown above and that said defendant be placed on probation under the charge and supervision of the Court Support Services Division/Probation, for the period of probation above shown.

b. Said defendant during the probationary term fixed shall abide by the written statement of the conditions of probation furnished by the probation officer and the instructions given regarding the same.

c. Said defendant shall abide by the following conditions of probation in addition to those that may be imposed by the Court Support Services Division/Probation (C.G.S. § 53a-30b):

   1. If convicted of a violation of General Statutes Section 53-21(2), 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a, or 53a-72b, immediately notify your supervision officer whenever you change your residence address.
      Restitution @ $75 per mos. for a total of $800.

| SIGNED (Clerk) | | DATE SIGNED |
|---|---|---|
| *TLRollins* | By Order of the Court | 07/24/2003 |

DISTRIBUTION:  ORIGINAL and COPY 1 - Supervision Officer   COPY 2 - Court File

| NAME OF ACCUSED (Last, First, Middle) | | FPC | | | | | | 1376892 |
|---|---|---|---|---|---|---|---|---|
| ROLLINS, TONYA, L | | | | | | | | |
| NO., STREET, CITY AND STATE | | | | | | | | COMPANION U.A.R. NO. |
| 30 CLIFF ST, 3    NORWICH    CT | | | | | | | | |
| SEX | RACE | DATE OF BIRTH | PLACE OF BIRTH | SOCIAL SECURITY NO. | HT. | WT. | HAIR | EYES | DOCKET NO. |
| F | B | 07/13/1965 | CENTERE, AL | | 06 | 130 | BLK | BRN | 10-267679 |
| ALIAS/MAIDEN NAME | | ALIEN REG. NO. | | OPERATOR'S LICENSE NO. | | STATE | DATE AND TIME ARRESTED |
| JOHNSON, TONYA L | | | | 075062118 | | CT | 07/18/2002 20:32 |
| ☐ SURETY ☐ DETAINED | AMOUNT OF BOND $2000.00 | ☐ CASH ☒ OTHER | COMMERCIAL/HAZ. MAT. ☐CDL ☐CV ☐HM | TOWN OF ARREST GROTON 15 | TOWN OF OFFENSE GROTON |
| CHARGE(S) AND STATUTE NO. 53a-125 Larceny 4th Degree | | | F.V. ALC. NAR. | COURT DATE 08/01/2002 | S.P.B.I. NO. CT 00377519 |
| | | | G.A. NO. 10 | DATE FINGERPRINTED 07/18/2002 | F.B.I. NO. 873435VA3 |
| ARRESTING OFFICER DAWSB | SHIELD NO. 765 | SIGNATURE OF ACCUSED X Tonya Rollins | | SIGNED - OFFICIAL TAKING PRINTS |
| DEPARTMENT OR TROOP/ORI Groton Town Police Departme | A59 | P.D. ID NO. AA53071820022032 | P.D. CASE NO. 2002-9713 | NOTE AMP. |

**UNIFORM ARREST REPORT** JD-CR-21 Rev. 11-95    *Paperwork not timely*    **COURT ORIGINAL**