UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVIES, ARTHUR
  Plaintiff

V.           NO. 303 CV 0341 (CFD)

JINDAL, PAWAN K. and AMERICAN
MANUFACTURERS MUTUAL
INSURANCE COMPANY    FEBRUARY 3, 2004
  Defendants

## AMENDED COMPLAINT

JURISDICTION

1. This Court has jurisdiction over this matter by virtue of diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332.

2. The plaintiff, ARTHUR W. DAVIES, is a resident of the Town of Lafayette, State of Colorado.

3. The defendant, PAWAN K. JINDAL, is a resident of the Town of Wappingers Falls, State of New York.

4. The defendant, AMERICAN MANUFACTURERS MUTUAL INSURANCE, is a domestic corporation organized under the laws of the State of Illinois, with its principal

place of business in the State of Illinois.

5. The Defendant, SURINDER JINDAL, is a resident of the Town of Wappingers Falls, State of New York.

6. The amount of the matter in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).


COUNT ONE (By the Plaintiff, Arthur W. Davies as against the Defendant, Pawan K. Jindal)

1. On or about April 1, 2001, at approximately 6:36 PM, the Plaintiff, Arthur W. Davies was operating a motor vehicle in an eastbound direction on Interstate 84, a public thoroughfare located in Middlebury, Connecticut.

2. On said date and time, the Defendant, Pawan K. Jindal was also operating a motor vehicle in an eastbound direction on said Interstate 84 in Middlebury, Connecticut.

3. On said date and time, the Plaintiff, Arthur W. Davies, had stopped for the motor vehicles in front of him that had stopped for traffic, when the Defendant, Pawan K. Jindal failed to stop the motor vehicle he was operating and collided with the rear portion of the motor vehicle operated the Plaintiff, Arthur W. Davies.

4. Said collision and the resulting injuries and losses sustained by the Plaintiff, Arthur W.

Davies, were directly and proximately caused by the negligence and/or carelessness of the Defendant, Pawan K. Jindal in that he:

a. was following too closely to the rear of the Plaintiff's motor vehicle, and, therefore, could not stop the motor vehicle he was operating in time to avoid collision, in violation of Connecticut General Statute Section 14-240;

b. failed to keep the motor vehicle he was operating under reasonable and proper control;

c. failed to keep a proper and reasonable lookout for other motor vehicles upon the road;

d. failed to apply the brakes of the motor vehicle he was operating in time to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have and should have done so;

e. failed to turn the motor vehicle he was operating to the right or left so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have, and should have done so;

f. was operating a vehicle at an unreasonable rate of speed.

5. As a direct and proximate result of said collision, caused by the negligence and/or

carelessness of the Defendant, Pawan K. Jindal, the Plaintiff, Arthur W. Davies, suffered physical injuries, some, or all, of which are likely to be permanent in nature, including the following:

a.   Cervical strain;

b.   Compressive myelopathy

c    Traumatic Brain Injury;

d.   Difficulty with sense of balance;

e.   Weakness of left arm and left leg;

f.   Difficulty with his gait;

g.   Bulging disc at L1-2

h.   Loss of cervical lordosis;

i.   Circumferential bulging of disc annulus with annular tear at C5-6;

j.   Large focal protrusion of the intervertebral disc in a left posterolateral/foraminal distribution at C6-7;

k.   Left radiculopathy;

l.   Brachial plexopathy

m.   Left shoulder impingement;

        n.       Shock and trauma to the entire nervous system;

        o.       Permanent partial disability.

6. As a further direct and proximate result of the negligence and/or carelessness of the Defendant, Pawan K. Jindal, the Plaintiff, Arthur W. Davies, was forced to expend sums for, hospitals, doctors, x-rays, medicines, diagnostic testing, medical care and treatment, and may be caused to expend further such sums in the future.

7. As a further direct and proximate result of the negligence and/or carelessness of the Defendant, Pawan K. Jindal, the Plaintiff, Arthur W. Davies, has been permanently impaired in his ability to pursue and enjoy life's activities.

