UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR W. DAVIES | NO: 3:03 CV 0341 (CFD) |
| vs. | |
| PAWAN JINDAL, et al | JULY 2, 2004 |

## MOTION TO DISMISS

Pursuant to FRCP 12(b)(6), the defendant Surinder Jindal respectfully moves to dismiss the plaintiff's claim against him stated in Count Three of the Amended Complaint for the reason that this claim is barred on the face of the pleadings by the applicable statute of limitations, Connecticut General Statutes §52-584.

A memorandum of law in support of this Motion is appended hereto.

THE DEFENDANT
SURRINDER JINDAL

BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut 06126-1798
(860) 525-3101

ORAL ARGUMENT IS REQUESTED

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 2ND day of JuLY, 2004, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald

-2-

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR W. DAVIES | NO: 3:03 CV 0341 (CFD) |
| vs. | |
| PAWAN JINDAL, et al | JULY 2, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

BACKGROUND

The plaintiff instituted this diversity action for money damages on account of bodily injury sustained in a motor vehicle accident by initial complaint filed February 26, 2003 and served on the original defendants on March 4, 2003. In the original complaint, Count One was directed to Pawan Jindal based on negligent operation of a motor vehicle.

By Motion dated February 3, 2004 and filed February 5, 2004, the plaintiff sought permission to cite in Surinder Jindal as an additional defendant. That Motion was granted on April 22, 2004 and the Amended Complaint was served on Surinder Jindal on May 29, 2004. See Return of Service (Dkt. No. 33).

In the Amended Complaint (Dkt. No. 29), the plaintiff recites that this action arises out of a motor vehicle accident that occurred on April 1, 2004 in Middlebury, Connecticut. Count One, ¶1 (incorporated into Count Three, ¶1). The plaintiff makes no allegations of

-1-

wrongdoing on the part of Surinder Jindal, but rather incorporates the prior allegations against Pawan Jindal and alleges that Surinder Jindal is liable for Pawan's allegedly negligent conduct.

The defendant Surinder Jindal respectfully moves to dismiss the plaintiff's claim against him stated in Count Three of the Amended Complaint for the reason that this claim is barred on the face of the pleadings by the applicable statute of limitations, Connecticut General Statutes §52-584.

ARGUMENT

"Although the statute of limitations defense is usually raised in a responsive pleading, the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." <u>Velez v. City of New London</u>, 903 F. Supp. 286, 289 (D.Conn. 1995); <u>Joslin v. Grossman</u>, 107 F.Supp.2d 150, 154 (D.Conn. 2000). Surinder Jindal maintains that this claim is time-barred on the face of the complaint.

The statute of limitations applicable to the negligence claim made against Surinder Jindal in Count Three of the Amended Complaint is Connecticut General Statutes §52-584. This statute provides:

> No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care

-2-

> should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.

The statute contains both a two-year limitations period and a three-year period of repose. Without prejudice to future argument regarding the two-year limitation, this Motion is limited to the plaintiff's failure to bring this action within the three-year period of repose.

In a diversity action such as this, a federal court will apply Connecticut's rule that an action is not "brought" or "commenced" for purposes of the statute of limitations until the complaint is served on the defendant. Converse v. General Motors Corp., 893 F.2d 513 (2d Cir. 1990). This Complaint was not served on this defendant until May 29, 2004, well over three years after any act or omission that might have given rise to the accident of April 20, 2001. On its face, the claim is time barred.

Moreover, the Complaint cannot relate back to the filing of the original complaint under the terms of FRCP 15(c).

> If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it "relates back" to a timely filed complaint. See Fed.R.Civ.P. 15(c). The goal of relation-back principles is "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 19 (2d Cir.1997) (quoting Fed.R.Civ.P. 15 Advisory Committee Note (1991)) (internal quotation marks omitted). Rule 15(c) of the Federal Rules of Civil Procedure describes the requirements necessary for an amended complaint to relate back to an

-3-

original complaint:

> An amendment of a pleading relates back to the date of the original pleading when ....
>
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within [120 days of filing the complaint], the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

VKK Corp. V National Football League, 244 F.3d 114, 128 (2d Cir. 2001). Stated more simply,

> Under the Rule, a plaintiff may change a party or add additional parties only if (1) the claim arose of the same conduct or transaction; and (2) within 120 days, the party to be named or added has received notice of the original institution of the complaint; and (3) the party to be named or added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. Fed.R.Civ.P. 15(c); Velsini v. Cadmus, (citing Aslanidis v. United States Lines Inc., 7 F.3d 1067, 1075-76 (2d Cir.1993)).

