UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR W. DAVIES | NO: 3:03 CV 0341 (CFD) |
| vs. | |
| PAWAN JINDAL, et al | JULY 2, 2004 |

## MOTION TO REVERSE ORDER GRANTING MOTION TO CITE IN SURINDER JINDAL

The defendant Surinder Jindal respectfully moves this court for an order reversing this court's order of April 22, 2004 granting, absent objection, the plaintiff's Motion to Cite In Additional Party Defendant and to Amend Complaint for the reason that the Motion to Cite In was untimely and the addition of Surinder Jindal to this litigation at this late date will delay the litigation and reopen discovery beyond the deadlines previously set by this court.

A memorandum of law in support of this motion is appended hereto.

THE DEFENDANT
SURRINDER JINDAL


BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101

ORAL ARGUMENT REQUESTED

CERTIFICATION

     I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 2ND day of JuLY, 2004, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

                                                      _____
                                                      Jack G. Steigelfest, Esq.
                                                      Howard, Kohn, Sprague & FitzGerald

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES                                   NO: 3:03 CV 0341 (CFD)

vs.

PAWAN JINDAL, et al                                JULY 2, 2004

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO REVERSE ORDER GRANTING MOTION TO CITE IN SURINDER JINDAL**

BACKGROUND

The plaintiff instituted this diversity action for money damages on account of bodily injury sustained in a motor vehicle accident by initial complaint filed February 26, 2003 and served on the original defendants on March 4, 2003. The original complaint named Pawan Jindal and American Manufacturers Mutual Insurance Company as defendants.

Counsel for the original parties submitted a Report of Parties Planning Conference on May 23, 1003 suggesting a discovery schedule. In that Report, the parties represented that the plaintiff should be allowed until July 1, 2003 to file motions to join additional parties. By endorsement on June 12, 2003, the court issued an order approving the report and setting deadlines for completion of discovery by March 1, 2004 and for filing of a Joint Trial Memorandum by April 1, 2004.

By Motion dated February 3, 2004 and filed February 5, 2004, the plaintiff sought

-1-

permission to cite in Surinder Jindal as an additional defendant. That Motion was granted absent objection on April 22, 2004 and the Amended Complaint was served on Surinder Jindal on May 29, 2004. See Return of Service.

The newly added defendant Surinder Jindal now requests that the court reverse its order granting the plaintiff's motion to cite in for the reason that the addition of Surinder Jindal to this litigation was untimely and will necessarily result in considerable delay beyond the orders previously entered in this matter.

ARGUMENT

FRCP 16 and the corresponding Local Rule of Civil Procedure 16 vest the court with considerable power to set reasonable deadlines for the progress of litigation. The orders entered pursuant to these rules are informed by the Parties' Report of Planning Conference, which states the parties' intentions regarding the course of the litigation.

In this matter, the original parties to this litigation conferred and proposed deadlines for the litigation, deadlines that were eventually adopted by the court. The addition of an new defendant after all of those deadlines have run, including deadlines for adding parties, over a year after the institution of the litigation is untimely and in violation of this court's prior orders. The Motion to Cite In was granted absent objection; had the Court been prompted to take a closer look at the status of the case, it may have more closely reviewed the prior orders and denied the Motion as untimely.

Moreover, the addition of Surinder Jindal to this litigation at this time will necessarily result in considerable delay before this matter is trial ready. Surinder Jindal has filed, this date, a Motion to Dismiss the claim against him. If that Motion is unsuccessful, there exist grounds for a Motion for Summary Judgment once discovery has taken place. Discovery will necessarily be reopened in order to permit Surinder Jindal a fair opportunity to prepare his defense on both liability and damages issues, including the possible re-deposition of the plaintiff.

Although FRCP 15(a) states that leave to amend shall be freely given when justice so requires, "[l]egitimate grounds to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Stiller v. Colangelo, 221 F.R.D. 316, 317 (D. Conn. 2004)(quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). This court has referenced the Parties Report of Planning Conference and pretrial orders in considering motions to amend the pleadings. See, e.g., Cox v. Bland, 2002 WL 66 3859 (D. Conn. 2/26/02). Moreover, the information that allegedly led the plaintiff to seek the late amendment, ownership of the vehicle operated by Pawan Jindal, was at all times on record with the State of New York and could have been ascertained at any time by plaintiff's counsel. See Nuckles v. U.S., 2004 WL 322896 (D. Conn. 2/10/04)(on

reconsideration denying amendment where information was ascertainable in a timely fashion). Moreover, the Surinder Jindal asserts that the amendment is futile in that the claim against him is barred by the applicable statute of limitations, for the reasons set forth in this defendant's Motion to Dismiss filed this date.

CONCLUSION

For the foregoing reasons, the defendant Surinder Jindal respectfully requests that the Court grant the defendant's Motion to Reverse the previous order of this Court granting the plaintiff's Motion to Cite Surrinder Jindal into this case as a party defendant

THE DEFENDANT
SURRINDER JINDAL

BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101

CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 2ND day of JuLY, 2004, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

                                                      _____
                                                      Jack G. Steigelfest, Esq.
                                                      Howard, Kohn, Sprague & FitzGerald