FILED

2004 JUL 15  A 11: 02

U.S. DISTRICT COURT
HARTFORD, CT.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DAVIES, ARTHUR                      :
       Plaintiff                 :
                                 :
V.                                  :     NO. 303 CV 0341 CFD
                                 :
JINDAL, PAWAN K. and                :
JINDAL, SURINDER                    :     JULY 13, 2004
       Defendants                :

## PLAINTIFF'S OBJECTION TO DEFENDANT SURINDER JINDAL'S
## MOTION TO DISMISS

The Plaintiff in the above-captioned action, ARTHUR DAVIES, hereby objects to

Defendant SURINDER JINDAL'S motion to dismiss dated July 2, 2004.  As is more fully set

forth in the accompanying memorandum of law, the instant action is properly before this Court in

that the Plaintiff's amended complaint relates back to the original complaint, thus overcoming

the Defendant's statute of limitations defense.

                              THE PLAINTIFF
                              ARTHUR DAVIES

                              Robert J. Guendelsberger
                              Guendelsberger & Taylor
                              28 Park Lane
                              New Milford, CT 06776
                              Fed Bar No. CT06534

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **DAVIES, ARTHUR** | : | |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | **NO. 303 CV 0341 CFD** |
| | : | |
| **JINDAL, PAWAN K. and** | : | |
| **JINDAL, SURINDER** | : | **JULY 13, 2004** |
| **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO
DEFENDANT SURINDER JINDAL'S MOTION TO DISMISS**

I.    FACTUAL BACKGROUND

The instant action was commenced by complaint dated February 25, 2003 and concerns

an automobile accident which occurred on April 1, 2001.  The Plaintiff, Arthur Davies, alleges

that he was eastbound on Interstate 84 in Middlebury, Connecticut when he was rear-ended by

the Defendant, Pawan K. Jindal.  Complaint, Count One at ¶¶ 1-3.  The Plaintiff brought suit

both against the tortfeasor, Pawan K. Jindal, and against the Plaintiff's own insurance company

for uninsured/underinsured motorist benefits.  Id., Count Two.

The police report regarding the above action stated that the Defendant, Pawan K. Jindal,

owned the vehicle which he was operating at the time the accident occurred.  Exhibit A.  In fact,

-2-

this turned out not to be true.  As the Defendant testified at his deposition, which was taken on

January 29, 2004, the vehicle was, in fact, owned by his brother, Surinder Jindal.  Exhibit B.  The

Defendant further testified that he lives with his brother and works as an office manager in his

brother's medical practice.  Id.  This was the first time Plaintiff's counsel became aware that the

subject vehicle was owned by someone other than Pawan Jindal.  Id.  The Defendant was finally

deposed on January 29, 2004 following three earlier attempts to depose him, all of which were

canceled by Mr. Jindal's attorney.  This eventually led the Plaintiff to file a Motion for Order,

seeking the Court's assistance in deposing Mr. Jindal.  Exhibit C.  After this motion was filed,

the parties were able to agree to a date for Mr. Jindal's deposition.


II.    LAW AND ARGUMENT

    A.    Applicable Law

    Rule 21 of the Federal Rules of Civil Procedure provides in pertinent part that "[p]arties

may be dropped or added by order of the court on motion of any party or of its own initiative at

any stage of the action and on such terms as are just."  The provisions of Rule 21 provide the

Court with broad discretion in this matter.  Andujar v. Rogowski, 113 F.R.D. 151, 154 (S.D.N.Y.

1986).  With respect to adding additional parties to an action, if the pre-requisites established in

-3-

Fed. R. Civ. Pro. 15(c) are met, the amendments relate back and prevent imposition of a statute of limitations defense. 7 Wrights & Miller § 1688 at 476, see also Dow Corning Corp. v. Chemical Design, Inc., 3 F.Supp.2d 361, 364 (W.D.N.Y. 1998).

Rule 15(c), in turn, provides the method by which a pleading may be amended to include a new party and relate back to the date of the original pleading. Rule 15(c)(2) provides that an amendment relates back to the date of the original pleading if the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the complaint. Rule 15(c)(3) states that, where an additional party is added, the provisions of Rule 15(c)(2) must satisfied and, in addition, the new party must have "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed R. Civ. Pro. 15(c)(3). Leave to amend the pleadings "shall be freely given when justice so requires." Fed R. Civ. Pro. 15(a). The provisions of Rule 15 "has been liberally construed, and leave should be granted absent prejudice or bad faith." Forman v. Davis, 371 U.S. 178, 182 (1967). Amendments are generally favored, as they tend "to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957).

-4-

In his motion, the Defendant cites this Court to <u>VKK Corp. v. National Football League</u>, 244 F.3d 114, 128 (2d Cir. 2001) to explain the requirements of Rule 15(c) when a new party is added. The Plaintiff agrees. That case succinctly explains the requirements as follows:

> There are thus three requirements that must be met before an amended complaint that names a new party can be deemed to relate back to the original timely complaint. First, both complaints must arise out of the same conduct, transaction, or occurrence. Second, the additional defendant must have been omitted from the original complaint by mistake. Third, the additional defendant must not be prejudiced by the delay.

