UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR W. DAVIES | NO: 3:03 CV 0341 (CFD) |
| vs. | |
| PAWAN JINDAL, et al | JULY 16, 2004 |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

BACKGROUND

    The defendant Surinder Jindal moved pursuant to FRCP 12(b)(6) to dismiss the plaintiff's claim against him stated in Count Three of the Amended Complaint for the reason that this claim is barred on the face of the pleadings by the applicable statute of limitations. Surinder Jindal's argument was tightly focused on the requirement of Federal Rule of Civil Procedure 15(c)(3)(B), providing that an amendment to add a new party will relate back to the original pleading only when the party to be brought in by amendment, assuming he had notice of the complaint within 120 days of its filing, also "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

    The plaintiff has now filed his Plaintiff's Objection to Defendant Surinder Jindal's Motion to Dismiss and Memorandum of Law in Support of that Objection. The plaintiff attaches factual exhibits to his Memorandum to support his claims that he made a

mistake and that Surinder Jindal must have been aware of the lawsuit, neither of which issues are presented by Motion. Further, the authorities relied upon in the plaintiff's arguments do not support his position. Surinder Jindal respectfully submits this Reply Memorandum to respond to the plaintiff's improper arguments and attachments.

ARGUMENT

First, the undersigned counsel must respectfully apologize to the court for the inadvertent typographical error on the first page of its original Memorandum misstating the date of the accident. As clearly stated in the Amended Complaint and elsewhere in the defendant's original Memorandum and the plaintiff's opposition memorandum, the accident took place on April 1, 2001, such that service of the Amended Complaint on May 29, 2004 was not within the three year limitation of General Statutes §52-584. Indeed, the plaintiff does not argue otherwise.

Rather, the plaintiff argues only that the Amended Complaint adding Surinder Jindal as a defendant relates back under FRCP 15(c). Despite the defendant's explicit limitation of its argument to the requirement of Rule 15(c)(3)(B) that the defendant have reason to know that the original action was intended to name him; original Memorandum at p. 4; the plaintiff presents arguments and exhibits relating to the other conditions of Rule 15(c). Surinder Jindal respectfully refuses to be drawn into those arguments, which would require factual rebuttal. Moreover, the plaintiff's exhibits do not relate to the one

-2-

issue raised by the Surinder Jindal's Motion. They are irrelevant and should be ignored if not stricken. *See* Van Buskirk v. The New York Times Co., 325 F.3d 87, 92 (2d Cir. 2003)(exhibit ignored where complaint could be dismissed without considering it).

The plaintiff's argument relating to Rule 15(c)(3)(B) is based on two cases. The plaintiff relies upon VKK Corp. v. National Football League, 244 F.3d 144 (2d Cir. 2001), in an attempt to water-down the explicit requirement of the rule and then cites Blaskiewicz v. County of Suffolk, 29 F.Supp. 2d 134 (EDNY 1998), to argue that notice by informal means can meet that watered-down requirement. Both cases are misused.

Although VKK Corp. contains the dicta quoted by the plaintiff, that case does not stand for the proposition that the explicit requirement of Rule 15(c)(3)(B) that the person to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party" has been diluted into a question of prejudice. Rather, in applying this prong of Rule 15(c), the VKK Corp. court did exactly the analysis that the plaintiff avoids here.

> TJI "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" it. Fed.R.Civ.P. 15(c)(3)(B). TJI and TJL had an ongoing relationship. Both were created to accomplish the same goal--bringing an NFL football franchise to Jacksonville, Florida--and in October 1991, TJI transferred some its assets to TJL in order to help accomplish that goal. The president of TJI, David Seldin, was also the president of TJL's corporate general partner. Seldin admitted that he read the original complaint when it was first filed in November 1994 and thus should have known that some of the

-3-

> allegations therein were meant to be directed at TJI. See <u>Advanced Magnetics Inc.</u>, 106 F.3d at 19 (holding that " '[t]he substitution of ... parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based.' ") (quoting <u>Staren v. American Nat'l Bank & Trust Co.</u>, 529 F.2d 1257, 1263 (7th Cir.1976)); <u>Peterson v. Sealed Air Corp.</u>, 902 F.2d 1232, 1237 (7th Cir.1990) (finding that a corporation might receive notice within the meaning of Rule 15(c) if "its president reads about the suit in *The Wall Street Journal* and recognizes that his firm is the right defendant" and that "[a] complaint naming GM that went on and on about the plaintiff's Thunderbird would alert Ford's agent that Ford was the right party."); <u>William H. McGee & Co. v. M/V Ming Plenty</u>, 164 F.R.D. 601, 606 (S.D.N.Y.1995) (holding that "[t]he misidentification of similarly named or related companies is the classic case for application of Rule 15(c) relation back."). Seldin must have recognized that paragraphs 60 and 61 of the complaint did not mean to refer to TJL because, as he testified, TJL "did not even exist in April 1991."

244 F.3d at 128-29. By contrast, there is nothing in the original complaint in this action that could have put Surinder Jindal on notice that he was the intended defendant.

After erroneously limiting Rule 15(c)(3)(B) to a prejudice analysis without reference to the explicit requirements of the Rule, the plaintiff goes on to argue that Surinder Jindal could not be prejudiced because he must have been aware of the accident and the lawsuit. The plaintiff then cites <u>Blaskiewicz v. County of Suffolk</u>, 29 F. Supp.2d 134, 138 (EDNY 1998), for the proposition that notice by "informal means" is sufficient to satisfy Rule 15(c). But the plaintiff's quotation from <u>Blaskiewicz</u> addresses Rule 15(c)(2)(A), requiring that the new party have "received such notice of the institution of the action that the party will not be <u>prejudiced</u> in maintaining a defense on the merits." (emphasis

added). The plaintiff's purported proof of informal notice and prejudice is irrelevant to the distinct requirement of Rule 15(c)(3)(B), which is the only issue raised by the defendant's Motion. <u>Soto v. Brooklyn Correctional Facility</u>, 80 F.3d 34, 35 (2d Cir. 1996) (15(c)(3)(A) deals with prejudice while 15(c)(3)(B) deals with mistake).

In this case, Surinder Jindal had no reason to know that the plaintiff meant for him to be a defendant. There was no inconsistency between the person named and the allegations against that person. The plaintiff makes no argument that Pawan Jindal is not the actual name of the person who did the things alleged in the original complaint. The plaintiff cites no authority for the proposition that Surinder Jindal's supposed knowledge of his potential liability is the equivalent of knowledge that the plaintiff had made a mistake in not naming him as a defendant. Plaintiffs pick and chose which potential defendants to sue all the time. Rule 15(c)(3) permits the correction of a misnomer or misidentification to save an otherwise defective claim, not the relation back of a claim that a new party is liable on a basis not revealed in the original complaint in addition to the viable claim already made against the original defendant.

Conclusion

For the foregoing reasons, the defendant Surinder Jindal respectfully maintains that his Motion to Dismiss should be granted.

                                            THE DEFENDANT
                                            SURRINDER JINDAL


                                            BY_____
                                            Jack G. Steigelfest. (Fed. Bar No. ct05733)
                                            Howard, Kohn, Sprague & FitzGerald
                                            Post Office Box 261798
                                            Hartford, Connecticut  06126-1798
                                            (860) 525-3101


                                            <u>CERTIFICATION</u>

      I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 16th day of July, 2004, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033


                                            _____
                                            Jack G. Steigelfest, Esq.
                                            Howard, Kohn, Sprague & FitzGerald