UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES                    NO: 3:03 CV 0341 (CFD)

vs.

PAWAN JINDAL, et al                 DECEMBER 16, 2004

### OBJECTION TO REQUEST FOR PERMISSION TO AMEND COMPLAINT

The defendant Surinder Jindal respectfully objects to the plaintiff's Request for Permission to Amend Complaint dated December 10, 2004 for the reasons that (1) the Request is based on improper authority, and (2) no amendment relating to this defendant should be permitted until this defendant's Motions to Reverse Order Granting Motion to Cite In and to Dismiss are addressed by the Court.

A memorandum of law in opposition to the plaintiff's Request is appended hereto.

                                     THE DEFENDANT
                                     SURRINDER JINDAL

                                     BY_____
                                     Jack G. Steigelfest. (Fed. Bar No. ct05733)
                                     Howard, Kohn, Sprague & FitzGerald
                                     Post Office Box 261798
                                     Hartford, Connecticut  06126-1798
                                     (860) 525-3101

NO ORAL ARGUMENT IS REQUESTED

## CERTIFICATION

     I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 16th day of December, 2004, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

                                                    Jack G. Steigelfest, Esq.
                                                   Howard, Kohn, Sprague & FitzGerald

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES                                  NO: 3:03 CV 0341 (CFD)

vs.

PAWAN JINDAL, et al                               DECEMBER 16, 2004

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S REQUEST FOR PERMISSION TO AMEND COMPLAINT

### BACKGROUND

The plaintiff instituted this diversity action for money damages on account of bodily injury sustained in an April 1, 2001 motor vehicle accident by initial complaint filed February 26, 2003 and served on the original defendants on March 4, 2003. In the original complaint, Count One was directed to Pawan Jindal based on negligent operation of a motor vehicle.

By Motion dated February 3, 2004 and filed February 5, 2004, the plaintiff sought permission to cite in Surinder Jindal as an additional defendant. That Motion was granted on April 22, 2004 and the Amended Complaint was served on Surinder Jindal on May 29, 2004. See Return of Service (Dkt. No. 33).

Count Three of the Amended Complaint is directed to Surinder Jindal. The plaintiff

-1-

makes no allegations of wrongdoing on the part of Surinder Jindal, but rather incorporates the prior allegations against Pawan Jindal and alleges that Surinder Jindal is liable for Pawan's allegedly negligent conduct on the basis of Connecticut law.

Surinder Jindal responded to the Amended Complaint by filing Motions to Dismiss and to Reverse Order Granting Motion to Cite In, both dated July 2, 2004 and docketed on July 9, 2004. Surinder Jindal argues in those Motions that the claim against him is barred by the applicable statute of limitations and that the Court erroneously added him as a defendant. The plaintiff filed an Objection to the Motion to Dismiss and Surinder Jindal filed a Reply Memorandum. Those Motions remain pending before this court.

The plaintiff has now requested permission to amend the Complaint a second time, this time adding to Paragraph 10 of the Third Count directed to Surinder Jindal an allegation that New York law controls the question of his liability for the negligence of Pawan Jindal. Surinder Jindal respectfully objects to this Request for the reasons that (1) the Request is based on improper authority, and (2) no amendment relating to this defendant should be permitted until this defendant's Motions to Reverse Order Granting Motion to Cite In and to Dismiss are addressed by the Court.

ARGUMENT

Permission to amend a pleading prior to trial is governed by Fed. R. Civ. Pro. 15(a). According to the Rule, "leave shall be freely given when justice so requires."

-2-

However, a court may exercise its discretion to deny amendment based upon the following factors: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *Accord* Jin v. Metropolitan Life Ins. Co., 380 F.3d 84, 101 (2nd Cir. 2002).

The plaintiff's Motion is not based on Fed. R. Civ. Pro. 15(a). Rather, it is explicitly based on Local Rule 15(c). There is no Local Rule 15(c). In the event, the plaintiff intended to rely upon Fed. R. Civ. Pro. 15(c), the authority is still erroneous. Although Fed. R. Civ. Pro. 15(c) controls whether an amendment relates back, that section is not a basis for amending a complaint against an existing defendant. The plaintiff, by citing to the wrong Rule section, creates confusion and the wrongful implication that granting the Request is a decision on the relation back issue.

The relation back issue is already pending before this Court by way of the defendant's Motion to Dismiss and Motion to Reverse Order Granting Motion to Cite In. Those motions address whether any claims can be made against Surinder Jindal. The plaintiff's proposed amendment raising New York law would not alter the analysis of the pending Motions and would be futile in the event the Motions are granted. The Court should address the threshold issues raised by the defendant's Motions prior to

-3-

complicating the pleadings with the plaintiff's proposed amendment.

Conclusion

    For the foregoing reasons, the defendant Surinder Jindal respectfully maintains that the Court should deny the plaintiff's Request for Leave to Amend Complaint.

    THE DEFENDANT
SURRINDER JINDAL

BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut 06126-1798
(860) 525-3101

-4-

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 16th day of December, 2004, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald

-5-