UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES                           NO: 3:03 CV 0341 (CFD)

vs.

PAWAN JINDAL, et al                        MARCH 29, 2005

### DEFENDANT SURINDER JINDAL'S OBJECTION
### TO MOTION FOR RECONSIDERATION/MOTION TO REVERSE
### ORDER GRANTING MOTION TO COMPEL

Having failed to file a Memorandum in Opposition to the Motion to Compel filed by the defendant Surinder Jindal, the plaintiff has now filed an untimely Motion for Reconsideration of this Court's 3/7/05 Order granting the Motion to Compel, which was itself based in part on the plaintiff's failure timely to file objections to the discovery requests underlying the Motion. The plaintiff is not entitled to reconsideration, let alone reversal, of this Court's Order compelling the discovery responses.

BACKGROUND

The plaintiff instituted this diversity action for money damages on account of

1

bodily injury sustained in a motor vehicle accident. Among other claims, the plaintiff alleges that he has sustained a permanent brain injury and physical injuries that has prevented him from continuing with his profession as a physician.

The defendant Surindar Jindal was cited in to this case by service on May 29, 2004, and the undersigned counsel appeared for him on June 25, 2004. By Notice of Interrogatories and Requests for Production dated July 6, 2004 (attached to the Motion to Compel as Exhibit 1), this defendant sought information and documentation relating to the plaintiff's brain injury claim, among other issues in the action. The plaintiff filed a "Request for Extension of Time in Which to Answer Interrogatories" (attached to Motion to Compel as Exhibit 2), in which the plaintiff sought until September 6, 2004 within which to "answer" the Interrogatories and Requests for Production. The defendant did not object, and this Request was granted, absent objection, on July 22, 2004.

September 6, 2004 was a holiday, and the plaintiff's Response to the discovery requests is properly dated September 7, 2004 (attached to Motion to Compel as Exhibit 3). In that Response, however, the plaintiff included objections to Interrogatories No. 1, 2, 4, and 8 and Requests for Production 1, 2, and 4, all relating to the plaintiff's prior medical, psychological and educational history relevant to his brain injury claim. These objections were untimely. In his

2

Memorandum in Support of Plaintiff's Motion for Reconsideration, the plaintiff attempts to gloss over the untimeliness of the objections by presenting his request for additional time to "answer" the discovery requests as if it were a request for an extension of time in which to "respond." Id. at "5" (actually page 2 of the Memorandum). In truth, the plaintiff never requested additional time to object to the defendant's discovery and the time to do so lapsed long before the objections were served.

Although the plaintiff now "wished to stress" that he does not object to the defendant's discovery requests in their entirety, the plaintiff has at no time to date provided any portion of the information or documentation that is the subject of the defendant's Motion to Compel. The discovery responses have been pending for over 8 months; it is only after the court's Order compelling full responses that the plaintiff offers (but does not provide) partial compliance. Compare Fed. R. Civ. P. 33(b)(1)("the objecting party . . . shall answer to the extent the interrogatory is not objectionable"); Fed. R. Civ. P. 34(b)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.").

The Court's Order granting the Motion to Compel was entered on March 7, 2005. The undersigned counsel for the defendant waited the time set forth in

3

D.Conn. L. Civ. R. 37(a)(5), and, when timely compliance was not provided, contacted plaintiff's attorney to demand such compliance. See 3/24/05 Correspondence (attached hereto). Rather than comply or even agree to comply, the plaintiff has filed this untimely Motion for Reconsideration.

ARGUMENT

I.    The Plaintiff Is Not Entitled to Reconsideration

Under D.Conn. L. Civ. R. 7(c), a motion for reconsideration "shall be filed and served within ten (10) days of the filing of the decision or order from which relief is sought . . .." The plaintiff's Motion for Reconsideration in this matter does not comply with this rule, nor does the plaintiff provide any basis for failing to comply. In discussion with plaintiff's counsel, it was suggested that the staff member with responsibility for receiving the court order overlooked it. The defendant is unaware of any adequate basis for excusing compliance with the time limitation for seeking reconsideration.

Moreover, even if the Motion for Reconsideration had been timely filed, the Motion states no adequate basis for reconsideration.

> A motion for reconsideration under Local Rule of Civil Procedure 7(c), D. Conn. L. Civ. R. 7(c), is treated as a motion for amendment of the judgment under F.R. Civ. P. 59(e). City of Hartford v. Chase,

4

> 942 F.2d 130, 133 (2d Cir. 1991). Accordingly, a motion for reconsideration must "adhere to stringent standards." <u>Gold v. Dalkon Shield Claimants Trust</u>, No. 5:82-CV-383 (EBB), 1998 WL 422900 at *2 (D.Conn.1998). The movant must show that the court overlooked matters or controlling decisions which might reasonably have altered the court's result. <u>Schonberger v. Serchuk</u>, 742 F.Supp. 108, 119 (S.D.N.Y.1990). Specifically, "Rule 59(e) recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." <u>Gold</u>, 1998 WL 422900 at *2; *See also*, <u>Doe v. New York City Dep't of Social Services</u>, 709 F.2d 782, 789 (2d. Cir.1983). The application of these standards is intended to prevent "wasteful repetition of arguments already briefed, considered and decided." <u>Schonberger</u>, 742 F.Supp. at 119.

