UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES                                    NO: 3:03 CV 0341 (CFD)

vs.

PAWAN JINDAL, et al                                 DECEMBER 17, 2004

## MOTION TO COMPEL

Pursuant to Fed. R. Civ. Pro. 37(a) and Local Rule 37, the defendant Surinder Jindal respectfully moves for an order compelling the plaintiff to provide responses to the defendant's Interrogatories and Requests for Production dated July 6, 2004, together with such sanctions as the court may find appropriate.

A memorandum of law in support of this motion is appended hereto.

THE DEFENDANT
SURRINDER JINDAL


BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101

NO ORAL ARGUMENT REQUESTED

## CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 17th day of December, 2004, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

                                                                             _____
                                                                             Jack G. Steigelfest, Esq.
                                                                             Howard, Kohn, Sprague & FitzGerald

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR W. DAVIES | NO: 3:03 CV 0341 (CFD) |
| vs. | |
| PAWAN JINDAL, et al | December 17, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

BACKGROUND

    The plaintiff instituted this diversity action for money damages on account of bodily injury sustained in a motor vehicle accident. Among other claims, the plaintiff alleges that he has sustained a permanent brain injury that has prevented him from continuing with his profession as a physician.

    The defendant Surindar Jindal was cited in to this case by service on May 29, 2004, and the undersigned counsel appeared for him on June 25, 2004. By Notice of Interrogatories and Requests for Production dated July 6, 2004 (attached hereto as Exhibit 1), this defendant sought information and documentation relating to the plaintiff's brain injury claim, among other issues in the action. The plaintiff filed a "Request for Extension of Time in Which to Answer Interrogatories" (attached hereto as Exhibit 2), in which the plaintiff sought until September 6, 2004 within which to "answer" the

-1-

Interrogatories and Requests for Production. The defendant did not object, and this Request was granted, absent objection, on July 22, 2004.

September 6, 2004 was a holiday, and the plaintiff's Response to the discovery requests is properly dated September 7, 2004 (attached as Exhibit 3). In that Response, however, the plaintiff includes objections to Interrogatories No. 1, 2, 4, and 8 and Requests for Production 1, 2, and 4, all relating to the plaintiff's prior medical, psychological and educational history relevant to his brain injury claim. The plaintiff never requested additional time to object to the defendant's discovery and objections are untimely.

Counsel discussed the plaintiff's objections to the discovery requests in detail, as well as the plaintiff's insufficient response to Interrogatory No. 5 and Production Request No. 4 seeking details and documentation regarding the plaintiff's disability insurance claim, at the office of the plaintiff's attorney on October 30, 2004. At that time, counsel attempted to reach agreement regarding the outstanding discovery issues, but plaintiff's counsel needed to consult with the plaintiff. When no further communication was received from plaintiff's counsel in follow-up to that meeting, defense counsel send a letter dated November 30, 2004 (attached as Exhibit 4). Defense counsel also discussed the absence of any communication regarding this discovery dispute with an associate at the office of plaintiff's counsel on December 6, 2004. Yet, plaintiff's counsel has not

provided any further communication regarding potential resolution of this discovery dispute. Despite good faith efforts, the parties have not been able to resolve the discovery issues, as documented in the appended Affidavit of counsel (attached hereto as Exhibit 5).

ARGUMENT

The plaintiff claims to have suffered a brain injury that has prevented him from continuing his profession as a physician, resulting in substantial losses he seeks to recover from the defendants. The defendant Surinder Jindal filed discovery requests directed toward his prior physical and mental health, as well as his educational history, all relevant to his present claims. The plaintiff did not timely object to these requests, but rather filed untimely objections and refuses to provide the answers and documents sought. The objections should be overruled in their entirety as untimely and the plaintiff compelled to respond.

In the event the Court wishes to inquire into the substance of the requests and objections, the defendant provides the following breakdown:

Mental Health Questions

The defendant propounded the following Interrogatories and Request for Production directed to the plaintiff's prior mental and cognitive functioning, evaluation and treatment, eliciting the objections detailed below:

-3-

Interrogatory 1.   Please identify every neuropsychologist, psychologist, counselor, psychiatrist, master of social work or similar professional who has ever examined, counseled or treated the plaintiff and the date of each treatment, counseling session or examination.

**ANSWER**: The Plaintiff objects to this interrogatory on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information that far exceeds the scope of relevant information.  The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence.  As propounded, this interrogatory requests responses spanning forty-six years and, if properly responded to, would include such irrelevant information as the Plaintiff's high school guidance counselor and any counseling he might have received as a child.  Subject to and without waiving the foregoing , the Plaintiff was examined by John Ehrenriech, Ph.D., 19 Holiday Point Road, Sherman, CT 06784 in February 2003.

Interrogatory 4.   Other than tests which have been conducted by experts who have been retained in anticipation of litigation, for every test of intelligence, behavior, or cognitive development that has been conducted on the plaintiff including but not limited to visual/motor performance, auditory/memory performance, speech/language ability, intelligent quotient, standardized scholastic achievement, assessment or aptitude tests, please identify the person who conducted the test, the test itself and the results of the test.

**ANSWER**:    The Plaintiff objects to this interrogatory on the grounds that it it is overly broad in both time and scope, burdensome, and uses language that requires a search for information that far exceeds the scope of relevant information.  The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence.  As propounded, this interrogatory requires information regardiing every quiz, test, final exam, paper, writing assignment, report card or vocational test undertaken or performed by the Plaintiff from Kindergarten to the date of the accident.  To fully answer this interrogatory as currently written, the Plaintiff would also be required to produce medical records since birth in order to document every routine physical, eye exam, and diagnostic test since the Plaintiff was born in 1958.

-4-

>   Request for Production 2.  Produce copies of or execute authorizations to obtain all tests administered to or taken by the plaintiff from birth to the present involving intellectual, educational, behavioral, psychological neuropsychological, fine and gross motor developmental skills, intelligence, behavior or cognitive development, including but not limited to the results, evaluations, conclusions, opinions, reports, and recommendations made as a result of any such tests.
>
>   **ANSWER**:    The Plaintiff objects to this request for production on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information (or authorization for information) that far exceeds the scope of relevant information.  The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence.  As propounded, this request for production requires information regarding every quiz, test, final exam, paper, writing assignment report card or vocational test undertaken or performed by the Plaintiff from Kindergarten to the date of the accident, To fully comply with this request for production as currently written, the Plaintiff would also be required to produce medical records since birth in order to document every routine physical, eye exam, and diagnostic test since the Plaintiff was born in 1958.

In response to the inquiries, the plaintiff provided no information or documentation of his history prior to the subject accident. It is noteworthy that the plaintiff did not object to providing the information and documentation on the basis of any privilege. Rather, the plaintiff claims that the information and documentation sought is overbroad, burdensome and not relevant or likely to lead to the discovery of admissible evidence. The plaintiff's objection has no merit. Although it may take some effort to collect any prior testing or assessment of the plaintiff, that effort is well justified given the nature and extent of the plaintiff's injury claims.

Education Questions

The defendant propounded the following Interrogatory and Request for Production directed to the plaintiff's prior education history, eliciting the objections detailed below:

> Interrogatory 2.   Please provide the plaintiff's complete educational history, including the names and addresses of all schools attended and the dates of attendance.

**ANSWER**:   The Plaintiff objects to this interrogatory on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information that far exceeds the scope of relevant information.  The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence.  As propounded, this interrogatory requests educational information dating back to the Plaintiff's admission to kindergarten in the early 1960's.  Such information is wholly irrelevant to the damages and losses in the instant matter.  Subject to and without waiving the foregoing, the Plaintiff attended the University of Guadalajara in Mexico graduating in 1981 and New York Medical College in 1991.

> Production Request 4.  Produce copies of or execute authorizations to obtain all records of the plaintiff from any school, special education program, or other educational facility, including but not limited to report cards, reports, test results, standardized test results, achievement scores, evaluations, and teacher progress notes.

**ANSWER**:  The Plaintiff objects to this request for production on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information (or authorization for information) that far exceeds the scope of relevant information.  The question seeks information that is neither admissible not likely to lead to the discovery of admissible evidence.  As propounded, this request for production requires information regarding every quiz, test, final exam, paper, writing assignment, report card or vocational test undertaken or performed by the Plaintiff from Kindergarten to the date of the accident.  To fully comply with this request for production as currently written, the Plaintiff would also be required to produce medical records since birth in order to document every routine physical, eye exam, and diagnostic test since the Plaintiff was born in 1958.

-6-

The plaintiff's substantive response is limited to the fact that he attended the University of Guadalajara in Mexico in 1981 and New York Medical College in 1991. The plaintiff refuses to provide any information or documentation regarding his educational history, not on the basis of any privilege, but again because to do so would be broad, burdensome and would exceed the scope of permissible discovery. Respectfully, in light of the plaintiff' brain injury claims, information relating to his educational history and experience, shedding light on his prior level of functioning and accomplishment, is directly relevant to the issues in the case and critical to an evaluation of the damage claims. It is not burdensome for the plaintiff to identify all educational institutions he attended and provide authorizations to obtain any records of such institutions. The plaintiff's objections are without merit.

Medical Questions

The defendant propounded the following Interrogatory and Request for Production directed to the plaintiff's prior medical history, eliciting the objections detailed below:

> Interrogatory 8.    Please identify all doctors and medical establishments who examined the plaintiff in a 10 year period prior to the accident referenced in the complaint and the dates of such examinations.
>
> ANSWER:    The Plaintiff objects to this interrogatory on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information that far exceeds the scope of relevant information.  The question seeks information that is neither admissible nor likely to lead to the discovery of

-7-

admissible evidence. Specifically, the Plaintiff objects to the ten-year scope of this request as well as the request for medical information which has no relation to the injuries claimed in the instant lawsuit.

>Request for Production 1. Produce copies of or execute authorizations to obtain all medical records, hospital records, diagnostic films or other test results, reports of all doctors and health care providers, or reports or other documents reflecting the examination, testing, diagnosis or treatment of the plaintiff, for any medical examinations, treatment for injuries, illnesses, accidents or operations for the last 10 years to the present

>**ANSWER**: The Plaintiff objects to this request for production on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for (or authorization for) information that far exceeds the scope of relevant information. The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence. Specifically, the Plaintiff objects to the ten-year scope of this request as well as the request for medical information which has no relation to the injuries claimed in the instant lawsuit.

The plaintiff is claiming a brain injury that has left him disabled and unable to return to his employment as a physician. There are physical conditions or occurrences that could account for the plaintiff's claimed symptoms and any prior limitation on the part of the plaintiff would be relevant in light of his current claims. Again, the plaintiff does not claim any privilege, but rather claims that the 10 years scope of the inquiry is overbroad, burdensome and not likely to lead to the discovery of admissible evidence. The objections raised by the plaintiff are invalid. The information and documentation should be provided.

Disability Claim Questions

The defendant propounded the following Interrogatory and Request for Production directed to the plaintiff's disability insurance claim, eliciting the response detailed below:

>Interrogatory 5. If the plaintiff or anyone on his/her behalf has ever made any claim for or received any health or accident insurance benefits, private disability plan benefits, social security benefits or state or federal benefits for any disability or medical condition resulting from the accident, please identify the company or agency, all documents relating to the claim or receipt of benefits and the amounts of any benefits received.
>
>**ANSWER**: My automobile insurance policy with Kemper Insurance paid wages of $2,000 per month from May 2001 until June of 2002. I have a disability plan with Northwester Mutual Life Insurance which now pays $8,751.00 per month.
>
>Request for Production 5. All documents comprising or reflecting any claim or receipt of benefits referred to in response to Interrogatory No. 5.
>
>**ANSWER**: See attached Northwest Mutual Insurance Policy.

Although the plaintiff did not object to the inquiries regarding disability claims, neither did he provide complete responses. The plaintiff produced only the disability policy and the amount of monthly payments. The inquiries asked the plaintiff to identify all documents relating to the claim or receipt of benefits and to produce such documents. The plaintiff's response is incomplete and inadequate and the plaintiff should be ordered to provide a complete response including the files of the disability carrier, including any application and other documentation considered in approving benefits.

CONCLUSION

For the foregoing reasons, the defendant Surinder Jindal respectfully requests that the Court enter an order compelling the plaintiff to respond to the Interrogatories and Requests for Production listed above, as well as any sanction deemed appropriate by the Court.

THE DEFENDANT
SURINDER JINDAL

BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101

## CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 17th day of December, 2004, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

                                                  _____
                                                  Jack G. Steigelfest, Esq.
                                                  Howard, Kohn, Sprague & FitzGerald

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES                    NO: 3:03 CV 0341 (CFD)

vs.

PAWAN JINDAL, et al                 DECEMBER 17, 2004

### AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

1. I am over the age of eighteen years and believe in the obligations of an oath.

2. I am counsel for the defendant Surinder Jindal in the captioned matter.

3. I caused Interrogatories and Requests for Production to be served on the plaintiff on or about July 6, 2004, a copy of which are attached to the Motion to Compel as Exhibit 1.

4. I received the plaintiff's Request for Extension of Time In Which to Answer Interrogatories, a copy of which is attached to the Motion to Compel as Exhibit 2. This Request does not seek additional time to file objections to the discovery requests and I did not interpret it as seeking additional time to object.

5. On September 10, 2004, my office received the plaintiff's responses to the Interrogatories and Requests for Production dated September 7, 2004. A copy of these

-12-

responses is attaches to the Motion to Compel as Exhibit 3. These responses contain objections to several Interrogatories and Requests for Production.

6. I discussed the plaintiff's responses and objections with plaintiff's counsel and his associate at his office in New Milford on October 30, 2004. We discussed potential compromise of the discovery requests, but reached no final agreement because plaintiff's counsel needed to speak to his client. I was supposed to hear from the plaintiff's attorney after he had a chance to do that.

7. When I did not hear from plaintiff's counsel, I sent him a letter dated November 30, 2004, a copy of which is attached to the Motion to Compel as Exhibit 4, reminding him of our conversation and informing him that I would pursue the discovery requests if I did not hear from him within two weeks.

8. I had occasion to speak with the associate of plaintiff's counsel on December 6, 2004 at the state court house in Litchfield. I reminded him of this outstanding discovery dispute and my intention of filing the Motion to Compel if I did not hear from his office.

9. I have not heard from plaintiff's office with regard to any resolution of my discovery requests.

10. Despite good faith efforts to reach agreement regarding the issues raised in the Motion to Compel without the intervention of the Court, I have been unable to reach

such an agreement.

        THE DEFENDANT
        SURINDER JINDAL


        BY_____
        Jack G. Steigelfest, Esq.
        Howard, Kohn, Sprague & FitzGerald
        Post Office Box 261798
        Hartford, Connecticut 06126-1798
        (860)525-3101 Juris No.  28160


STATE OF CONNECTICUT  )
                              ) ss.: _____, Connecticut, December ___, 2004
COUNTY OF _____  )

    Personally appeared before me _____, _____ of Surinder Jindal who made oath to the truth of the matters contained in the above statement.


        _____
        Notary Public
        My Commission Expires:_____

-2-

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 17th day of December, 2004, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald