

Slip Copy
2005 WL 367836 (D.Conn.)
**(Cite as: 2005 WL 367836 (D.Conn.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Laureen M. RYAN, Trustee Chapter 11 Trustee of
the Estate of Raymark
Industries, Inc., Plaintiff,
v.
SULLIVAN, HILL, LEWIN, REZ, ENGEL AND
LABAZZO, et al., Defendants.
**No. 3-00-CV-1854(DJS).**

Jan. 25, 2005.

James C. Graham, Pepe & Hazard, Hartford, CT, Kristin B. Mayhew, Pepe & Hazard, Southport, CT, for Plaintiff.

U.S. Bankruptcy Court, U.S. Bankruptcy Court Clerk's Office, Eric M. Gross, Green & Gross, P.C., Bridgeport, CT, Alan Robert Baker, Raymond C. Bliss, William J. O'Sullivan, Denise R. Polivy, Baker O'Sullivan & Bliss PC, Wethersfield, CT, Niclas A. Ferland, Tyler, Cooper & Alcorn, New Haven, CT, George J. Marcus, Pierce, Atwood, Et Al, Portland, ME, Dominic Fulco, III, Reid & Riege, P.C., Craig S. Taschner, Polivy & Taschner, Hartford, CT, Thomas D. Goldberg, Day, Berry & Howard, Stamford, CT, for Defendants.

*MEMORANDUM OF DECISION*

SQUATRITO, J.

*1 Defendants Sullivan, Hill, Lewis, Rez, Engel & LaBazzo ("Sullivan"), Nelson Mullins Riley & Scarborough L.L.P. ("Nelson"), and The Tom Riley Law Firm, PLC ("Riley") have moved this court to reconsider its ruling denying defendants' motion to dismiss [doc. # 13]. Defendants raise two grounds for reconsideration. First, they claim that the court failed to properly consider the effect of 11 U.S.C. § 550-551 when interpreting 11 U.S.C. § 544(b) in the ruling dated October 14, 2004. Second, defendants assert that this court misconstrued relevant Supreme Court precedent when it held that *Hirsch v. Marinelli,* 168 B.R. 506, 510-511 (Bnkr.D.Conn.1994), and by extension *Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972), should not control the interpretation of § 544(b). Plaintiff Laureen M. Ryan, ("Trustee") Trustee of the Chapter 11 bankruptcy estate of Raymark Industries, Inc., ("Raymark"), opposes the pending motion. The motion for reconsideration [doc. # 39] is DENIED for the following reasons.

*STANDARD OF REVIEW*

A motion for reconsideration under Local Rule of Civil Procedure 7(c), D.Conn. L. Civ. R. 7(c), [FN1] is treated as a motion for amendment of the judgment under Fed.R.Civ.P. 59(e). *City of Hartford v. Chase,* 942 F.2d 130, 133 (2d Cir.1991) Accordingly, a motion for reconsideration must "adhere to stringent standards." *Gold v. Dalkon Shield Claimants Trust,* No. 5:82-CV-383 (EBB), 1998 WL 422900 at *2 (D.Conn.1998). The movant must show that the court overlooked matters or controlling decisions which might reasonably have altered the court's result. *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y.1990). Specifically, "Rule 59(e) recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." *Gold,* 1998 WL 422900 at *2; *See also, Doe v. New York City Dep't of Social Services,* 709 F.2d 782, 789 (2d. Cir.1983). The application of these standards is intended to prevent "wasteful repetition of arguments already briefed, considered and decided." *Schonberger,* 742 F.Supp. at 119.

> FN1. Rule 7(c) was formerly codified as D.Conn.L.Civ.R. 9(e). The rule reads: "1. Motions for reconsideration shall be filed and served within ten (10) days of the filing of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2005 WL 367836 (D.Conn.)
**(Cite as: 2005 WL 367836 (D.Conn.))**

Page 2

decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

## BACKGROUND

The parties to this case, at the behest of the court, filed cross-motions for summary judgment on the status of the $25,000,000 recovered by Raymark from the Connecticut Insurance Guaranty Association ("CIGA") and subsequently distributed, in part, to the defendants. The pool of money at issue is referred to by the parties as the CIGA Fund ("the Fund"). The defendants also moved to dismiss the entire case for lack of standing, alleging that § 544(b) of the Bankruptcy Code does not permit the Trustee to bring the present action. The court denied defendants' motion and granted summary judgment to the plaintiff, holding that the CIGA Fund was not a trust, but was property of the bankruptcy estate pursuant to 11 U.S.C. § 541 and thus recoverable. The court also held that § 544(b) does not bar standing for the Trustee in this action.

## DISCUSSION

*2 Defendants claim that the court misconstrued the law, both case law and statutory law, as it relates to the issue of standing. The court has reviewed the arguments for reconsideration and finds them to have no merit. Each contention will be addressed in turn.

First, defendants argue that the court did not properly consider the context of § 544(b) and the interrelation of that provision with §§ 550-551 of the code. The court did not explicitly analyze the interplay of these provisions because such analysis was unnecessary. There is nothing in the text of either section that would lead the court to a different reading of § 544(b).

Section 550 limits recovery under § 544 to only property that is "for the benefit of the estate." Section 551 limits preservation of a transfer avoided under § 544 to only recovered property that is "property of the estate." The court explicitly held in its October 14, 2004 ruling that the CIGA Fund was property of the estate. Thus, the CIGA Fund may be recovered by the Trustee under § 544(b) in full harmony with the requirements of §§ 550-551. There is no basis in either provision for a holding that the Trustee lacks standing in this action.

Second, defendants assert that the court's reading of *Caplin* and *Marinelli* is untenable. [FN2] This is simply not the case. The court explained quite clearly that *Caplin* and all of its progeny address situations where the bankruptcy estate is attempting to bring, on behalf of a creditor, a cause of action that is personal to an individual creditor or a sub-class of creditors. The trustee cannot have standing to bring a claim that the estate does not possess; or one that seeks to recover property in which the estate has no interest. No such claim is involved in the present action. Here, the Trustee seeks to bring, on behalf of all unsecured creditors, a state-law claim for avoidance, as permitted by § 544(b). The debtor has an interest in the property and there exists at least one unsecured creditor who could avoid the action pursuant to state law. The requirements of § 544(b) are satisfied and the Trustee has standing. [FN3]

> FN2. The court notes that its reading of *Caplin* has been echoed in numerous cases, including: *In Re Latin Inv. Corp.,* 168 B.R. 1, 4 (Bnkr.D.Colo.1993); *PHP Liquidating, LLC v. Robbins,* 291 B.R. 592, 599 (D.Del.2003); *In Re Agribiotech, Inc.,* 319 B.R. 207, 2004 WL 3080128, * 4-6 (D.Nev. Dec.8, 2004).

> FN3. "[A] trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is avoidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." 11 U.S.C. § 544(b)

Ultimately, the defendants' arguments presume the CIGA Fund is limited in its distribution to only a class of creditors. The court has previously held that this assumption is in error-the CIGA Fund is part of the debtor's estate under § 541 and subject to distribution accordingly if it is eventually found to be recoverable

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2005 WL 367836 (D.Conn.)
**(Cite as: 2005 WL 367836 (D.Conn.))**

Page 3

under Connecticut law and the Bankruptcy Code. The Trustee has standing to recover property of the debtor's estate, and the CIGA Fund is such property.

*CONCLUSION*

Defendants' motion for reconsideration is DENIED. Defendants have offered the court no controlling change in the law and no new facts that require this court to alter its prior ruling. Further, defendants have not presented any manifest error of law or fact that leads this court to a different result than it reached in the decision issued October 14, 2004.

**\*3** IT IS SO ORDERED.

2005 WL 367836 (D.Conn.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.