UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVIES, ARTHUR | : | |
|     Plaintiff | : | |
| | : | |
| V. | : | NO. 303 CV 0341 CFD |
| | : | |
| JINDAL, PAWAN K., AMERICAN | : | |
| MANUFACTURERS MUTUAL | : | |
| INSURANCE COMPANY and | : | |
| SURINDER JINDAL | : | SEPTEMBER 7, 2004 |
|     Defendants | : | |

NOTICE

Pursuant to Section 13-7 et seq. of the Connecticut Practice Book, as amended, the Plaintiff, ARTHUR DAVIES, hereby certifies that he has responded to all of the Interrogatories and Requests for Production of the defendant dated July 6, 2004.

ARTHUR W. DAVIES

By _____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776
(860) 354-4444
Federal Bar No. CT06534

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on September 7, 2004 to all counsel and pro se parties of record, specifically:

Edward W. Case, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & Fitzgerald
P.O. Box 261798
Hartford, CT 06126

By _____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776
(860) 354-4444
Federal Bar No. CT06534

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR W. DAVIES | : | CIVIL ACTION NO.: |
| | : | 303 CV 0341 (CFD) |
| V. | : | |
| PAWAN K. JINDAL & SURINDER JINDAL | : | SEPTEMBER 7, 2004 |

## NOTICE OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

1. Please identify every neuropsychologist, psychologist, counselor, psychiatrist, master of social work or similar professional who has ever examined, counseled or treated the plaintiff and the date of each treatment, counseling session or examination.

**ANSWER:** The Plaintiff objects to this interrogatory on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information that far exceeds the scope of relevant information. The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence. As propounded, this interrogatory requests responses spanning forty-six years and, if properly responded to, would include such irrelevant information as the Plaintiff's high school guidance counselor and any counseling he might have received as a child. Subject to and without waiving the foregoing, the Plaintiff was examined by John Ehrenriech, Ph.D., 19 Holiday Point Road, Sherman, CT  06784 in February 2003.

2. Please provide the plaintiff's complete educational history, including the names and addresses of all schools attended and the dates of attendance.

**ANSWER:** The Plaintiff objects to this interrogatory on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information that far exceeds the scope of relevant information. The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence. As propounded, this interrogatory requests educational information dating back to the Plaintiff's admission to kindergarten in the early 1960's. Such information is wholly irrelevant to the damages and losses in the instant matter. Subject to and without waiving the foregoing, the Plaintiff attended the University of Guadalajara in Mexico graduating in 1981 and New York Medical College in 1991.

3. Please identify by dates, educational establishment and subject matter any remedial education or special education classes or developmental programs attended by the plaintiff while in school.

**ANSWER:** None

4. Other than tests which have been conducted by experts who have been retained in anticipation of litigation, for every test of intelligence, behavior, or cognitive development that has been conducted on the plaintiff including but not limited to visual/motor performance, auditory/memory performance, speech/language ability, intelligent quotient, standardized scholastic achievement, assessment or aptitude tests, please identify the person who conducted the test, the test itself and the results of the test.

**ANSWER:** The Plaintiff objects to this interrogatory on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information that far exceeds the scope of relevant information. The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence. As propounded, this interrogatory requires information regarding every quiz, test, final exam, paper, writing assignment, report card or vocational test undertaken or performed by the Plaintiff from Kindergarten to the date of the accident. To fully answer this interrogatory as currently written, the Plaintiff would also be required to produce medical records since birth in order to document every routine physical, eye exam, and diagnostic test since the Plaintiff was born in 1958.

5. If the plaintiff or anyone on his/her behalf has ever made any claim for or received any health or accident insurance benefits, private disability plan benefits, social security benefits or state or federal benefits for any disability or medical condition resulting from the accident, please identify the company or agency, all documents relating to the claim or receipt of benefits and the amounts of any benefits received.

**ANSWER:** My automobile insurance policy with Kemper Insurance paid wages of $2,000 per month from May 2001 until June of 2002. I have a disability plan with Northwestern Mutual Life Insurance which now pays $8,751.00 per month.

6. List each and every item of damage or expense which is claimed to have been incurred as a result of the occurrence alleged in the Complaint, including the amount of each item and the name and address of each person or entity to whom each item has been paid or is payable.

**ANSWER:** My no-fault insurance with Kemper has paid my medical bills up until April 2004. See attached listing. Further, the Plaintiff states that his investigation into this matter is ongoing, and therefore, reserves the right to supplement this answer as appropriate.

    7.    Describe in detail all out-of-pocket expenses claimed to have been suffered as a result of the incident alleged in the Complaint including, but not limited to, hospital charges, and medical charges and expenditures for medicines, identifying the person to whom paid, the date of payment and the amount paid.

**ANSWER:** I have incurred bills from Dr. Goldstein since April of 2004. See attached statement. This expense will be monthly as long as I am receive disability payments from Northwest Mutual. so, I purchased a home gym in the amount of $463.00 (see attached receipt for "squat rack") Further, the Plaintiff states that his investigation into this matter is ongoing, and therefore, reserves the right to supplement this answer as appropriate

    8.    Please identify all doctors and medical establishments who examined the plaintiff in a 10 year period prior to the accident referenced in the complaint and the dates of such examinations.

**ANSWER:** The Plaintiff objects to this interrogatory on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information that far exceeds the scope of relevant information. The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence. Specifically, the Plaintiff objects to the ten-year scope of this request as well as the request for medical information which has no relation to the injuries claimed in the instant lawsuit.

9. Please identify all employers of the plaintiff, whether the plaintiff was employed as an employee or as an independent contractor, for the 10 year period prior to the accident referenced in the Complaint and the dates of such employment.

**ANSWER:** Worked as an independent contractor for Healthcare, St. Louis, Missouri from approximately 1999 through April 2001. Worked for MedExcel, New Windsor, New York from approximately 1998 to 1999. Worked for St. Raphel's Hospital in New Haven from approximately 1996 through 1998. I was a medical resident at New York Health & Hospital Corporation from 1993 through 1996. I was in medical school in 1991 and 1992.

## DEFENDANT'S REQUEST FOR PRODUCTION

1. Produce copies of or execute authorizations to obtain all medical records, hospital records, diagnostic films or other test results, reports of all doctors and health care providers, or reports or other documents reflecting the examination, testing, diagnosis or treatment of the plaintiff, for any medical examinations, treatment for injuries, illnesses, accidents or operations for the last 10 years to the present.

**ANSWER:** The Plaintiff objects to this request for production on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for (or authorization for) information that far exceeds the scope of relevant information. The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence. Specifically, the Plaintiff objects to the ten-year scope of this request as well as the request for medical information which has no relation to the injuries claimed in the instant lawsuit.

2. Produce copies of or execute authorizations to obtain all tests administered to or taken by the plaintiff from birth to the present involving intellectual, educational, behavioral, psychological, neuropsychological, fine and gross motor developmental skills, intelligence, behavior or cognitive development, including but not limited to the results, evaluations, conclusions, opinions, reports, and recommendations made as a result of any such tests.

**ANSWER:** The Plaintiff objects to this request for production on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information (or authorization for information) that far exceeds the scope of relevant information. The question seeks information that is neither admissible nor likely to lead to the discovery of admissible evidence. As propounded, this request for production requires information regarding every quiz, test, final exam, paper, writing assignment report card or vocational test undertaken or performed by the Plaintiff from Kindergarten to the date of the accident. To fully comply with this request for production as currently written, the Plaintiff would also be required to produce medical records since birth in order to document every routine physical, eye exam, and diagnostic test since the Plaintiff was born in 1958.

3. Produce copies of or execute authorizations to obtain all documents comprising or reflecting any psychological, neuropsychological or psychiatric testing, counseling, examination or treatment received by the plaintiff for any condition claimed in the Complaint to be in issue in this case.

**ANSWER:** See attached report from Dr. Ehrenreich

4. Produce copies of or execute authorizations to obtain all records of the plaintiff from any school, special education program, or other educational facility, including but not limited to report cards, reports, test results, standardized test results, achievement scores, evaluations, and teacher progress notes.

**ANSWER:** The Plaintiff objects to this request for production on the grounds that it is overly broad in both time and scope, burdensome, and uses language that requires a search for information (or authorization for information) that far exceeds the scope of relevant information. The question seeks information that is neither admissible not likely to lead to the discovery of admissible evidence. As propounded, this request for production requires information regarding every quiz, test, final exam, paper, writing assignment report card or vocational test undertaken or performed by the Plaintiff from Kindergarten to the date of the accident. To fully comply with this request for production as currently written, the Plaintiff would also be required to produce medical records since birth in order to document every routine physical, eye exam, and diagnostic test since the Plaintiff was born in 1958.

5. All documents comprising or reflecting any claim or receipt of benefits referred to in response to Interrogatory No. 5.

**ANSWER:** See attached Northwest Mutual Insurance Policy

6. Produce copies of or execute authorizations to obtain all documents reflecting any out-of-pocket expenses the plaintiff or anyone on his or her behalf claim to have suffered as a result of the accident referenced in the Complaint.

**ANSWER:** See attached bill from Dr. Goldstein

7. Produce copies of or execute authorizations to obtain all documents including but not limited to medical bills which refer or relate to any expenses incurred by the plaintiff as a result of the accident referenced in the Complaint.

**ANSWER:** See attached authorizations

8. All correspondence, notes or diaries created by the plaintiff which refer or relate to the allegations of the Complaint, other than correspondence to your attorney.

**ANSWER:**   **NA**

## PLAINTIFF'S CERTIFICATION

This is to certify that I/we _____ Plaintiff(s) in this action, have read the foregoing answers to Interrogatories and state that they are true and accurate to the best of my/our knowledge on this *1* day of *Sept*, 2004.

_[signature]_

STATE OF ~~CONNECTICUT~~ *Colorado* }
                                     } ss:
COUNTY OF ~~Boulder~~ *Boulder*       }

On the *1* day of *Sept*, 2004, before me, personally appeared _____ who affirmed under oath the truth of the foregoing Interrogatories and also acknowledged his/her execution of the above document.

_[signature: Julie Kerk]_
Notary Public/Commissioner
of Superior Court

[Notary Seal: JULIE A. KERK, NOTARY PUBLIC, STATE OF COLORADO]