# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ARTHUR DAVIES,
    Plaintiff,

    v.

PAWAN K. JINDAL, et al.
    Defendants.

Civil Action No.
3:03 CV 341 (CFD)

## RULING ON MOTION TO DISMISS AND MOTION FOR RECONSIDERATION

This action arose out of an automobile accident involving the plaintiff, Arthur Davies, and the defendant, Pawan Jindal. In the police report from that accident, Pawan Jindal was listed as both the owner and the operator of the vehicle that he was driving. In his subsequent deposition in this case, however, it was revealed that his brother, Surinder Jindal, was the actual owner of the vehicle. On April 22, 2004, this Court granted Davies' motion to cite in Surinder Jindal as a party defendant and file an amended complaint, absent objection. Pending are two motions from Surinder Jindal: a motion for reconsideration of this Court's April 22, 2004 ruling, and a motion to dismiss the claims asserted against him as untimely.

## I.    Background

The amended complaint alleges the following: On April 1, 2001, Davies, a resident of Colorado, was driving through Connecticut on Interstate 84 when he stopped his vehicle because the traffic in front of him had stopped.[1] Pawan Jindal, a resident of New York, was unable to

---

[1]Although the amended complaint states that Davies is a resident of Colorado, the accident report lists him as a resident of New York. Both Surinder and Pawan Jindal are residents of New York. The defendants have not challenged Davies' contention that there is complete diversity of parties in this action. 28 U.S.C. § 1332.

1

stop the vehicle he was driving and collided with the rear portion of Davies' vehicle.  As a result

of the collision, Davies alleges that he suffered extensive, and permanent, physical injuries.

An accident report prepared by a Connecticut State Police Trooper states that Davies'

vehicle "sustained (minor) damage to the hood and front and rear bumpers," while Pawan

Jindal's vehicle "sustained (heavy) front end damage and airbag deployment (driver's side) and

was therefore towed" to a local garage.[2]  As to the vehicle Pawan Jindal was operating, the

accident report lists the "operator" as Pawan Jindal, 11 Peters Dr., Wappingers Falls, New York

12590, and it lists the "owner's name" as "SAME."

On February 26, 2003, Davies brought a two-count action against Pawan Jindal and

American Manufacturers Mutual Insurance ("AMMI").  Count one sets forth a negligence claim

against Pawan Jindal, while count two sets forth a claim for underinsured/uninsured motorist

coverage against AMMI.[3]  Davies then sent Pawan Jindal three notices of deposition: for

September 25, 2003, November 7, 2003, and then November 5, 2003.  Counsel for Pawan Jindal

canceled each scheduled deposition.  On October 31, 2003, Davies filed a motion to compel the

deposition of Pawan Jindal within thirty days.  A memorandum in opposition was filed which

indicated that Pawan Jindal was residing in India, was expected back in the United States in

December 2003, and would be available then.  On January 29, 2004, Pawan Jindal was deposed

by Davies' counsel.  During the course of that deposition, Pawan Jindal indicated that the vehicle

that the was operating at the time of his accident was not owned by him, but rather was owned by

---

[2]In addition, a passenger in Pawan's vehicle was transported by ambulance to a local
hospital.

[3]The Court has since granted Davies's motion to withdraw his claim against AMMI.

his brother, Surinder Jindal. Pawan Jindal further indicated that he lived with Surinder and worked as an office manager in Surinder's medical practice at the time of the accident.

On February 5, 2004, Davies filed a motion to cite in Surinder Jindal as an additional party defendant and to amend his complaint. On April 22, 2004, this Court granted that motion, absent objection. The amended complaint, which was docketed on April 22, 2004, added a third count, which set forth claims against Surinder pursuant to Conn. Gen. Stat. § 14-154a (liability of owner for damage caused by rented or leased motor vehicle)[4] and § 52-183 (presumption of agency in operation of motor vehicle).[5] Surinder now moves for reconsideration and to dismiss.

## II.    Motion for Reconsideration

Surinder Jindal's motion for reconsideration **[Doc. # 45]** is **GRANTED**, but, for reasons set forth more fully below, the Court affirms its April 22, 2004 ruling granting Davies' motion to cite in Surinder as a party defendant and to file an amended complaint. In so ruling, the Court has considered the standards set forth in Fed. R. Civ. P 15(a) and 21. Renard v. Dillman, 162 F.3d 1148, 1148 (2d Cir. 1998); Kaminsky v. Abrams, 41 F.R.D. 168, 170 (S.D.N.Y. 1966).

## III.    Motion to Dismiss

A) Standard of Review

---

[4]Conn. Gen. Stat. § 14-154a provides, in relevant part, that: "(a) Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

[5]Conn. Gen. Stat. § 52-183 provides: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption."

When considering a motion to dismiss, a court accepts all factual allegations in the complaint as true and draws inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir. 1991). Dismissal is not warranted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Weiss v. Wittcoff, 966 F.2d 109, 112 (2d Cir. 1992). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (quoting Scheuer, 416 U.S. at 232). The question is "whether or not it appears to a certainty under existing laws that no relief can be granted under any set of facts that might be proved in support of" the claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), cert. denied, 441 U.S. 965, 60 L. Ed. 2d 1072, 99 S. Ct. 2416 (1979).

Moreover, "[a]lthough the statute of limitations defense is usually raised in a responsive pleading, the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987) (quoting Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 119 (9th Cir. 1980)); see also Collin v. Securi Int'l and Long View Recreational Vehicle, 322 F.Supp.2d 170, 172-73 (D.Conn. 2004) (same); Velez v. City of New London, 903 F.Supp. 286, 289 (D.Conn. 1995)(same).

B) Discussion

Surinder Jindal contends that the claims asserted against him in count three of the amended complaint are barred by the three-year statute of limitations made applicable to this

4

action by Conn. Gen. Stat. § 52-584,[6] and that those claims cannot relate back to the filing of the original complaint pursuant to Fed. R. Civ. P. 15(c)(3).[7]  His motion to dismiss, which is "tightly focused on the requirement of [Rule] 15(c)(3)(B),"  states that, because count three of the amended complaint is materially different from the claim of negligence made against Pawan Jindal in count one of the original complaint, this Court cannot find that he "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [him]." Rule 15(c)(3)(B).  Davies concedes that count three is beyond the limitations period, yet maintains that the requirements for relation back pursuant to Rule 15(c)(3) have been satisfied.

Rule 15(c) provides, in relevant part, that:

An amendment of a pleading relates back to the date of the original pleading when. . .

   (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

   (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity

---

[6]Conn. Gen. Stat. § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."  Davies does not contest the applicability of this statute to his claims against Surinder Jindal.

[7]There is no dispute as to the timeliness of the original complaint.

of the proper party, the action would have been brought against the party.[8]

Fed. R. Civ. P. 15(c) (emphasis added); see Wilson v. Fairchild Republic Co. Inc., 143 F.3d 733,

738 (2d Cir. 1998) (discussing Rule 15(c)(2) and the standard for relation back of new claims

which arise out of the same transaction or occurrence); Barrow v. Wethersfield Police Dep't, 66

F.3d 466, 468-69 (2d Cir. 1995) (discussing Rule 15(c)(3) and the standard for relation back of

by reason of mistake), modified, 74 F.3d 1366 (2d Cir. 1996) (per curiam); Soto v. Brooklyn

Correctional Facility, 80 F.3d 34, 35 (2d Cir. 1996) (same). Thus, "the relation back provision in

Rule 15 looks to whether a 'mistake' excuses the party's failure to name the proposed defendants

in the first instance." Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119, 125 (E.D.N.Y.

2003) (quoting Mosley v. Jablonsky, 209 F.R.D. 48, 51 (E.D.N.Y. 2002)). In applying the

"mistake" requirement, courts focus on the reasons for the plaintiff's delay either in entering, or

bringing a new defendant into, the litigation. See Allen v. National R.R. Passenger Corp., 2004

WL 2830629 at *9 (E.D.Pa., Dec. 7, 2004) (citing cases). This comports with the underlying

purpose of the early amendments to Rule 15(c), which were "expressly intended to preserve

legitimate suits despite such mistakes of law at the pleading stage." Soto v. Brooklyn

Correctional Facility, 80 F.3d 34, 36 (2d Cir. 1996).

The Notes of the Advisory Committee on Rules accompanying the 1991 Amendment to

Rule 15(c) suggest that the rule is meant to allow an amendment changing the name of a party to

relate back to the original complaint only if the change is the result of an error, such as a

misnomer or misidentification. See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d

Cir. 1995), modified on other grounds, 74 F.3d 1366 (2d Cir. 1996). Thus, in Barrow, the

---

[8]Rule 15(c)(1) is not implicated by the instant motion.

Second Circuit adopted the majority rule, and held that, where a plaintiff has filed her original

complaint naming John Doe defendants, "Rule 15(c) does not allow an amended complaint

adding new defendants to relate back if the newly-added defendants were not named originally

because the plaintiff did not know their identities." <u>Id</u>.  In adopting such a rule, the Second

Circuit explained that "the failure to identify individual defendants when <u>the plaintiff knows that</u>

<u>such defendants must be named</u> cannot be characterized as a mistake." <u>Id</u>. (emphasis added).[9]

  What distinguishes the present case from those types of cases controlled by <u>Barrow</u> is

that, in this case, Davies did not know that a missing defendant must be named.  The accident

report indicated that Pawan Jindal was both the operator and the owner of the vehicle involved in

the accident.  Thus, Davies could not have known that another defendant–namely, the actual

owner of the vehicle–must be named as a defendant.  In other words, this is not a case where the

plaintiff could have named "John Doe" as the owner of the vehicle until such time as he was able

to properly ascertain the identify of the actual owner.  <u>Compare Barrow</u>, 66 F.3d at 470.

  In addition, it is clear that Davies did not know of the existence of both Pawan and

Surinder Jindal as potential defendants, yet chose only to name Pawan Jindal as a defendant in

the original complaint.  <u>Compare</u> <u>Cornwell v. Robinson</u>, 23 F.3d 694 (2d Cir. 1994) (no relation

---

  [9]In several unreported decisions, the Second Circuit has reaffirmed the holding in <u>Barrow</u> and has held that a plaintiff is not considered to have made a "mistake" if the plaintiff knew that he was required to name an individual as a defendant but did not do so because he did not know the individual's identity. <u>See</u> <u>Johnson v. Stinson</u>, No. 01- 0117, 28 Fed.Appx. 71, 72, 2002 U.S. App. LEXIS 1462, at *3 (2d Cir. Jan. 25, 2002); <u>Bove v. New York City</u>, No. 99-9181, 2000 WL 687720, at *1, 2000 U.S. App. LEXIS 11895, at *3 (2d Cir. May 24, 2000); <u>Tapia-Ortiz v. Doe</u>, 171 F.3d 150, 152 (2d Cir.1999). In each of those cases, however, the plaintiff named "John Does" or the equivalent as defendants, failed diligently to investigate the identities of those unknown defendants, and sought to amend the complaint after the limitations period had run. In other words, in each of those cases, the plaintiff was aware that other defendants needed to be named, and merely lacked the specific knowledge of those defendants' identities.

back because plaintiff had knowledge of existence of additional defendants and chose not to name them as defendants in original complaint); see also Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1183 (3rd Cir. 1994) ("Where there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants," the plaintiff cannot revive her claim by relying upon Rule 15(c)). Thus, concerns about plaintiffs attempting to gain a strategic advantage through piecemeal litigation simply are not present in this case. See, e.g., Kilkenny v. Arco Marine Inc., 800 F.2d 853, 857-58 (9th Cir.1986) ("Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation"); compare Mountain Cable Co. v. Public Service Broadcasting of Vermont, 242 F.Supp.2d 400, 408 (D.Vt. 2003) (relation back was proper because the movant "sought no strategic advantage by excluding them originally").

The Court finds the Ninth Circuit's decision in G.F. Co. v. Pan Ocean Shipping Co., Ltd., 23 F.3d 1498, 1503 (9th Cir. 1994) persuasive. In that case, the original complaint had named the claims agent as the defendant, and not the actual owner of the vessel on which plaintiff's goods were damaged. Id. The plaintiff did not become aware of the owner of the vessel as a potential defendant until after the statute of limitations had expired. This delay was occasioned by the named defendant's purposeful ambiguity about its status with regard to ownership of the vessel. Id. Eventually, in the context of a motion for summary judgment filed after the statute of limitations had run, the named defendant claimed that Pan Ocean was the proper owner of the vessel, and that, as a result, it was not a proper defendant. Id. at 1500. The district court

8

thereafter allowed the plaintiff to file an amended complaint naming Pan Ocean as the owner of

vessel, and asserting a claim against it in that capacity. On appeal, the Ninth Circuit found that

the district court properly allowed the amended complaint to relate back to the original complaint

pursuant to Rule 15(c)(3)(B), because the owner knew or should have know there had been a

mistake. In so finding, the Ninth Circuit explained:

> The complaint, which erroneously asserted that [the claims agent] owned,
> operated, and controlled the [vessel], illustrates that [the plaintiff] was mistaken.
> This mistake is confirmed by the affidavit of [plaintiff's] counsel, who explained
> that the omission of Pan Ocean was due to inadvertence rather than strategy, and
> by the fact that [the plaintiff] immediately sought to amend its complaint when
> [the claims agent] filed its summary judgment motion (explaining for the first
> time why it was not a proper defendant). The complaint gave Pan Ocean reason to
> believe that [the plaintiff] had made a mistake. We therefore conclude that the
> district court did not abuse its discretion in granting [the plaintiff's] motion to add
> Pan Ocean as a defendant.

Id at 1504.

In the instant case, Davies named Pawan Jindal as the only individual defendant because

the police report indicated that he was both the driver and the owner of the vehicle. Although

count one indicates that Pawan was the operator of the vehicle, there was no point in listing him

as the owner in the complaint in light of Davies' knowledge at the time that he was both, and

nothing would be gained by setting forth that status. And, just as in G.F. Co., the failure to name

the true owner of the vehicle involved in the accident was not the result of Davies' error or

strategic decision, but rather a mistake. Put another way, Pawan Jindal either misrepresented that

he was the owner of the vehicle to the police at the scene of the accident, or failed to correct the

officer's mistake in the accident report. Moreover, after this mistake in the accident report as to

the proper owner of the vehicle was revealed, Davies promptly filed his motion to cite in

Surinder Jindal, as well as to amend the complaint. Davies' motion was filed with this Court

before the repose period had run. In sum, the Court finds that a mistake occurred in this case,

and that this kind of mistake is correctable under Rule15(c)(3).

In addition, the Court finds that, even if Surinder did not have actual knowledge, he

should have known that, but for this mistake, he would have been named as a defendant in

Davies' action. Pawan lived and worked with Surinder at the time of the accident. Pawan was

involved in an accident in which Surinder's vehicle received extensive damage and was towed to

a garage, and which led to the hospitalization of Pawan's passenger, whose last name also is

Jindal. Although there is no proof in the record that Surinder received an actual copy of the

accident report or the lawsuit, it appears that Surinder should have had known of the mistake in

the police report. Moreover, given the fact that Pawan Jindal's representation in this matter is

being paid for in part by Surinder's insurance company,[10] he should have had notice that, as the

proper owner of the car, but for the mistake in the accident report, he also would have been

named a defendant in this case. Finally, Surinder has not pointed to any prejudice, other than his

being brought into this litigation.

Although it may be true, as Surinder's counsel argued at oral argument, that some

plaintiffs may intentionally only name the vehicle's operator as a defendant, and not the owner,

such a tactical decision would not have been involved in this case. Davies' original complaint

alleged significant physical injury and the complete loss of business activity–in other words, the

---

[10]This was conceded by counsel for Surinder at oral argument on this motion. Thus, Surinder's insurance company was representing Pawan at the time Davies' filed his motion to cite in Surinder. Again, that motion was filed with this Court prior to the expiration of the limitations period.

complaint sought a significant amount of damages.  In addition to bringing a negligence action against Pawan Jindal, Davies also brought an uninsured/underinsured motorist claim against his own insurance company.  It seems clear that Davies did not believe that Pawan Jindal had either sufficient insurance or assets to satisfy the alleged damages.

Consequently, the Court finds that the claims asserted against Surinder Jindal in the amended complaint relate back to the date of the original complaint.  See Fed. R. Civ. P. 15(c)(2) and (3).  Because the original complaint was timely filed, the motion to dismiss [**Doc. #44**] is **DENIED.**

SO ORDERED this 31st day of March 2005, at Hartford, Connecticut.

**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

11