UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES             :           NO: 3:03 CV 0341 (CFD)

vs.                                  :

PAWAN JINDAL, et al           :           APRIL 7, 2005

## MOTION FOR RECONSIDERATION OR CORRECTION

The defendant Surinder Jindal respectfully moves this Court for reconsideration or correction of its Ruling on Motion To Dismiss and Motion for Reconsideration filed on April 1, 2005. The defendant respectfully submits that the Ruling should be reconsidered or corrected because (1) although the defendant's Motion to Dismiss was "tightly focused on the requirement of Fed. R. Civ. Pro. 15(c)(3)(B)" that Surinder Jindal knew or should have known that, but for a mistake as to the identity of the party, he would have been named as a defendant and was limited to the allegations in the Amended Complaint, the Court's Ruling concludes that the claims against Surinder Jindal "relate back to the date of the original complaint," where the other elements of the relation back doctrine have not yet been raised by the defendant and could not be properly raised in the context of a Motion to Dismiss because they require reference to facts outside the pleadings and (2) the authority relied upon by the Court as persuasive, G.F Co. v. Pan Ocean Shipping Co.,

1

Ltd, 23 F.3d 1498 (9th Cir. 1994), actually supports the defendant's argument that the

complaint must reveal to a reasonable person that a mistake had been made as to the

identity of the party, where the complaint in this case provides no basis upon which

Surinder Jindal or anyone else could have reached that conclusion.

A memorandum of law in support of this Motion is appended hereto.


THE DEFENDANT
SURRINDER JINDAL



BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 7th day of April, 2005, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES                    :                    NO: 3:03 CV 0341 (CFD)

vs.                                 :

PAWAN JINDAL, et al                 :                    APRIL 7, 2005


**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION OR CORRECTION**


BACKGROUND

By way of Motion to Dismiss dated July 2, 2004, the defendant Surinder Jindal

argued that the portion of the plaintiff's amended complaint against him is barred on its

face by the three year period of repose set forth in General Statutes §52-584.

Recognizing that the plaintiff would likely argue that the claim, although beyond the

statutory period, was saved because it related back to the original complaint against the

co-defendant Pawan Jindal, the defendant Surinder Jindal further argued that the relation

back doctrine could not be held to apply because one of its elements could not be

satisfied based on the allegations of the amended complaint. After noting the existence of

three elements to the doctrine, Surinder Jindal argued that "**without prejudice to later**

**argument regarding the first two elements of this test**, the plaintiff can not satisfy the

-1-

third." Memorandum of Law in Support of Motion to Dismiss at 4 (emphasis added).

When the plaintiff attached to his Memorandum in Opposition copies of factual

documentation related the other elements of the relation back doctrine, the defendant

refused to respond:

> Despite the defendant's explicit limitation of its argument to the requirement
> of Rule 15(c)(3)(B) that the defendant have reason to know that the original
> action was intended to name him; original Memorandum at p. 4; the plaintiff
> presents arguments and exhibits relating to the other conditions of Rule
> 15(c). Surinder Jindal respectfully refuses to be drawn into those
> arguments, which would require factual rebuttal.

Reply Memorandum in Support of Motion to Dismiss, dated July 16, 2004.

In its Ruling on Motion to Dismiss and Motion for Reconsideration filed April 1,

2005, the Court reasons that Surinder Jindal should have known that he would have

been named as a defendant but for a mistake by the plaintiff because Surinder should

have known his brother had misidentified the owner of the vehicle in a police report

Surinder never had any reason to see and because his insurance company was providing

a defense to his brother. From the unsupportable conclusion that Surinder should have

known of the error in the police report and of the insurance company's activity, the Ruling

makes the further analytical leap that Surinder Jindal, who is not a lawyer, must have

been aware that he could have been, let alone would have been, sued as the owner of a

vehicle operated by someone else even though no facts or law suggesting such exposure

-2-

are mentioned in the original complaint.

In support of its conclusion that the owner should have known that he would have been sued but for a mistake, the Court cites to <u>G.F. Co. v. Pan Ocean Shipping Co.</u>, 23 F.3d 1498 (9th Cir. 1994), and quotes the following language:

> The complaint, which erroneously asserted that Panobulk owned, operated, and controlled the Pan Queen, illustrates that G.F. was mistaken. This mistake is confirmed by the affidavit of G.F.'s counsel, who explained that the omission of Pan Ocean was due to inadvertence rather than strategy, and by the fact that G.F. immediately sought to amend its complaint when Panobulk filed its summary judgment motion (explaining for the first time *why* it was not a proper defendant).

> The complaint gave Pan Ocean reason to believe that G.F. had made a mistake. We therefore conclude that the district court did not abuse its discretion in granting G.F.'s motion to add Pan Ocean as a defendant.

<u>Id.</u> at 1504.

At the conclusion of its discussion, the Court "finds that the claims asserted against Surinder Jindal in the amended complaint relate back to the date of the original complaint. See Fed. R. Civ. P. 15(c)(2) and (3). Because the original complaint was timely filed, the motion to dismiss [Doc. #44] is DENIED." Ruling at 11.

The defendant respectfully submits that the Ruling should be reconsidered or corrected because (1) although the defendant's Motion to Dismiss was "tightly focused on the requirement of Fed. R. Civ. Pro. 15(c)(3)(B)" that Surinder Jindal knew or should have known that, but for a mistake as to the identity of the party, he would have been named

-3-

as a defendant and was limited to the allegations in the Amended Complaint, the Court's

Ruling concludes that the claims against Surinder Jindal "relate back to the date of the

original complaint," where the other elements of the relation back doctrine have not yet

been raised by the defendant and could not be properly raised in the context of a Motion

to Dismiss because they require reference to facts outside the pleadings and (2) the

authority relied upon by the Court as persuasive, G.F Co. v. Pan Ocean Shipping Co.,

Ltd, 23 F.3d 1498 (9th Cir. 1994), actually supports the defendant's argument that the

complaint must reveal to a reasonable person that a mistake had been made as to the

identity of the party, where the complaint in this case provides no basis upon which

Surinder Jindal or anyone else could have reached that conclusion.

ARGUMENT

I. The Court Could Not Properly Decide the First Two Elements of the Relation Back
Doctrine Where They Were Never Properly Before the Court and Could Not Be Properly
Placed Before the Court in the Context of a Motion to Dismiss

Despite the explicit limitation of the defendant's Motion to Dismiss, the Court's

Ruling appears to rely on facts outside the pleadings and decide the ultimate issue of

whether the amended complaint naming Surinder Jindal relates back to the original

complaint. Yet the Ruling could not properly have addressed the second element of the

doctrine, whether Surinder Jindal was aware of the filing of the original complaint within

120 days of that filing, where that element was explicitly reserved by the defendant and

-4-

required reference to facts outside the record not permissible in the context of a Motion to Dismiss.

Indeed, if the issue were properly before the Court, the defendant would have supplied the Court with evidence establishing that, in fact, he had absolutely no knowledge that this action had been instituted until the apportionment complaint was served on him. He would further have factually disputed the erroneous claim of the plaintiff that Pawan Jindal lived with him at the time of the accident, which is not supported by a fair reading of Pawan's deposition testimony and is directly refuted by Surinder's. He would further have explained that because Pawan and Surinder happened to have different insurance policies with the same insurance company, there is absolutely no basis for assuming that Surinder had any knowledge of or involvement in the matter in order for that insurer to process the claim and defend Pawan under both policies. In short, had facts outside the pleadings been properly before the Court, Surinder Jindal would have joined issue on those facts.

These arguments were not raised because they cannot be raised without reference to facts outside of the pleadings. The defendant did not and does not invite the Court to consider matters outside the pleadings in the context of the Motion to Dismiss and in fact expressly opposed the plaintiff's factual submissions. Nevertheless, the Court's Ruling is replete with reference to such facts and purports to decide issues based

-5-

on them that were never properly before it.

> We have emphasized previously that upon a motion to dismiss where materials outside the pleadings are offered, a district court should adhere strictly to the language of Rule 12(b):
>
>> "Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material. *See* Fed.R.Civ.P. 12(b). *See generally* 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1366 (1969 & Supp.1986)."
>
> <u>Fonte v. Board of Managers of Continental Towers Condominium</u>, 848 F.2d 24, 25 (2 Cir.1988) . . ..

<u>Kopec v. Coughlin</u>, 922 F.2d 152, 154 (2nd Cir. 1991).

The Court in this instance did neither of these things. Rather, the Ruling used facts outside the pleading to decide not only the issue properly raised by the Motion to Dismiss, but also to address issues not properly before it. If it was the Court's opinion that the issue raised by the defendant could not be decided on the pleadings alone, the Court should simply have denied the Motion to Dismiss on that basis without purporting to decide the ultimate issue of whether the claim against Surinder Jindal relates back to the filing of the original complaint, which required reference to facts and decision of issues not properly before it. Or the Court could have given notice that it intended to treat the

-6-

Motion to Dismiss as a Motion for Summary Judgment and invited counsel to present facts as to all issues relevant to the relation back decision. What the Court did, however, was expand its inquiry and use facts outside the pleadings in the face of the defendant's consistent limitation of its presentation to a single issue based on the allegations alone, without notice that the court likewise did not intend to limit its inquiry in accordance with the governing Rules.

It is respectfully submitted that the Court must either correct its Ruling to decide only the issue properly before it based on the allegations of the amended complaint alone, or it must reconsider that Ruling, providing the parties with notice that it intends to decide all issues relating to the relation back doctrine by converting the Motion to Dismiss to a Motion for Summary Judgment.

II. The Authority Relied Upon in the Ruling Does Not Support the Result Reached

In its Ruling, the Court writes that it "finds the Ninth Circuit's decision in G.F. Co. v. Pan Ocean Shipping Co., 23 F.3d 1498, 1503 (9th Cir. 1994) persuasive." Ruling at 8. The Ruling, however, ignores critical elements of that decision that support the defendant's argument that the absence of any indication of a mistake in the original complaint itself defeats the third element of the relation back doctrine in this case.

In G.F. Co., the plaintiff initially sued an agent of the owner of a vessel and did not learn until after the expiration of the statute of limitations that Pan Ocean was actually the

-7-

owner. The Ninth Circuit upheld the district court's ruling allowing the plaintiff to add Pan

Ocean and have the claim against it relate back to the original complaint against the

agent. As quoted by this Court in its Ruling, the Ninth Circuit explained:

> The complaint, which erroneously asserted that Panobulk owned, operated, and controlled the Pan Queen, illustrates that G.F. was mistaken.   This mistake is confirmed by the affidavit of G.F.'s counsel, who explained that the omission of Pan Ocean was due to inadvertence rather than strategy, and by the fact that G.F. immediately sought to amend its complaint when Panobulk filed its summary judgment motion (explaining for the first time *why* it was not a proper defendant).
>
> The complaint gave Pan Ocean reason to believe that G.F. had made a mistake.  We therefore conclude that the district court did not abuse its discretion in granting G.F.'s motion to add Pan Ocean as a defendant.

Id. at 1504.

In G.F. Co., the complaint reflected a mistake; it erroneously asserted that the

agent owned the vessel. Thus, "[t]he complaint gave Pan Ocean reason to believe that

G.F. had made a mistake." Unlike the facts of this case, the owner in G. F. Co., looking at

the complaint, would realize that the plaintiff intended to name him, but failed to do so

because of a mistake. It is this element that is absent from this case. Without it, the Court

is left to completely unsupportable assumptions in order to conclude that Surinder Jindal,

had he been aware of the suit at all, should have known that but for a mistake he would

have been named as a defendant in the action. Without an allegation in the original

complaint indicating that the plaintiff intended to sue anyone on the basis of vehicle

-8-

ownership, there is no justification for this Court to conclude that a layperson would be aware that mere ownership of a vehicle would expose him to suit for injuries caused by someone else's negligence, particularly in the absence of any proof that he even gave permission for that other person to use the vehicle or that the operator was acting as his agent. Nor is there any basis to conclude that Surinder Jindal would know that a mistake must have led to the plaintiff's failure to make a claim of vicarious liability, where the original complaint actually alleges an alternate avenue of recovery through the plaintiff's own uninsured/underinsured motorist coverage. The question is not whether in fact the plaintiff made a tactical decision not to sue him, but whether Surinder Jindal, had he known of the case at all, should have known that he was the intended target of the plaintiff's complaint.

In short, the Court's Ruling misuses the G.F. Co. decision to support a position that case does not support. The G.F. Co. decision is an example of mistaken identity, where a plaintiff has alleged liability based on certain characteristics, only to later learn that a person other than the originally named defendant has those characteristics. While most decisions allow relation back in cases of mistaken identity, the present case falls in the distinct category of additional defendant cases, where a plaintiff originally brings suit against one party only to learn that an additional party may also be liable based on additional facts not originally alleged.

-9-

The non-Doe version of this [additional defendant] situation arises in the following way. The plaintiff originally brings suit against D. After discovery, the plaintiff learns that an entirely different party with different characteristics, E, may also be liable. The existence of E does not negate the possibility that the original defendant may be liable and E does not replace D. Instead, the plaintiff seeks to add E as an additional defendant.

*    *    *

Several Third Circuit district court decisions have allowed relation back in this kind of case. . . .

*    *    *

However, **most courts do not allow relation back in this kind of situation**. The Fourth, Sixth and Seventh Circuits have considered the issue and denied relation back. **While not setting forth as firm a rule as that of the Fourth and Seventh Circuits, the Second Circuit has also denied relation back in this type of situation**. District Courts within the First, Tenth, and District of Columbia Circuits also have denied relation back. These courts usually reason that the plaintiff in such a situation is not mistaken as required by the Rule. They hold that being unaware, for whatever reason, that another potential defendant exists is not a mistake, but is instead just a lack of knowledge, one that could perhaps be perceived as a tactical choice, and that the Rule does not reach such situations.

Comment, Relation Back of Amendments Naming Previously Unnamed Defendants Under Federal Rules of Civil Procedure 15(C), 89 Cal. L. Rev. 1549, 1565, 1568-69 (2001) (emphasis added; footnotes omitted).

The authority relied upon by the Court applies when the Complaint itself reveals a basis for concluding that the unnamed party must have known that the plaintiff intended to sue him, but named another party by mistake. That authority does not support the application of the third element of the relation back doctrine in a case such as this, where

-10-

the Complaint reveals no such information and there is therefore no supportable basis for concluding that the unnamed party should have know that the plaintiff intended to sue him.

CONCLUSION

For the foregoing reasons, the defendant Surinder Jindal respectfully submits that the Court's Ruling is in error and must be reconsidered or corrected.

THE DEFENDANT
SURRINDER JINDAL


BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101

-11-

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 7th day of April, 2005, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald

-12-