UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES                                       NO: 3:03 CV 0341 (CFD)

vs.

PAWAN JINDAL, et al                                    APRIL 7, 2005

### DEFENDANT SURINDER JINDAL'S MOTION FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 37 and D. Conn. L. Civ. R. 37, the defendant Surinder Jindal respectfully moves this Court for an Order entering appropriate sanctions against the plaintiff for failure timely to respond to discovery and to this Court's Order granting the defendant's Motion to Compel. The defendant submits that the appropriate sanction is an Order prohibiting the plaintiff from introducing evidence of, and refusing to allow the plaintiff to support claims of, brain injury or disability and resulting loss of earnings and earning capacity.

A memorandum of law, together with appropriate documentation in support of this Motion, is appended hereto.

No Oral Argument Requested

1

        THE DEFENDANT
        SURINDER JINDAL


        BY_____
        Jack G. Steigelfest. (Fed. Bar No. ct05733)
        Howard, Kohn, Sprague & FitzGerald
        Post Office Box 261798
        Hartford, Connecticut  06126-1798
        (860) 525-3101


## CERTIFICATION

     I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 7th  day of April, 2005, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033


        _____
        Jack G. Steigelfest, Esq.
        Howard, Kohn, Sprague & FitzGerald

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


ARTHUR W. DAVIES                               NO: 3:03 CV 0341 (CFD)

vs.

PAWAN JINDAL, et al                            APRIL 7, 2005


**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT SURINDER JINDAL'S MOTION FOR SANCTIONS**

BACKGROUND

    The plaintiff instituted this diversity action for money damages on account of bodily injury sustained in a motor vehicle accident. Among other claims, the plaintiff alleges that he has sustained a permanent brain injury and physical injuries that have prevented him from continuing with his profession as a physician.

    The defendant Surindar Jindal was cited in to this case by service on May 29, 2004, and the undersigned counsel appeared for him on June 25, 2004. By Notice of Interrogatories and Requests for Production dated July 6, 2004 (attached as Exhibit 1), this defendant sought information and documentation relating to the

1

plaintiff's physical, mental and educational history, among other issues in the action.

The plaintiff filed a "Request for Extension of Time in Which to Answer Interrogatories" (attached as Exhibit 2), in which the plaintiff sought until September 6, 2004 within which to "answer" the Interrogatories and Requests for Production. The defendant did not object, and this Request was granted, absent objection, on July 22, 2004. September 6, 2004 was a holiday, and the plaintiff's Response to the discovery requests is properly dated September 7, 2004 (attached to Motion to Compel as Exhibit 3). In that Response, however, the plaintiff included objections to Interrogatories No. 1, 2, 4, and 8 and Requests for Production 1, 2, and 4, all relating to the plaintiff's prior medical, psychological and educational history. These objections were untimely. The plaintiff's objections were based on the claim that the discovery requests were overbroad.

The defendant filed a Motion to Compel responses to the discovery requests. The Court granted that Motion, absent objection, by Order dated March 7, 2005.

In his 3/24/05 Motion for Reconsideration of that Order, the plaintiff writes that he "wished to stress" that he does not object to the defendant's discovery requests in their entirety and offers to provide partial compliance. Nevertheless,

2

the plaintiff has at no time to date provided any portion of the information or documentation that was the subject of the defendant's Motion to Compel. The discovery responses have been pending for over 9 months; it was only after the court's Order compelling full responses that the plaintiff offered, but has not provided, partial compliance.

Upon receipt of the Order granting the Motion to Compel, the undersigned counsel for the defendant waited the time set forth in D.Conn. L. Civ. R. 37(a)(5), and, when timely compliance was not provided, contacted plaintiff's attorney to demand such compliance. See 3/24/05 Correspondence (attached hereto). Rather than comply, the plaintiff filed an untimely Motion for Reconsideration. In a telephone conference with plaintiff's counsel, the plaintiff offered partial compliance; the defendant refused to waive full compliance but agreed that the plaintiff should provide compliance with that portion of the discovery request as to which the plaintiff had no objection. No such compliance has been provided.

ARGUMENT

D. Conn. L. Civ. R. 37(a)(5) provides that "[u]nless a different time is set by the Court, compliance with discovery ordered by the Court shall be made within ten (10) days of the filing of the Court's order. On March 7, 2005, this Court

3

ordered compliance with all of the discovery requests to which the plaintiff had objected.

The plaintiff filed a Motion for Reconsideration of this Order, but stressed that he does not dispute the defendant's right to obtain information concerning the plaintiff's pre-accident functioning and that he was willing to provide mental and physical history for a 10 year period prior to the accident and partial educational history of his graduate work. Nevertheless, the plaintiff did not provide such partial compliance in the many months preceding the filing of the Motion to Compel and still has not provided such partial compliance in the time since the Court granted the defendant's Motion to Compel.

The Fed. R. Civ. P. 33(b)(1) provides that, even where an objection is timely and properly made, "the objecting party . . . shall answer to the extent the interrogatory is not objectionable." Similarly, Fed. R. Civ. P. 34(b) provides that "[i]f objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." At a minimum, even if the plaintiff's arguments are otherwise credited, the plaintiff has failed to comply with the discovery requests and the Order compelling responses by failing timely to provide responses to those portions of the requests that he admits are not objectionable.

Moreover, this limited failure assumes that the plaintiff has a reasonable

4

basis for failing to provide complete responses in accordance with this Court's Order granting the Motion to Compel. There is no such basis. Although a timely and well-founded Motion for Reconsideration might provide such a basis, the Motion filed by the plaintiff in this case lacks a good faith basis. The Motion itself is untimely and does not seek excuse for its tardiness. The plaintiff's failure to file a memorandum in opposition to the defendant's Motion to Compel in violation of D. Conn. L. Civ. R. 37(a)(3) does not constitute a basis for asking the Court to reconsider its Order, nor does the plaintiff raise any issue of privilege or other right that will be substantially harmed by the Order. The Motion implies that the plaintiff sought an extension of time to file his objections to the discovery requests in the first place, where the Motion for Extension of Time actually filed sought only time to answer. The objections to the discovery requests were themselves untimely and cannot support reconsideration. The defendant has filed his Objection to the Motion for Reconsideration this date.

    This court has discretion to enter an appropriate sanction from the list found in Fed. R. Civ. P. 37(b) where a party has failed to comply with an Order of the Court:

> Generally, district courts possess broad power to sanction parties for abusive litigation practices that disrupt the administration of justice. <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 100 S.Ct. 2455, 65

5

> L.Ed.2d 488 (1980); National Hockey League v. Metropolitan Hockey Club. Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). In National Hockey, the Supreme Court observed that "rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." Id. at 643, 96 S.Ct. at 2781. Rule 37 provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery. Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd., 930 F.2d 1021, 1027 (2d Cir.1991).

Evans v. State of Connecticut, 967 F.Supp. 673, 688 (D.Conn. 1997)(footnote omitted). Fed. R. Civ. P. 37(b)(C) authorizes an Order "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters into evidence."

   The defendant Surinder Jindal suggests that the appropriate sanction for the plaintiff's failure to provide timely discovery responses in compliance with the Motion to Compel relates to the information sought in the discovery requests that were the subject of that Motion. The defendant sought information and documentation that would allow him to investigate the plaintiffs' prior physical and mental status and functioning in order to defend the plaintiff's claims of brain injury and physical injury that have left him unemployable. Since the plaintiff has wrongfully prevented the defendant from investigating these issues and preparing his defense, the appropriate sanction is an Order prohibiting the plaintiff from

6

introducing evidence of, and refusing to allow the plaintiff to support claims of, brain injury or disability and resulting loss of earnings and earning capacity.

CONCLUSION

For the foregoing reason, the defendant Surinder Jindal respectfully requests that this Court grant this Motion for Sanctions and enter an appropriate order responding to the plaintiff's failure to comply with his discovery obligations, including this Court's March 7, 2005 Order granting this defendant's Motion to Compel.

                    THE DEFENDANT
                    SURINDER JINDAL

                    BY_____
                    Jack G. Steigelfest. (Fed. Bar No. ct05733)
                    Howard, Kohn, Sprague & FitzGerald
                    Post Office Box 261798
                    Hartford, Connecticut  06126-1798
                    (860) 525-3101

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 7th day of April, 2005, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Edward W. Case, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald