## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAVIES, ARTHUR** | : | |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | **NO. 303 CV 0341 CFD** |
| | : | |
| **JINDAL, PAWAN K. and** | : | |
| **JINDAL, SURINDER** | : | |
| **Defendants** | : | **MARCH 24, 2005** |

## MOTION FOR RECONSIDERATION/MOTION TO REVERSE ORDER GRANTING DEFENDANT SURINDER JINDAL'S MOTION TO COMPEL

The Plaintiff in the above-captioned action hereby respectfully requests that this Court reconsider and/or reverse its ruling in regard to Defendant Surinder Jindal's motion to compel (Motion No. 61). The Plaintiff makes this request in that said motion was granted by the Court (Smith, J.) on March 7, 2005 "absent objection". The Plaintiff *did* formulate his objections in his responses to the subject interrogatories (a copy of which were included in Defendant's motion to compel, and portions of which were recited in Defendant's motion itself), and assumed that the Court would consider same in ruling on Defendant's motion. The Plaintiff respectfully requests that the Court consider his objections, which have been reiterated in the memorandum submitted herewith. The Plaintiff respectfully requests that the Court reverse its ruling in regard to Defendant's motion to compel and reconsider same in light of Plaintiff's objections.

WHEREFORE, the Plaintiff requests that his motion be granted.

THE PLAINTIFF
ARTHUR W. DAVIES


By_____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776
(860) 354-4444
Federal Bar No. CT06534



ORAL ARGUMENT IS REQUESTED
NO TESTIMONY REQUIRED

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record this 24th day of March, 2005, specifically:

Jack G. Stiegelfest, Esq.
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford CT 06126

Edward W. Case, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

By_____
      Robert J. Guendelsberger, for
      Guendelsberger & Taylor
      28 Park Lane
      New Milford, CT 06776
      (860) 354-4444
      Federal Bar No. CT06534

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

| | | |
|---|---|---|
| **DAVIES, ARTHUR** | : | |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | **NO. 303 CV 0341 CFD** |
| | : | |
| **JINDAL, PAWAN K. and** | : | |
| **JINDAL, SURINDER** | : | |
| **Defendants** | : | **MARCH 24, 2005** |

<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S</u>
<u>MOTION FOR RECONSIDERATION/MOTION TO REVERSE ORDER GRANTING</u>
<u>DEFENDANT SURINDER JINDAL'S MOTION TO COMPEL</u>

I.    <u>Factual Background</u>

This case involves a rear-end motor vehicle accident.  The Plaintiff, a physician, claims

monetary damages for the injuries he suffered as a result of the subject accident, including a

traumatic brain injury.  The Plaintiff has brought suit against the driver of the motor vehicle,

Pawan K. Jindal, and the owner of the vehicle, Surinder Jindal.

On July 6, 2004 the Defendant-owner, Surinder Jindal[1], propounded discovery requests

upon the Plaintiff (copy attached to Defendant's motion to compel as <u>Exhibit 1</u>).  The Plaintiff,

_____

[1]Inasmuch as Surinder Jindal is the only Defendant relevant to the instant motion, he will simply be referred
to as the "Defendant".

after requesting an extension of time in which to respond, timely filed a response on September 7, 2004.  (Copy of responses attached to Defendant's motion to compel as <u>Exhibit 3</u>) The Plaintiff did object to several interrogatories and production requests, and made said objections explicitly in his responses.  Said objections were specific to each interrogatory and/or production request, and essentially took issue with the scope of Defendant's requests.  <u>Exhibit 3</u> to Defendant's motion to compel.  The Court granted Defendant's motion "absent objection", and the Plaintiff files this request for reconsideration to assure that Plaintiff's objections – which were contained in Defendant's motion to compel – were duly considered by the Court.

II.    <u>Argument</u>

The Plaintiff wishes to stress that he does not dispute Defendant's right to obtain information concerning his level of mental and psychological functioning prior to the motor vehicle accident.  The Plaintiff is willing to provide such information for a reasonable period of time prior to the subject accident, which occurred in April, 2001[2].  What the Plaintiff has consistently objected to, however, is the unduly broad temporal scope of the requests the Defendant has propounded, and the unduly broad range of documents the Defendant has

---

[2]Specifically, the Plaintiff would be willing to produce responsive information for the ten (10) years preceding the motor vehicle accident, which is the length of time required in standard state court discovery.

requested.  Plaintiff's objections are fully set forth in Defendant's motion to compel, and will not be recited verbatim herein.  Plaintiff's objections, however, can be summarized along the following two lines:

    1.    <u>Unduly Broad in Temporal Scope</u>

The Defendant has requested mental health and educational records from the Plaintiff *spanning his entire lifetime.*  <u>See</u> Defendant's motion to compel at 3-6.  The Plaintiff is forty-six years old, and had been a practicing physician for ten years at the time of the accident.  Surely, obtaining the Plaintiff's kindergarten report card is not relevant to this action.  The Plaintiff does not dispute that the Defendant is entitled to mental health and educational records for a reasonable period of time prior to the 2001 subject accident, and asks this Court to limit Defendant's request to a reasonable temporal scope, such as all responsive records from the date Plaintiff entered medical school to present.

    2.    <u>Unduly Broad in Types of Information Sought</u>

The Defendant's fourth production request seeks all Plaintiff's educational records, "including but not limited to report cards, reports, test results, standardized test results, achievement scores, evaluations, and teacher progress notes."  As propounded, this request requires every pop quiz ever taken by the Plaintiff, every writing assignment, every report card,

term paper, and final exam taken by the Plaintiff, as well as every standardized test score ever taken by the Plaintiff.  While the Defendant is certainly entitled to production of documents which would allow him to ascertain Plaintiff's level of achievement prior to the accident, the request as propounded is unduly broad.  The Plaintiff therefore requests the Court limit the request to the following: (a) the Plaintiff's standardized test scores (SAT, MCAT, etc.), and (b) transcripts from Plaintiff's medical college and residency, his two most recent educational endeavors.  Again, it is noteworthy that the Plaintiff had been practicing medicine for approximately ten (10) years before this accident, and graduated medical school in 1981 – therefore, the educational records Plaintiff has agreed to provide would provide the Defendant with information dating back into the late 1970's – certainly more than enough information to allow the Defendant to establish an portrait of the Plaintiff.

III.    <u>Conclusion</u>

For the foregoing reasons, the Plaintiff respectfully requests that the Court reconsider its ruling granting Defendant's motion to compel, and fashion reasonable and fair limitations on the scope of said discovery requests.

THE PLAINTIFF
ARTHUR W. DAVIES

By_____
    Robert J. Guendelsberger, for
    Guendelsberger & Taylor
    28 Park Lane
    New Milford, CT 06776
    (860) 354-4444
    Federal Bar No. CT06534

ORAL ARGUMENT IS REQUESTED
NO TESTIMONY REQUIRED

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record this 24th day of March, 2005, specifically:

Jack G. Stiegelfest, Esq.
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford CT 06126

Edward W. Case, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

By_____
      Robert J. Guendelsberger, for
      Guendelsberger & Taylor
      28 Park Lane
      New Milford, CT 06776
      (860) 354-4444
      Federal Bar No. CT06534