**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DAVIES, ARTHUR : | |
|     Plaintiff : | |
| : | |
| V. : | NO. 303 CV 0341 CFD |
| : | |
| JINDAL, PAWAN K. and : | |
| JINDAL, SURINDER : | |
| Defendants : | APRIL 19, 2005 |

**PLAINTIFF'S OBJECTION TO DEFENDANT SURINDER JINDAL'S**
**MOTION FOR RECONSIDERATION OR CORRECTION**

The Plaintiff in the above-captioned action respectfully submits that this Court should stand by its recent decision on Defendant Surinder Jindal's Motion to Dismiss and deny Jindal's[1] motion for reconsideration and/or correction of said ruling. For the reasons more fully set forth in the accompanying memorandum of law, Jindal has not set forth sufficient grounds for a reconsideration or correction of the Court's ruling; moreover, the Court's ruling was appropriate and well-supported by applicable law.

---

[1] Although there are two Defendant Jindals in this action, unless otherwise specified "Jindal" will refer specifically to the Defendant, Surinder Jindal.

WHEREFORE, the Plaintiff objects to Defendant Surinder Jindal's motion for reconsideration and/or correction, and respectfully requests that the Court uphold its recent ruling on Jindal's motion to dismiss.

                                                THE PLAINTIFF
                                                ARTHUR W. DAVIES

                                       By_____
                                          Robert J. Guendelsberger, for
                                          Guendelsberger & Taylor
                                          28 Park Lane
                                          New Milford, CT 06776
                                          (860) 354-4444
                                          Federal Bar No. CT06534

## **CERTIFICATION**

     This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record this 19th day of April, 2005, specifically:

Jack G. Stiegelfest, Esq.
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford CT 06126

Frederick M. Vollono, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033               By_____
                                               Robert J. Guendelsberger

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DAVIES, ARTHUR : | |
|     Plaintiff : | |
| : | |
| V. : | NO. 303 CV 0341 CFD |
| : | |
| JINDAL, PAWAN K. and : | |
| JINDAL, SURINDER : | |
| Defendants : | APRIL 19, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION**
**TO DEFENDANT SURINDER JINDAL'S**
**MOTION FOR RECONSIDERATION OR CORRECTION**

I.     FACTUAL BACKGROUND

The Plaintiff will spare the Court another recitation of the operative facts in this matter, in that same are succinctly set forth by the Court in its decision on Defendant Jindal's motion to dismiss. As the Court is aware, on July 2, 2004 Defendant Jindal moved to dismiss Plaintiff's complaint as it pertained to him based on timeliness, and further alleged that the proposed amended complaint did not relate back to him under Rule 15(c). Jindal's motion to dismiss was accompanied by a memorandum of law, and Jindal further submitted a reply brief to the Court on July 16, 2004. The Court entertained argument on this motion on March 4, 2005, and issued its decision on March 31, 2005 denying Jindal's motion to dismiss. On April 7, 2005 Jindal moved

˘3˘

for reconsideration and/or correction of the Court's ruling.

The Plaintiff objects to Jindal's motion for reconsideration and/or correction, and submits that the Court should stand by its well-reasoned decision on Jindal's motion to dismiss.

II.     ARGUMENT

In support of his motion for reconsideration, Jindal sets forth two arguments. First, he claims that the Court improperly interpreted the case of G.F. Co. v. Pan Shipping Co., Ltd., 23 F.3d 1498, 1503 (9th Cir. 1994). Second, he claims that the Court's decision is too broad in scope, in that it takes into account all elements of the relation back doctrine when all elements were not raised in his motion to dismiss. The Plaintiff will address each of these claims below.

    A.    The Court Properly Interpreted Applicable Caselaw in Its Ruling

Jindal does not argue that the Court "overlooked" caselaw, as required by D. Conn. L. Civ. R. 7(c), but instead claims that the Court flat-out misread and misapplied the case of G.F. v. Pan Ocean Shipping Co., Ltd., *supra*. Jindal's contention is unpersuasive. Initially, it should be noted that the Court cited, and relied upon, many other cases in addition to G.F., and expressly noted that it found G.F. "persuasive" in its analysis as opposed to dispositive. Indeed, the similarities the Court points to between this case and G.F. were simply that, in both cases, there

is some question of intentional misrepresentation[2] on the part of the originally named defendant, and that in both cases the plaintiff made a bona fide mistake as to the identity of the defendant owner, as opposed to a strategic decision not to name the owner as a defendant.

Jindal's argument that the Court misinterpreted G.F. seems to be centered on the fact that, in G.F., the complaint explicitly asserted that Panobulk owned the Pan Queen, when Pan Ocean was the actual owner. Jindal goes on to note that this mistaken pleading would have placed Pan Ocean on fair notice of the plaintiff's error, but that no similar mistake can be found in the complaint in this action. Put more simply, Jindal is asserting that the Plaintiff should have set forth claims against Pawan Jindal as operator, and then again as owner of the subject vehicle. As the Court correctly noted, however, "nothing would be gained by setting forth that status." Decision at 9. It is axiomatic that the law does not require a useless act. See e.g. In re Anthony B, 54 Conn. App. 463, 476 (1999). Surinder Jindal maintains, however, that the Plaintiff should have engaged in this redundancy, and his failure to do so forecloses his claim against the true owner. The Court should not be persuaded by this argument any more than it was the first time

---

[2] The Court notes at page 9 of its decision that "[p]ut another way, Pawan Jindal either misrepresented that he was the owner of the vehicle to the police at the scene of the accident, or failed to correct the officer's mistake in the accident report."

˘5˘

Jindal presented it, especially in light of the established construction of the Federal Rules "to minimize technical obstacles to a determination of the controversy on its merits." United States ex rel. Atkins v. Reiten, 313 F.2d 673, 675 (9th Cir. 1963). Jindal's argument is based on hypertechnical reading of Rule 15(c), and works directly against the Court's long-established rule of allowing leave to amend where justice requires. Amendment of the pleading was clearly appropriate in this case, where through no fault of the Plaintiff the identity of the true owner was concealed from him by the vehicle's operator, the owner's brother.

      B.      The Court Properly Decided the Motion to Dismiss

Jindal next claims that the Court erred by considering facts outside the pleadings in ruling on his motion to dismiss. This contention is unpersuasive. Jindal moved for dismissal pursuant to F.R.C.P. 12(b)(6). Motion to Dismiss at 1. In ruling on a motion to dismiss, the Court may, in addition to the pleadings themselves, consider documents that are incorporated by reference into the pleadings. See e.g. Rizzo v. The MacManus Group, Inc., 158 F. Supp. 2d 297, 301 (S.D.N.Y. 2001); San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Companies, Inc., 75 F.3d 801, 808-09 (2d Cir. 1996). This is exactly what the Court did in deciding this motion to dismiss.

As the Court noted in its decision, Jindal's argument was focused solely on the

˘6˘

requirement of Rule 15(c)(3)(B), which provides that the party to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." It is well established that, in ruling on a motion to dismiss, the Court draws all inferences in a light most favorable to the plaintiff. See e.g. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal is not warranted unless it appears beyond doubt that the plaintiff cannot sustain his action. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Given this posture, which is heavily weighted in favor of the plaintiff, the Court could have reasonably concluded that Surinder Jindal either knew or should have known that the Plaintiff was mistaken as to the true identity of the vehicle's owner. The Court could have also reasonably drawn the inference that Surinder Jindal knew or should have known that, as the true owner, he faced liability for the subject accident, and would have been named originally but for his brother's misstatement to the police officer at the scene. In sum, the conclusions and inferences drawn by this Court in denying Jindal's motion to dismiss were sound and proper in light of the burden faced by the Defendant to prevail on such a motion.

      Finally, Jindal claims that the Court improperly decided the remaining elements of Rule 15 against him when Jindal declined to brief or argue same. Arguments not briefed or argued before the Court may be considered abandoned. See Hall v. New York Hospital, 117 Fed. Appx

790, 792; The Salvore, 52 F.2d 278, 278 (1931). Although Jindal did state in his brief that he made his argument "without prejudice to later argument" regarding the first two elements of the Rule 15, Jindal never advanced those arguments, either in his reply brief or at oral argument. He is apparently suggesting that he be permitted to argue the elements of Rule 15 in a piecemeal fashion, waiting for the Court to rule on each element of the relation back doctrine before presenting his argument as to the remainder. The Court should not condone this, and should deny Jindal's motion for reconsideration.

III.    <u>CONCLUSION</u>

      For the foregoing reasons, the Plaintiff respectfully requests that the Court stand by its recent ruling on Surinder Jindal's motion to dismiss, and deny Jindal's motion for reconsideration and/or correction of same.

                                      THE PLAINTIFF
                                      ARTHUR W. DAVIES

                                      By_____
                                      Robert J. Guendelsberger, for
                                      Guendelsberger & Taylor
                                      28 Park Lane
                                      New Milford, CT 06776
                                      (860) 354-4444
                                      Federal Bar No. CT06534

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record this 19th day of April, 2005, specifically:

Jack G. Stiegelfest, Esq.
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford CT 06126

Frederick M. Vollono, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

By_____
Robert J. Guendelsberger

˘10˘