UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR W. DAVIES | : | NO: 3:03 CV 0341 (CFD) |
| vs. | : | |
| PAWAN JINDAL, et al | : | APRIL 26, 2005 |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR RECONSIDERATION OR CORRECTION**

BACKGROUND

By Motion dated April 7, 2005, the defendant Surinder Jindal moved for reconsideration or correction of this Court's Ruling on Motion To Dismiss and Motion for Reconsideration filed on April 1, 2005. Surinder Jindal argued that the Court plainly erred when (1) it considered facts outside the pleadings to decide whether the plaintiff's Amended Complaint related back to the original Complaint, where the only issue properly before it was whether the Complaint, liberally interpreted, permitted a question of fact as to the requirement of Fed. R. Civ. Pro. 15(c)(3)(B) that Surinder Jindal knew or should have known that, but for a mistake as to the identity of the party, he would have been named as a defendant, and (2) it relied upon the authority inapplicable to the issue before it.

The plaintiff has filed an Objection to the Motion for Reconsideration or Correction

1

dated April 19, 2005. In the Objection, the plaintiff argues that the amendment should relate back because he did not know that Surinder Jindal was potentially liable to him. He further recognizes the proper standard for consideration of a motion to dismiss, but ignores the Court's failure to apply it. The plaintiff finally argues that the defendant may not raise in a Motion to Dismiss those elements of Rule 15 that can be decided on the pleadings and reserve for appropriate procedure those that cannot. This Reply Memorandum is filed to point out some of the deficiencies in the plaintiff's arguments.

ARGUMENT

I.  The Plaintiff Ignores the Plain Language of Rule 15(c)(3)(B)

According to the plaintiff, the issue before the Court is simple. "Amendment of the pleading was clearly appropriate in this case, where through no fault of the Plaintiff, the identity of the true owner was concealed from him by the vehicle's operator, the owner's brother." Plaintiff's Opposition Memorandum at 6. Putting aside that the Court was not presented with, and in the context of a Motion to Dismiss could not be presented with, evidence that there was no fault on the part of the Plaintiff or of any conspiracy between the owner and the operator, the entire argument of the plaintiff ignores the plain language of the governing rule. Fed. R. Civ. P. 15(c)(3)(B) permits relation back only if **the defendant** "knew or should have known that, but for a mistake **concerning the identity of the proper party**, the action would have been brought against" him.

-2-

Nowhere does the plaintiff address the question of how the defendant was supposed to know that the original Complaint would have named him when that Complaint itself gives no such indication. Moreover, the plaintiff's argument, that he made a justifiable mistake, does not address the question of whether his mistake was "concerning the identity of **the** proper party." (Emphasis added.) On its face, it was not. The plaintiff properly identified the defendant he intended to sue; this is not a case of misnomer or misidentification. Rather, the plaintiff claims a mistake concerning the potential liability of an entirely different party. The plaintiff quotes that portion of the Court's Ruling indicating that "nothing would be gained by setting forth" the status of Pawan Jindal as owner as well as operator. Ruling at 9. Yet, under a proper application of Rule 15, had the plaintiff pled that Pawan was the owner, he would have gained the ability to claim a mistake as to the identify of the proper party that would be known by anyone reading the Complaint in the event his allegation was wrong. The plaintiff, by choosing not to plead the additional basis for his claim in this matter, deprived himself of any legitimate argument that Surinder Jindal somehow should have known the plaintiff's unstated intention.

The plaintiff's argument ignores the actual language of Rule 15, which formed the basis for the defendant's Motion.

II.   <u>The Plaintiff Correctly Points Out that the Court Applied the Wrong Standard</u>

-3-

On page 7 of his Opposition Memorandum, the plaintiff recites the standard applicable to consideration of a Motion to Dismiss. The plaintiff notes that the Court should draw all inferences in a light most favorable to the plaintiff refuse to dismiss the action unless it appears that the plaintiff cannot prove facts under the Complaint that would sustain his action. The plaintiff argues that the scale is heavily weighted in favor of the plaintiff in the context of a Motion to Dismiss.

It follows that a decision on a Motion to Dismiss indicates only that a question of fact may exist.

> The question posed is "whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of the plaintiff's claims," quoting De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.1978), *cert. denied* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The statute of limitations is a special defense and reliance on it in a motion to dismiss is unavailing if a question of fact is presented as to the defense. Competitive Associates, Inc. v. Fantastic Fudge, Inc., 58 F.R.D. 121, 123 (S.D.N.Y.1973).

Knight v. Hartford Police Department, 2004 WL 2750316 (D. Conn. 11/1/04). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitle to offer evidence in support of his or her claims." United States v. Yale New Haven Hospital, 727 F. Supp. 784, 786 (D. Conn. 1990)(quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Although the Court's Ruling recites this standard, this is not in fact what the Court

-4-

appears to have done. Rather than state simply that there is a question of fact as to relation back, the Ruling includes the statement that "the Court finds that the claims asserted against Surinder Jindal in the amended complaint relate back to the original complaint." Ruling at 11. Where relation back includes the questions of whether Surinder Jindal factually had notice of the Complaint within a certain period of time, there is no way the Court can justifiably make the definitive statement contained in its Ruling. Moreover, even the Court's construction of Rule 15(c)(3)(B), to include situations where the plaintiff did not know that a missing defendant should be named, begs the question of what the plaintiff knew or what Surinder Jindal knew or should have known about what the plaintiff knew. The only way to resolve these question is by consideration of facts outside the pleadings, which the Court erroneously did without converting the Motion to Dismiss into a Motion for Summary Judgment. The Court's Ruling, at page 10 and elsewhere, plainly indicates reliance on facts outside the pleadings, despite the defendant's consistent limitation of his argument to pleadings and the narrow issue claimed. Nor were the documents relied upon by the Court incorporated by reference into the pleadings, as asserted by the plaintiff.

    Moreover, there is no merit to the plaintiff's argument that Surinder Jindal somehow waived the right to contest the applicability of Rule 15(c) on the facts in the event his Motion to Dismiss was denied. There is no authority for such a proposition,

which is directly contrary to proper procedure, under which issues of fact are joined if the Court finds that the matter cannot be disposed of as a matter of law. The defendant raised the only issue that he believed could be decided on the pleadings in his Motion to Dismiss. He did not thereby waive issues that require factual determination that cannot be made in the context of a Motion to Dismiss. The plaintiff's contrary argument on pages 7& 8 of his Opposition Memorandum is supported only by irrelevant authority, including a case that is not properly cited as authority for any purpose, <u>Hall v. New York Hospital</u>, 117 Fed. Appx. 790 (2nd Cir. 2004) ("THIS SUMMARY ORDER . . . MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT").

Although Fed. R. Civ. P. 12(g) generally requires consolidation of issues in a single Motion to Dismiss, the rule expressly includes only defenses "then available to the party which this rule permits to be raised by motion" and expressly excepts a defense of failure to state a claim upon which relief may be granted, which can be raised in any manner according to Rule 12(h)(2). Resolution of any issues of fact were not available to the defendant under Rule 12, and the issues, in any event, involve failure to state a claim upon which relief may be granted, which are not limited to a single Motion to Dismiss.

CONCLUSION

For the foregoing reasons, the defendant Surinder Jindal respectfully maintains that the plaintiff's arguments have no merit and that the Court must reconsider and/or

correct its Ruling on Motion to Dismiss and Motion for Reconsideration.

        THE DEFENDANT
        SURRINDER JINDAL

        BY_____
        Jack G. Steigelfest. (Fed. Bar No. ct05733)
        Howard, Kohn, Sprague & FitzGerald
        Post Office Box 261798
        Hartford, Connecticut  06126-1798
        (860) 525-3101

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 26th day of April, 2005, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Frederick M. Vollono, Esq
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

        _____
        Jack G. Steigelfest, Esq.
        Howard, Kohn, Sprague & FitzGerald