8. As a further direct and proximate result of the negligence and/or carelessness of the Defendant, Pawan K. Jindal, the Plaintiff, Arthur W. Davies, was caused to miss work and lose wages, may be caused to miss work and lose wages in the future, and has suffered a diminution in earning capacity, all to his financial detriment.

9. As a further direct and proximate result of the negligence and/or carelessness of the Defendant, Pawan K. Jindal, the Plaintiff, Arthur W. Davies, suffered injuries rendering him unable to operate his flight business. The Plaintiff has suffered pecuniary losses relating thereto in that:

a. The Plaintiff invested considerable sums of money in the aforementioned business, including but not limited to the purchase of two (2) small aircraft, with the expectation that such investment would be recouped by the Plaintiff as the business became profitable;

b. The Plaintiff invested considerable time and labor in the startup and organization of the aforementioned business, with the expectation that such investment would be recouped by the Plaintiff as the business became profitable;

c. The Plaintiff is now unable to exploit the business opportunity represented by the aforementioned business, and has lost expected and future profits relating thereto.

COUNT TWO (By the Plaintiff, Arthur W. Davies as against the Defendant, American Manufacturers Mutual Insurance Company)

1.-9. Paragraphs one through nine (9) of Count One of this Complaint are hereby incorporated as paragraphs one through nine (9) of this Count Two.

10. At all times relevant to this complaint, the Plaintiff, Arthur W. Davies, was a covered person under a contract of motor vehicle insurance with the Defendant, American Manufacturers Mutual Insurance Company, hereinafter "American".

-6-

11. At all times relevant to this complaint, the Plaintiff's insurance contract contained a provision for uninsured/underinsured motorist coverage pursuant to Section 38a-336 of the Connecticut General Statutes.

12. In accordance with the law of the State of Connecticut and its contract of insurance with the Plaintiff, Arthur W. Davies, the Defendant, American, agreed to pay to him all sums which the Plaintiff, Arthur W. Davies, was legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle for damages resulting from bodily injury sustained by the Plaintiff, Arthur W. Davies, in an accident involving the maintenance or use of the uninsured or underinsured motor vehicle, up to the limits of its contract.

13. The Plaintiff, Arthur W. Davies, has complied with his duties under the insurance contract between himself and the Defendant, American.

14. The Defendant, American, is liable to the Plaintiff, Arthur W. Davies, pursuant to the terms of the above-mentioned insurance contract for damages resulting from the bodily injuries sustained by the Plaintiff, Arthur W. Davies which are not compensated for by the other involved operator's insurance coverage, if any.

<u>COUNT THREE</u> (By the Plaintiff, Arthur W. Davies against the Defendant, Surinder Jindal)

1.-9.   Paragraphs one through nine (9) of Count One of this Complaint are hereby incorporated as paragraphs one through nine (9) of this Count Three.

10.   At all times material hereto, the Defendant, SURINDER JINDAL, was the owner of the motor vehicle operated by the Defendant-driver, Pawan K. Jindal and is liable pursuant to Connecticut General Statutes Sections 14-154a and 52-183.

11.   The Defendant-owner, Surinder Jindal, maintained said motor vehicle and at all times material hereto, the Defendant-operator, Pawan K. Jindal, was operating the Defendant-owner's motor vehicle within the scope of his general authority to do so.

 

THE PLAINTIFF,
ARTHUR W. DAVIES

By _____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane, Ne Milford, CT 06776
Phone: (860) 354-4444
Fax: (860) 210-2128
Federal Bar No. CT06534

-8-

WHEREFORE, the Plaintiff demands:

1. Judgment in the amount of twenty million dollars ($20,000,000.00);

2. Underinsured monetary damages pursuant to Connecticut General Statute Section 38a-336;

3. Such other and further relief as this court may deem proper, just and reasonable.

THE PLAINTIFF,
ARTHUR W. DAVIES

By _____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776
Phone: (860) 354-4444
Fax: (860) 210-2128
Federal Bar No. CT06534