Collin v. Securi International, 2004 WL 1443926 (D. Conn. 1/5/04)(FitzSimmons, U.S.M.J.). Again, without prejudice to later argument regarding the first two elements of this test, the plaintiff can not satisfy the third.

-4-

The original complaint in this action alleged liability against Pawan Jindal solely as the operator of a motor vehicle. There was no allegation that he was also liable as the owner, and no one looking at that complaint could possibly have known that, but for a mistake on the part of the plaintiff, the owner of the vehicle would also have been sued. The issue is not whether the plaintiff made a mistake. As recited in the rule, the issue is whether the party being added, assuming he had timely notice of the action, should have been aware that he was really the intended defendant. Where the original complaint alleges liability against Pawan only in his capacity as operator, there is no basis for anyone, even if he had notice of the original complaint, to be aware that Surinder was the intended defendant in an ownership capacity that is not even mentioned in the original complaint.

In essence, the plaintiff must take the position that anyone who knows they bear some relation to a claim that might support liability can be added to a lawsuit at any time without regard to the statute of limitations. To state this position is to refute it. That is not the purpose of the relation back doctrine, which was intended only "overcome inconsequential pleading errors." Advisory Committee Notes to 1991 Amendments to FRCP 15. Moreover, this broad an interpretation has been rejected by the courts. In <u>Messina v. Mazzeo</u>, 854 F. Supp. 116 (EDNY 1994), for example, the plaintiff attempted to add the City of New York as a defendant after the statute of limitations had run. The

-5-

plaintiff had previously sued employees of the City in their personal and representative capacities arising out of the same incident and the City was aware of the lawsuit. Nevertheless, the court held that the final prong of Rule 15(c) could not be met simply because the City was aware that it could have also been sued:

> This is not a case where the original pleading mistakenly named a wrong defendant. . . . It is too much to say that the City of New York, through its attorney, knew or should have known that Messina, but for a mistake, would have alleged a claim for relief against the City of New York based on the doctrine of respondeat superior. Although clearly the City of New York is not prejudiced by the inclusion of this claim for relief, that is but one aspect of Rule 15(c). Where the amendment of the pleading seeks to add a new defendant, the amendment does not relate back to the original pleading unless the party to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [him]." Because that is not the case here, plaintiff's seventh claim for relief is dismissed as untimely.

Id. at 146-47. The same result must be reached here.

Connecticut's relation back doctrine, which "is akin to rule 15(c) of the Federal Rules of Civil Procedure . . ." Alswanger v. Smego, 257 Conn. 58, 74 (2001)(citation and quotation marks omitted); supports this result. FRCP 15(c)(1). Connecticut cases have recognized that claims of the type added by the Amended Complaint against Surinder Jindal do not relate back for purposes of avoiding the statute of limitations. In Watrous v. Williamson, 2003 WL 553287 (Conn. Super. 2/11/03), the plaintiff had originally sued the defendant for negligent operation of a vehicle. The plaintiff moved to amend the

-6-

complaint to add another party as the operator and change the allegations against the defendant to ownership. The court denied the request to amend, holding that the case presents a new and different cause of action that does not relate back to the original pleading. In <u>Felsted v. Kimmberly Auto Services, Inc.</u>, 25 Conn. App. 665 (1991), the plaintiff attempted to amend the complaint to change the basis for liability against the defendant from principal or employer to vehicle lessor. The court held that the claim did not relate back and was therefore barred by the statute of limitations.

     Here, the plaintiff not only attempts to add a new cause of action based on ownership, but seeks to add a new defendant in that capacity where the original complaint did not put anyone on notice that liability was sought on that basis. Whether or not the plaintiff's actions were caused by mistake, those actions cannot justify avoidance of the statute of limitations to prosecute an entirely new claim that was not even hinted at in the original complaint. According to the Advisory Committee Notes to the 1991 amendment, Federal Rule of Civil Procedure 15(c)(3) was intended to implement the policy that "[i]f the notice requirement is met . . ., a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification." The amendment here is not of this type and cannot relate back to the original complaint to defeat the application of the statute of limitations.

CONCLUSION

-7-

For the foregoing reasons, the defendant Surinder Jindal respectfully maintains that Count Three of the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and must therefore be dismissed.

`
        THE DEFENDANT
        SURRINDER JINDAL


        BY_____
        Jack G. Steigelfest. (Fed. Bar No. ct05733)
        Howard, Kohn, Sprague & FitzGerald
        Post Office Box 261798
        Hartford, Connecticut  06126-1798
        (860) 525-3101

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 2ND day of July, 2004, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033


        _____
        Jack G. Steigelfest, Esq.
        Howard, Kohn, Sprague & FitzGerald

-8-

_____

_____

-9-