B.    <u>The Amended Complaint Relates Back to the Original Complaint</u>

The Plaintiff submits that each requirement of the <u>VKK Corp.</u> test set forth above has been met in this case, and that Surinder Jindal's motion to dismiss should be denied. First, the claim against Surinder Jindal concerns the same incident pleaded in the Plaintiff's original complaint – the April 1, 2001 motor vehicle accident on Interstate 84. No new factual allegations are added, other than the allegation that Surinder Jindal owned the motor vehicle his brother Pawan was driving on the date of the accident. Both complaints therefore concern the same conduct, transaction, or occurrence.

Next, the Plaintiff must show that the additional defendant was mistakenly not included in the original complaint. Again, this is easily satisfied given the police report which states that

-5-

Pawan Jindal was the owner of the involved motor vehicle.  Relying on the information

contained in the police report, Exhibit A, the Plaintiff believed that Pawan Jindal owned the

vehicle he was driving at the time of the accident, and therefore did not seek to further determine

ownership.  The Plaintiff diligently attempted to depose Pawan Jindal, and when finally able to

do so discovered that he did not, in fact, own the subject vehicle.[1]  Three business days after

Pawan Jindal's deposition, the Plaintiff moved to amend his complaint to add Surinder Jindal as

a defendant.

Finally, the Plaintiff submits that Surinder Jindal is not prejudiced by his inclusion as a

defendant in this lawsuit.  Surinder Jindal is the brother of Pawan Jindal.  Pawan Jindal testified

that he was living with his brother at the time of the accident and was also working in his

brother's medical practice.  Given these factors, in addition to the damage done to the subject

vehicle, Surinder Jindal must have been aware of the accident and this lawsuit.  Under Rule

15(c), formal notice is not required – it is sufficient where the party receives notice through

"informal means".  Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 138 (E.D.N.Y. 1998).

In addition, Surinder Jindal must have known, or should have known, that as the true owner of

---

[1]Indeed, one questions whether the Defendants in this action, specifically Pawan Jindal, sought to obstruct discovery until the statute of limitations had run in an effort to relieve Surinder Jindal of liability.

the subject vehicle he might be liable for the above-described accident.  Further notice of the

mistaken ownership would have been provided to Surinder Jindal when he or his brother

received the police report concerning this accident which lists Pawan Jindal as both operator and

owner.

IV.    CONCLUSION

     For the foregoing reasons, the Plaintiff respectfully requests that Surinder Jindal's Motion

to Dismiss be denied.

                             THE PLAINTIFF,

                             Robert J. Guendelsberger, for
                             Guendelsberger & Taylor
                             28 Park Lane
                             New Milford, CT 06776
                             Fed. Bar No. CT06534

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record this 13th day of July, 2004, specifically:

Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & Fitzgerald
PO Box 261798
Hartford, CT 06126-1798

Edward R. Case, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

Robert J. Guendelsberger

-8-

**EXHIBIT A**

STATE OF CONNECTICUT UNIFORM POLICE ACCIDENT REPORT    FORM NUMBER

| GPS READINGS: | Latitude: | | | | | | | | MAY 03 2001 | | FOR DOT USE ONLY |
|---|---|---|---|---|---|---|---|---|---|---|---|

Time:    Longitude:

| DATE OF ACCIDENT | MILITARY TIME | ACCIDENT SEVERITY | # VEHICLES INVOLVED | PAGE # | POLICE CASE NUMBER |
|---|---|---|---|---|---|
| Month 0 2 Day 2 0 Year 0 1 | 1 8 3 6 | ☐ Fatal ☑ Injury ☐ PDO | 4 | 1 of 5 | A01-128306 |

| TOWN OR CITY NAME | TOWN CODE | ACCIDENT OCCURRED ON (Street Name or Route #) | at | ITS INTERSECTION WITH (Street Name or Route #) |
|---|---|---|---|---|
| Middlebury | 0811 | I-84 EASTBOUND | | |

IF NOT AT INTERSECTION
1. MEASURE DISTANCE ___10___ (✓ Check Appropriate Boxes)
☐ Feet  ☑ Tenths of Mile  ☐ Meters  ☐ Kilometers

2. DIRECTION
☐ North  ☐ South  ☐ East  ☑ West

3. NAME OF NEAREST INTERSECTING STREET, TOWN LINE OR MILE MARKER
of Exit 17

Accident Occurred:  ☐ On Private Property  ☐ Parking Lot

| TRAFFIC UNIT #1 | ☑ Vehicle  ☐ Pedestrian  ☐ Non-Contact Vehicle | TRAFFIC UNIT #2 | ☑ Vehicle  ☐ Pedestrian  ☐ Non-Contact Vehicle |
|---|---|---|---|

OPERATOR #1 or PEDESTRIAN NAME (Last, First, Middle Initial)
BENNETT GAIL E.

OPERATOR #2 or PEDESTRIAN NAME (Last, First, Middle Initial)
BARTHOLOMAY GWYNN

| ADDRESS (Street Number & Name) | PROPER LICENSE CLASS |
|---|---|
| 34 B ALPINE DR. | ☑ Yes  ☐ No |

| ADDRESS (Street Number & Name) | PROPER LICENSE CLASS |
|---|---|
| 119 GRIFFIN POND RD | ☑ Yes  ☐ No |

| CITY OR TOWN | STATE | ZIP CODE | SEX |
|---|---|---|---|
| WAPPINGERS FALLS | NY | 12590 | ☐ M ☐ F |

| CITY OR TOWN | STATE | ZIP CODE | SEX |
|---|---|---|---|
| CLARKS SUMMIT | PA | 18411 | ☐ M ☐ F |

| OPERATOR LICENSE # | STATE | DATE OF BIRTH Month Day Year |
|---|---|---|
| 611595420 | NY | 12 11 48 |

| OPERATOR LICENSE # | STATE | DATE OF BIRTH Month Day Year |
|---|---|---|
| 23595900 | PA | 12 28 59 |

OWNER'S NAME (Enter SAME if Owner is Operator)
SAME

OWNER'S NAME (Enter SAME if Owner is Operator)
DEMETRO CYNTHIA J.

ADDRESS (Street Number & Name)

ADDRESS (Street Number and Name)
31 BUTTERNUT LANE

| CITY OR TOWN | STATE | ZIP CODE | BODY TYPE |
|---|---|---|---|
| | | | 4D SED |

| CITY OR TOWN | STATE | ZIP CODE | BODY TYPE |
|---|---|---|---|
| VERNON | CT | 06066 | 2DR |

| REGISTRATION # | STATE | VEHICLE YEAR AND MAKE |
|---|---|---|
| FV887M | NY | 2000 NISSAN ALTIMA |

| REGISTRATION # | STATE | VEHICLE YEAR AND MAKE |
|---|---|---|
| MN4762 | CT | 1995 GMC JIMMY |

VEHICLE IDENTIFICATION NUMBER
1W4 0L0 1D54C2 28473

VEHICLE IDENTIFICATION NUMBER
1GKDT13W75251 6950

CARRIER NAME

CARRIER NAME

CARRIER ADDRESS (#, Street, City or Town, State, Zip Code)

CARRIER ADDRESS (#, Street, City or Town, State, Zip Code)

SOURCE OF CARRIER NAME
☐ Shipping Papers/Trip Manifest  ☐ USDOT #
☐ Driver  ☐ Side of Vehicle  ☐ ICCMC #

SOURCE OF CARRIER NAME
☐ Shipping Papers/Trip Manifest  ☐ USDOT #
☐ Driver  ☐ Side of Vehicle  ☐ ICCMC #

| GROSS VEHICLE WEIGHT RATING # | HAZARDOUS MATERIAL PLACARD REQUIRED? ☐ Yes ☐ No 4 Digit # DISPLAYED? ☐ Yes ☐ No 4 Digit # |
|---|---|

| GROSS VEHICLE WEIGHT RATING # | HAZARDOUS MATERIAL PLACARD REQUIRED? ☐ Yes ☐ No 4 Digit # DISPLAYED? ☐ Yes ☐ No 4 Digit # |
|---|---|

HAZARDOUS CARGO RELEASED? ☐ Yes ☐ No
ENFORCEMENT ACTION TAKEN ☐ None
☐ Arrest  ☐ Written Warning  ☐ Verbal Warning

HAZARDOUS CARGO RELEASED? ☐ Yes ☐ No
ENFORCEMENT ACTION TAKEN ☐ None
☐ Arrest  ☐ Written Warning  ☐ Verbal Warning

STATUTE OR ORDINANCE #'S
SUBJECT OF ACTION ☐ Operator ☐ Carrier ☐ Owner ☐ Pedestrian

STATUTE OR ORDINANCE #'S
SUBJECT OF ACTION ☐ Operator ☐ Carrier ☐ Owner ☐ Pedestrian

AUTOMOBILE INSURANCE — NAME — POLICY #
NEW YORK MUTUAL # 7000645

AUTOMOBILE INSURANCE — NAME — POLICY #
TRAVELER'S PROPERTY # 941499259 1011

PARTS OF VEHICLE DAMAGED
REAR BUMPER (PASSENGERS SIDE)

PARTS OF VEHICLE DAMAGED
DAMAGE TO FRONT + REAR BUMPERS

VEHICLE TOWED TO:    ☐ TOWED DUE TO DAMAGE

VEHICLE TOWED TO:    ☐ TOWED DUE TO DAMAGE

| | L. | M. | N. | NAME AND ADDRESS OF EACH INVOLVED PERSON | Date of Birth | | O. | P. | Q. |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | N | 01 | TRAFFIC UNIT #1 OPERATOR OR PEDESTRIAN #1 | | | 4 | 2 | 1 |
| 2 | 2 | N | 01 | TRAFFIC UNIT #2 OPERATOR OR PEDESTRIAN #2 | | | 4 | 2 | 1 |
| 3 | 1 | N | 03 | SLAYTON, DAVID L. 305 CHERRY HILL DR. Poughkeepsie NY | Month 01 Day 29 Year 46 | | 4 | 2 | 1 |
| 4 | | | | | Month Day Year | | | | |
| 5 | | | | | Month Day Year | | | | |
| 6 | | | | | Month Day Year | | | | |
| 7 | | | | | Month Day Year | | | | |
| 8 | | | | | Month Day Year | | | | |

ALL INVOLVED PERSONS



ACCIDENT DIAGRAM   NOT TO SCALE   INDICATE NORTH

METAL
BEAM
GUARDRAIL

I-84 EASTBOUND 1 MILE WEST OF x17
MEDIAN

Page # _____ of _____

A01-128306

E/B, LL   VEH#4   VEH#3   VEH#2   VEH#1

FINAL REST

VEH#4   VEH#3   VEH#2   VEH#1
        AOI#1   AOI#2   AOI#3

E/B, RL

SHOULDER

Exit 17 1 MILE AHEAD SIGN

TRAFFIC UNIT # 1   TRAVELING
☐N ☐S ☑E ☐W ON I-84 E/B 1 MILE WEST OF x17

TRAFFIC UNIT # 2   TRAVELING
☐N ☐S ☑E ☐W ON I-84 E/B 1 MILE WEST OF x17

VEHICLE'S #1, 2, 3, +4 WERE TRAVELING I-84 EASTBOUND (1) ONE MILE WEST
OF EXIT 17 IN THE LEFT LANE OF (2) TWO LANES, WHEN SUDDENLY
VEHICLE #1 (BENNETT) APPLIED THE BRAKES AND CAME TO A COMPLETE
STOP DUE TO THE SLOW ING AND STOPPING TRAFFIC AHEAD.
VEHICLE #2 (BARTHOLOMAY) OBSERVING THIS APPLIED HER BRAKES
AND CAME TO A COMPLETE STOP DUE TO THE STOPPING TRAFFIC
AHEAD. VEHICLE #3 (DAVIES) THEN APPLIED HIS BRAKES AND CAME
TO A COMPLETE STOP DUE TO THE STOPPING TRAFFIC AHEAD OF HIM.
VEHICLE #4 (JINDAL) OBSERVED THE SUDDEN STOPPED TRAFFIC AND
APPLIED HIS BRAKES, ATTEMPTING TO STOP. VEHICLE #4 SKIDDED
leaving Approximately 15 ft OF SKID MARKS AND STRUCK VEHICLE
#3 (AOI #1). THE MOMENTUM OF THE IMPACT, CAUSED VEHICLE #3 TO STRIKE
VEHICLE #2 (AOI #2) CAUSING VEHICLE #2 TO STRIKE VEHICLE
#1 (AOI #3). OPERATOR #1 (BENNETT) STATED THAT SHE WAS TRAVELING
IN THE LEFT LANE, WHEN SHE HAD TO SLOWDOWN, AND STOP FOR THE
TRAFFIC AHEAD OF HER. SHE THEN STATED THAT SHE HAD COME TO A

DAMAGE TO PROPERTY OTHER THAN INVOLVED VEHICLES

1. DESCRIBE THE NATURE AND EXTENT OF PROPERTY DAMAGE

NAME AND ADDRESS OF PROPERTY OWNER

2. DESCRIBE THE NATURE AND EXTENT OF PROPERTY DAMAGE

NAME AND ADDRESS OF PROPERTY OWNER

RANK AND SIGNATURE OF INVESTIGATING OFFICER   #1117
OFFICER ID#   1.117
POLICE AGENCY IDENTIFICATION   CSP-A
REPORT DATE   04/25/01
CASE STATUS   OPEN ☐   CLOSED ☑
SUPERVISOR

GPS READINGS: Latitude:

Time:                   Longitude:

| | |
|---|---|
| DATE OF ACCIDENT Month/Day/Year | 04/20/01 |
| MILITARY TIME | 1835 |

ACCIDENT SEVERITY: ☐ Fatal  ☑ Injury  ☐ PDO

# VEHICLES INVOLVED: 3    PAGE # 3 of 5

**FOR DOT USE ONLY**

POLICE CASE NUMBER: A01-128306

TOWN OR CITY NAME: Middlebury    TOWN CODE: 0181

ACCIDENT OCCURRED ON (Street Name or Route #): I-84 EAST BOUND  at  AT ITS INTERSECTION WITH (Street Name or Route #):

IF NOT AT INTERSECTION
1. MEASURE DISTANCE 10  ☑ Feet  ☑ Tenths of Mile  ☐ Meters  ☐ Kilometers  (✓ Check Appropriate Boxes)

2. DIRECTION  ☐ North  ☐ South  ☐ East  ☑ West

3. NAME OF NEAREST INTERSECTING STREET, TOWN LINE OR MILE MARKER: of EXIT 17

Accident Occurred: ☐ On Private Property  ☐ Parking Lot

---

TRAFFIC UNIT #1  ☑ Vehicle  ☐ Pedestrian  ☐ Non-Contact Vehicle

OPERATOR #1 or PEDESTRIAN NAME (Last, First, Middle Initial): DAVIES, ARTHUR W.

ADDRESS (Street Number & Name): 117 N. LINCOLN AVE
PROPER LICENSE CLASS ☐ Yes ☐ No

CITY OR TOWN: LIVERPOOL  STATE: NY  ZIP CODE: 13088  SEX: ☑ M ☐ F

OPERATOR LICENSE #: 801875928  STATE: NY  DATE OF BIRTH: 04/1/1958

OWNER'S NAME (Enter SAME if Owner is Operator): SAME

ADDRESS (Street Number and Name):

CITY OR TOWN  STATE  ZIP CODE  BODY TYPE: 4DR

REGISTRATION #: X547PL  STATE: NY  VEHICLE YEAR AND MAKE: 1996 Toyota Suburban, GRN

VEHICLE IDENTIFICATION NUMBER: JT3HJ85J470119301

CARRIER NAME:

CARRIER ADDRESS (#, Street, City or Town, State, Zip Code):

SOURCE OF CARRIER NAME ☐ Shipping Papers/Trip Manifest ☐ Driver ☐ Side of Vehicle  ☐ USDOT # ☐ ICCMC #

GROSS VEHICLE WEIGHT RATING #  HAZARDOUS MATERIAL PLACARD REQUIRED? ☐ Yes ☐ No - 4 Digit # DISPLAYED? ☐ Yes ☐ No - 1 Digit #

HAZARDOUS CARGO RELEASED? ☐ Yes ☐ No  ENFORCEMENT ACTION TAKEN ☑ None ☐ Arrest ☐ Written Warning ☐ Verbal Warning

STATUTE OR ORDINANCE #'S  SUBJECT OF ACTION ☐ Operator ☐ Owner ☐ Carrier ☐ Pedestrian

AUTOMOBILE INSURANCE — NAME — POLICY: AMERICAN MANUFACTURERS CU820918

PARTS OF VEHICLE DAMAGED: REAR + FRONT BUMPER, HOOD

VEHICLE TOWED TO:  ☐ TOWED DUE TO DAMAGE

---

TRAFFIC UNIT #2  ☑ Vehicle  ☐ Pedestrian  ☐ Non-Contact Vehicle

OPERATOR #2 or PEDESTRIAN NAME (Last, First, Middle Initial): JINDAL, PAWAN K.

ADDRESS (Street Number & Name): 11 PETERS DR.
PROPER LICENSE CLASS ☐ Yes ☐ No

CITY OR TOWN: WAPPINGERS FALLS  STATE: NY  ZIP CODE: 12590  SEX: ☑ M ☐ F

OPERATOR LICENSE #: 257044194  STATE: NY  DATE OF BIRTH: 08/30/19

OWNER'S NAME (Enter SAME if Owner is Operator): SAME

ADDRESS (Street Number and Name):

CITY OR TOWN  STATE  ZIP CODE  BODY TYPE: 4DR SDN

REGISTRATION #: B401CC  STATE: NY  VEHICLE YEAR AND MAKE: 1993 Toyota CAMRY

VEHICLE IDENTIFICATION NUMBER: 4T1SK12E8PU301244

CARRIER NAME:

CARRIER ADDRESS (#, Street, City or Town, State, Zip Code):

SOURCE OF CARRIER NAME ☐ Shipping Papers/Trip Manifest ☐ Driver ☐ Side of Vehicle  ☐ USDOT # ☐ ICCMC #

GROSS VEHICLE WEIGHT RATING #  HAZARDOUS MATERIAL PLACARD REQUIRED? ☐ Yes ☐ No - 4 Digit # DISPLAYED? ☐ Yes ☐ No - 1 Digit #

HAZARDOUS CARGO RELEASED? ☐ Yes ☐ No  ENFORCEMENT ACTION TAKEN ☑ Arrest ☐ Written Warning ☐ Verbal Warning ☐ None

STATUTE OR ORDINANCE #'S: 14-240  SUBJECT OF ACTION ☐ Operator ☐ Owner ☐ Carrier ☐ Pedestrian

AUTOMOBILE INSURANCE — NAME — POLICY: Liberty Mut INS. A022145#03909

PARTS OF VEHICLE DAMAGED: ENTIRE FRONT END - AIRBAG DEPLOYED

VEHICLE TOWED TO: FORD'S AUTOMOTIVE MIDDLEBURY, CT  ☑ TOWED DUE TO DAMAGE

---

**NAME AND ADDRESS OF EACH INVOLVED PERSON**

| | L. | M. | N. | | Date of Birth | O. | P. | Q. |
|---|---|---|---|---|---|---|---|---|
| 1 | 3 | N | 01 | TRAFFIC UNIT # OPERATOR OR PEDESTRIAN #1 | | 4 | 1 | 1 |
| 2 | 4 | C | 01 | TRAFFIC UNIT # OPERATOR OR PEDESTRIAN #2 | | 4 | 1 | 2 |
| 3 | 4 | O | 03 | JINDAL, ARUNA 11 Peters D. WAPPINGERS FALLS, NY OC P 85442 | | 3 | 1 | 3 |
| 4 | | | | | Month Day Year | | | |
| 5 | | | | | Month Day Year | | | |
| 6 | | | | | Month Day Year | | | |
| 7 | | | | | Month Day Year | | | |
| 8 | | | | | Month Day Year | | | |

ACCIDENT DIAGRAM

Police Case Number

A01-128306

INDICATE NORTH



SEE MAP
PAGE 2

TRAFFIC UNIT # 3  TRAVELING
☐N ☐S ☑E ☐W ON I-84 E/B 1 MILE WEST OF X 17

TRAFFIC UNIT # 4  TRAVELING
☐N ☐S ☑E ☐W ON I-84 E/B 1 MILE WEST OF X 17

COMPLETE STOP. A SECOND OR TWO LATER HER VEHICLE WAS STRUCK BY VEHICLE #2. OPERATOR #2 (BARTHOLOMAY) STATED THAT SHE WAS TRAVELING IN THE LEFT LANE WHEN SHE HAD TO SLOW DOWN AND STOP FOR THE TRAFFIC AHEAD OF HER. OPERATOR #2 ALSO STATED THAT SHE HAD COME TO A COMPLETE STOP BEFORE BEING STRUCK BY VEHICLE #3. OPERATOR #3 (DAVIES) STATED THAT HE WAS TRAVELING IN THE LEFT LANE WHEN HE HAD TO SLOW DOWN AND STOP FOR TRAFFIC AHEAD OF HIM. HE THEN STATED THAT HE HAD COME TO A COMPLETE STOP WHEN HIS VEHICLE WAS STRUCK BY VEHICLE #4. OPERATOR #4 (JINDAL) STATED THAT HE WAS TRAVELING IN THE LEFT LANE WHEN THE VEHICLES IN FRONT OF HIM CAME TO A SUDDEN STOP. OPERATOR #4 STATED THAT HE APPLIED HIS BRAKES AND ATTEMPTED TO STOP BUT COULDN'T CAUSING HIM TO STRIKE VEHICLE #3. THE OCCUPANTS IN VEHICLES 1, 2, & 3 APPEARED TO BE UNINJURED. OPERATOR #4 STATED HE WAS UNINJURED. HOWEVER, HIS PASSENGER, ARUNA JINDAL (DOB OC/18/54) WAS TRANSPORTED BY AMBULANCE TO WATERBURY HOSPITAL FOR COMPLAINTS OF PAIN IN THE

| DAMAGE TO PROPERTY OTHER THAN INVOLVED VEHICLES | 1. DESCRIBE THE NATURE AND EXTENT OF PROPERTY DAMAGE |
|---|---|
| | NAME AND ADDRESS OF PROPERTY OWNER |
| | 2. DESCRIBE THE NATURE AND EXTENT OF PROPERTY DAMAGE |
| | NAME AND ADDRESS OF PROPERTY OWNER |

| RANK AND SIGNATURE OF INVESTIGATING OFFICER | OFFICER ID# | POLICE AGENCY IDENTIFICATION | REPORT DATE | CASE STATUS | SUPERVISORY |
|---|---|---|---|---|---|
| #1117 | H17 | CSP-A | 04/25/01 | OPEN ☐  CLOSED ☐ | |

DEPARTMENT OF PUBLIC SAFETY
DIVISION OF STATE POLICE
DPS-302-C-1 REV. 5/95

CONTINUATION OF INVESTIGATION REPORT

| CASE NUMBER | INCIDENT TYPE | PROSECUTOR'S REPORT |
|---|---|---|
| Ho1-128306 | 4 CAR MVA | ☐ HAS BEEN SENT  ☐ SUPPLEMENTARY  ☐ RE-OPEN  ☐ ASSIST  ☑ CLOSING |

NECK, BACK AND HANDS. DAMAGE TO VEHICLE #1 CONSISTED OF (MINOR) DAMAGE TO THE REAR PASSENGERS SIDE BUMPER. VEHICLE #2 SUSTAINED (MINOR) DAMAGE TO THE FRONT AND REAR BUMPERS. VEHICLE #3 SUSTAINED (MINOR) DAMAGE TO THE HOOD AND FRONT AND REAR BUMPERS. VEHICLE #4 SUSTAINED (HEAVY) FRONT END DAMAGE AND AIRBAG DEPLOYMENT (DRIVERS SIDE) AND WAS THEREFORE TOWED TO FORD'S AUTOMOTIVE, Middlebury, CT.

BASED UPON EVIDENCE AT THE SCENE, DAMAGE TO THE VEHICLES INVOLVED, OPERATOR AND WITNESS STATEMENTS, I CONCLUDE THAT OPERATOR #4 WAS FOLLOWING TOO CLOSELY TO VEHICLE #3, FAILING TO LEAVE A SAFE DISTANCE SO THAT HE MAY REACT IN TIME FOR A SUDDEN STOP. OPERATOR #4, IN APPLYING HIS BRAKES, LEFT APPROXIMATELY 15 FT OF SKID MARKS IN HIS ATTEMPT TO STOP FOR THE VEHICLES AHEAD OF HIM, CAUSING HIM TO STRIKE VEHICLE #3. THEREFORE, OPERATOR #4 (JINDAL) WAS GIVEN AN INFRACTION TICKET FOR FAILURE TO DRIVE A REASONABLE DISTANCE APART §§14-240.

| STATUS OF CASE | 1. ACTIVE  2. CLEARED ARREST | 3. SUSPENDED  4. X-CLEARED | F. FUGITIVE  6. NO CRIMINAL ASPECT | CODE C | AGE OF OLDEST ACCUSED (MUST BE USED WHEN CODE 2 OR 4 IS USED.) | PAGE NUMBER 5 of 5 |
|---|---|---|---|---|---|---|
| SUPERVISOR'S SIGNATURE | | ID NO. 112 | INVESTIGATING TPR'S SIGNATURE TPR | | ID NO. 1117 | DATE OF REPORT 04 / 01 |

MASTER COPY

**EXHIBIT B**

1    Q.    It was renewed on--

2    A.    Correct.

3    Q.    And it purports to have a signature

4    underneath the issue date.  Is that your signature,

5    sir?

6    A.    Yes, that is my signature.

7    Q.    Now, your driver's license says your

8    address is 11 Peters Drive in Wappingers Falls, New

9    York.  Does it not?

10   A.    Yes.

11   Q.    Okay.  Why don't you tell me what that

12   address is?

13   A.    That is an apartment address.  My brother

14   lives there.

15   Q.    11 Peters Drive is an apartment?

16   A.    No.  That is my brother's residence, but I

17   also was putting up there also.

18   Q.    11 Peters Drive in Wappingers Falls, the

19   residence that belongs to your brother?

20   A.    Yes.

21   Q.    What is his name, and spell that, please?

22   A.    Surinder P. Jindal, S-U-R-I-N-D-E-R , P.

23   middle initial, and then Jindal, J-I-N-D-A-L.

24   Q.    And who lives at 11 Peters Drive,

25   Wappingers Falls?

1   anything?

2       A.   Yes.

3       Q.   And by whom are you employed, sir?

4       A.   At this time I'm unemployed.

5       Q.   You're unemployed?

6       A.   Yes, but after this I was working with my

7   brother.

8       Q.   Which brother?

9       A.   Sirindar P. Jindal.

10      Q.   The doctor?

11      A.   Yes.

12      Q.   Okay.  What were you doing?

13      A.   I was administrating his office.

14   Administrative part.

15           ATTORNEY GUENDELSBERGER:  I'm sorry.  Could

16   you read that answer back, please?

17

18                (Whereupon the reporter read

19                 back the previous answer.)

20

21           MR. JINDAL:  I worked in office

22   administrating.

23   BY ATTORNEY GUENDELSBERGER

24      Q.   You were the office administrator?

25      A.   Yes.

1    "same" there, but it is your testimony you were

2    not the owner of that car?  It was owned by your

3    brother Sirindar.  Is that correct?

4        A.    Yes.  At that time the car was in my name,

5    but what's here?  I don't know.

6        Q.    Well, who owned the car at the time of the

7    accident?

8        A.    Sorry?

9        Q.    Did your brother Sirindar own the car at

10   the time of the accident, the 1993 Toyota Camry?

11       A.    Yes.  The same put down.

12       Q.    Would you agree that the entire front end

13   of the car you were driving on April 20, 2001 was

14   damaged, according to the police report?

15       A.    Yeah, quite a bit.

16       Q.    Did your air bag deploy as a result of the

17   accident of April 20, 2001?

18       A.    Yes.

19       Q.    The police report indicates that Aruna

20   Jindal was a passenger in your car at the time of

21   the accident.  Do you agree with that?

22       A.    Yes.

23       Q.    That was your wife?

24       A.    Yes.

25       Q.    You were both traveling to see your son?

**EXHIBIT C**

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

DAVIES, ARTHUR                           :
        Plaintiff                    :
                                      :

V.                                       :         NO. 303 CV 0341 CFD
                                         :
JINDAL, PAWAN K. and AMERICAN            :
MANUFACTURERS MUTUAL                     :
INSURANCE COMPANY                        :         OCTOBER 31, 2003
        Defendants                   :

<u>PLAINTIFF'S MOTION FOR ORDER FOR</u>
<u>DEFENDANT'S DEPOSITION</u>

Pursuant to Connecticut Practice Book §13-27, the plaintiff moves this court to order that

the defendant, Pawan K. Jindal appear for a deposition at the office of plaintiff's attorney,

Guendelsberger & Taylor.  Plaintiff has scheduled the deposition of Pawan K. Jindal on

September 25, 2003 (see attached Exhibit "A"), on November 7, 2003 (see attached Exhibit "B")

and on November 5, 2003 (see attached Exhibit "C").  On each occasion, the defendant Pawan K.

Jindal, through his attorney, has canceled the deposition.

Wherefore, plaintiff request that the Court order the deposition of the defendant Pawan K.

Jindal to take place within 30 days of the ruling on this motion, at the office of the Attorney for

the plaintiff, Guendelsberger & Taylor, located at 28 Park Lane, New Milford, CT.

THE PLAINTIFF
ARTHUR W. DAVIES

By_____
    Robert J. Guendelsberger, for
    Guendelsberger & Taylor
    28 Park Lane
    New Milford, CT 06776
    (860) 354-4444
    Federal Bar No. CT06534

## ORDER

The time of defendant, Pawan K. Jindal's deposition is hereby ORDERED as:

THE COURT,

By:_____
    Judge

-2-

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on October 31, 2003 to all counsel and pro se parties of record, specifically:

John P. Majewski, Esq.
Bai, Pollock & Mulcahey
10 Middle Street
Bridgeport, CT   06604

Edward W. Case, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

_____

Robert J. Guendelsberger

-3-

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVIES, ARTHUR
     Plaintiff

V.                          NO. 303 CV 0341 CFD

JINDAL, PAWAN K. and AMERICAN
MANUFACTURERS MUTUAL
INSURANCE COMPANY                August 5, 2003
     Defendants

## NOTICE OF DEPOSITION

Pursuant to Rule 30 et seq. of the Local Rules of Civil Procedure, the Plaintiff in the

above-captioned action, ARTHUR DAVIES, will take the deposition upon oral examination of

the Defendant, Pawan K. Jindal, 11 Peters Drive, Wappingers Falls, NY 12590 on **Thursday,**

**September 25, 2003 at 10:00 a.m.** at the offices of Guendelsberger & Taylor, 28 Park Lane,

New Milford, CT 06776. The deposition shall be recorded by sound and/or transcription, and

shall take place before Brandon Smith Reporters, or other competent authority. You are invited

to attend and examine the said noticed party.

THE PLAINTIFF
ARTHUR W. DAVIES

By _____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776
(860) 354-4444
Federal Bar No. CT06534

## CERTIFICATION

    This is to certify that a copy of the foregoing was mailed, postage prepaid, on August 7, 2003 to all counsel and pro se parties of record, specifically:

John P. Majewski, Esq.
P.O. Box 187289
Hamden, CT 06518

Edward W. Case, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

                                   By _____
                                       Robert J. Guendelsberger, for
                                       Guendelsberger & Taylor
                                       28 Park Lane
                                         New Milford, CT 06776
                                       (860) 354-4444
                                       Federal Bar No. CT06534

EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DAVIES, ARTHUR                           :
      Plaintiff                :
                              :
V.                                       :      NO. 303 CV 0341 CFD
                              :
JINDAL, PAWAN K. and AMERICAN            :
MANUFACTURERS MUTUAL                     :
INSURANCE COMPANY                        :      September 24, 2003
      Defendants               :

### NOTICE OF DEPOSITION

Pursuant to Rule 30 <u>et seq.</u> of the Local Rules of Civil Procedure, the Plaintiff in the above-captioned action, ARTHUR DAVIES, will take the deposition upon oral examination of the Defendant, Pawan K. Jindal, 11 Peters Drive, Wappingers Falls, NY 12590 on **Friday, November 7, 2003 at 10:00 a.m.** at the offices of Guendelsberger & Taylor, 28 Park Lane, New Milford, CT 06776. The deposition shall be recorded by sound and/or transcription, and shall take place before Niziankiewicz & Miller, or other competent authority. You are invited to attend and examine the said noticed party.

THE PLAINTIFF
ARTHUR W. DAVIES


By_____
    Robert J. Guendelsberger, for
    Guendelsberger & Taylor
    28 Park Lane
    New Milford, CT 06776
    (860) 354-4444
    Federal Bar No. CT06534

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on September 23, 2003 to all counsel and pro se parties of record, specifically:

John P. Majewski, Esq.
P.O. Box 187289
Hamden, CT 06518

Edward W. Case, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033


By_____

     Robert J. Guendelsberger, for
     Guendelsberger & Taylor
     28 Park Lane
     New Milford, CT 06776
     (860) 354-4444
     Federal Bar No. CT06534

EXHIBIT C

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

DAVIES, ARTHUR                            :
      Plaintiff                          :
                             :
V.                                        :        NO. 303 CV 0341 CFD
                             :
JINDAL, PAWAN K. and AMERICAN             :
MANUFACTURERS MUTUAL                      :
INSURANCE COMPANY                         :        OCTOBER 28, 2003
      Defendants                         :

<u>RE- NOTICE OF DEPOSITION</u>

       Pursuant to Rule 30 <u>et seq.</u> of the Local Rules of Civil Procedure, the Plaintiff in the

above-captioned action, ARTHUR DAVIES, will take the deposition upon oral examination of

the Defendant, Pawan K. Jindal, 11 Peters Drive, Wappingers Falls, NY 12590 on **Wednesday,**

**November 5, 2003 at 2:00 p.m.** at the offices of Guendelsberger & Taylor, 28 Park Lane, New

Milford, CT 06776. The deposition shall be recorded by sound and/or transcription, and shall

take place before Niziankiewicz & Miller, or other competent authority. You are invited to

attend and examine the said noticed party.

                            THE PLAINTIFF
                            ARTHUR W. DAVIES

                        By_____
                            Robert J. Guendelsberger, for
                            Guendelsberger & Taylor
                            · 28 Park Lane
                            New Milford, CT 06776
                            (860) 354-4444
                            Federal Bar No. CT06534

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on October 28, 2003 to all counsel and pro se parties of record, specifically:

John P. Majewski, Esq.
P.O. Box 187289
Hamden, CT 06518

Edward W. Case, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

By_____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776
(860) 354-4444
Federal Bar No. CT06534