<u>Ryan v. Sullivan, Hill, Lewin, Rez, Engel & LaBazzo</u>, 2005 WL 367836 (D. Conn. 1/25/05).

The plaintiff here does not advance any change in the law, any new evidence or any need to correct a clear error or manifest injustice. The Motion for Reconsideration is apparently based on (1) the plaintiff's own failure to file a Memorandum in Opposition to the Motion to Compel, coupled with (2) the plaintiff's unfounded belief that the court did not read the defendant's Motion before granting it. Under D. Conn. L. Civ. R. 7(a)(1), "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." In the Motion for Reconsideration, the plaintiff does no more than point

5

out what was already before the court as part of the defendant's Motion to Compel. There is nothing in the plaintiff's Motion for Reconsideration that meets the "stringent standard" justifying reconsideration.

    Moreover, the plaintiff's Memorandum fails to meet the requirements for a Memorandum in Opposition to a Motion to Compel, and thus asks the Court to reconsider the issues again without providing the court with the support required by the rules. D. Conn. L, Civ. R. 37(a)(3) requires that each memorandum filed in a discovery dispute, by both sides, contain a specific verbatim listing of each of the items of discovery sought or opposed and immediately following each specification the reason by the item should be allowed or disallowed. "Every memorandum" shall include as exhibits copies of the discovery in dispute. In short, even after his conduct has placed him in the position of filing this untimely and unjustified Motion for Reconsideration, the plaintiff still fails to meet the minimum standards set forth in the rules for consideration of the "merits" of his position. The plaintiff's Motion is improper and should be denied on that basis alone.

II.    The Plaintiff's Arguments to Limit Discovery Have No Merit

    The plaintiff filed no timely objections to the defendant's discovery requests. The Order granting the Motion to Compel is justified on this basis alone, yet the plaintiff wholly fails to address this deficiency. Rather, the plaintiff's papers gloss

6

over it as if it does not exist. In the context of a Motion for Reconsideration, in which the plaintiff must meet strict standards to justify the time and effort of reopening matters that have already been decided, the plaintiff's failure on this issue alone should defeat his Motion for Reconsideration.

As to the merits, the plaintiff seeks to preclude the defendant's discovery of any information relating to the plaintiff's physical or mental health or educational experience prior to the time he entered a Mexican medical school. The plaintiff does not object to the requested discovery on the basis of any privilege. Rather, the basis for this arbitrary limitation, as stated in the Motion for Reconsideration, is that the requested discovery beyond this point would include irrelevant material and is not necessary, from the plaintiff's perspective, for the defendant to establish a portrait of the plaintiff's educational achievement.

The plaintiff in this action claims to have suffered, among other things, a brain injury that has affected his mental functioning to the point of preventing him from continuing his profession as a physician, resulting in substantial losses he seeks to recover from the defendants. He provides the report of a "neuropsychologist" to opine as to the effects of this accident on his functioning. The defendant is entitled to investigate his level of functioning and any abnormalities in it prior to the accident in order to determine the validity of his

claim and its relationship to this accident. The request is not overly burdensome. The plaintiff need only provide whatever documentation he has and provide authorizations for and identification of institutions and treaters from which additional documents can be obtained. The plaintiff's attempt to limit discovery to potentially Spanish-language records of his post-graduate work is arbitrary and unjustified.

There should be no assumption that because the plaintiff was a physician the defendant's inquiries into his history are unjustified. The plaintiff was not particularly high-functioning in the medical field. He worked per diem in hospital emergency rooms and was working less and less at that profession as he moved off into side businesses of questionable economic benefit. There was apparently a long gap between his enrollment in a foreign medical school and his employment as a physician. Records of his early educational experience, testing and treatment may well provide insight into the ability and functioning. In short, there are substantial questions that the defendant must investigate and no substantive basis for limiting the defendant's inquiry.

To the extent the court wishes to address the particular questions and objections, the defendant respectfully incorporates its Memorandum in Support of Motion to Compel and the arguments recited therein.

CONCLUSION

For the foregoing reasons, the defendant Surinder Jindal respectfully requests that the Court deny the plaintiff's Motion for Reconsideration/Motion to Reverse Order Granting Defendant Surinder Jindal's Motion to Compel.

THE DEFENDANT
SURINDER JINDAL

BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 29th day of March, 2005, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald