

Slip Copy  
2004 WL 2750316 (D.Conn.)  
**(Cite as: 2004 WL 2750316 (D.Conn.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Keith KNIGHT Plaintiff,
v.
HARTFORD POLICE DEPARTMENT. et al.,
Defendants.
**No. Civ.3:04 CV 00969.**

Nov. 1, 2004.

Francis A. Miniter, Miniter & Associates, Hartford, CT, for Plaintiff.

Helen Apostolidis, Corporation Counsel's Office, Hartford, CT, for Defendant.

*ORDER RE: PENDING MOTIONS*

DORSEY, J.

**\*1** A. Plaintiff's Motion to Amend Complaint [Doc. No. 12] is granted. The Amended Complaint may be filed.

B. Defendants' Motion to Dismiss is granted, in part, and will be considered herein as if addressed to plaintiff's Amended Complaint which specifies the roles of the several defendants in the respective conduct for which they are claimed to be responsible and details some of the acts claimed. The question posed is "whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of the plaintiff's claims," quoting *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.1978), *cert. denied* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The statute of limitations is a special defense and reliance on it in a motion to dismiss is unavailing if a question of fact is presented as to the defense. *Competitive Associates, Inc. v. Fantastic Fudge, Inc.* 58 F.R.D. 121, 123 (S.D.N.Y.1973).

*I. BACKGROUND:*

The facts are recited as alleged in the complaint and regarded as true in considering the Motion to Dismiss. Plaintiff is afforded the benefit of all inferences drawn from the facts alleged.

Plaintiff is a 22 year, black veteran of the Hartford Police Department. He has sought promotion to sergeant and lieutenant by participating in examinations for sergeancies given in 1995, 1998 and 2003 without being promoted. The promotion list from the 1995 examination was "closed down" [FN1] when the top three remaining on the list were minorities and no further promotions were made from that list contrary to prior practice when there were openings in the rank involved. At that time plaintiff's place on the list would have permitted his promotion to fill one of the nine then open sergeancies. An order in an earlier suit challenging the Department's promotion practices, *Cintron v. Vaughn,* D. Conn. Docket 13,578, June 21, 1973 mandated appointment and promotion of minorities. Plaintiff alleges that the examinations were biased against minorities, as a result of which the number of black detectives, lieutenants and captains have decreased. Defendants were advised of alleged bias but through the 2004 examination no corrective steps were taken. The report of that bias was not disclosed by defendants. The oral part of the examination was conducted by senior department officers and white officers from other police departments. Recommendations to rectify problems with oral examinations were not corrected for the 2003 examination. Most of those promoted from earlier examinations have been promoted to lieutenant. Much of plaintiff's work of recent time has been of a nature ordinarily performed by, or supervised by, a captain, for which plaintiff has not been compensated beyond his rank's pay though such as resulted in additional pay for white officers. The Department has not developed nor

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
2004 WL 2750316 (D.Conn.)  
**(Cite as: 2004 WL 2750316 (D.Conn.))**

Page 2

implemented an affirmative action plan. Plaintiff has been an active voice within the Department for equal treatment for minorities. Defendants are or were Chief of the Department at various times relevant to the occurrences on which plaintiff relies.

> FN1. It is not explained in the complaint what is meant by "closed down" but it is assumed that what is intended thereby is that the use of the list for making promotions was terminated.

*II. STANDARD OF REVIEW:*

**\*2** A Rule 12(b)(6) motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *In re Scholastic Corp. Sec. Litig.,* 252 F.3d 63, 69 (2d Cir.2001), *quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A motion to dismiss must be decided on the facts alleged in the complaint. *Merritt v. Shuttle, Inc.,* 245 F.3d 182, 186 (2d Cir.2001). All facts in the complaint are assumed to be true and are considered in the light most favorable to the non-movant. *Manning v. Utilities Mut. Ins. Co., Inc.,* 254 F.3d 387, 390 n. 1 (2d Cir.2001).

*III. DISCUSSION:*

*A. Statute of Limitations:*

Plaintiff alleges violation of his 14th Amendment rights by retaliation by placing him low on the promotion lists, First Count, by conspiring to retaliate, Second Count, by biased examinations and early abandonment of a promotion list, Third Count, by hiding the report of bias in the written examinations, Fourth Count, by use of biased examinations, Fifth Count, and by engaging in a conspiracy to violate plaintiff's rights as alleged in the First through the Fifth Counts, Sixth Count.

Defendant has moved to dismiss the complaint, the first ground of which is that the claims are barred by the statute of limitations. The events of which plaintiff complains range from the 1995 examination (implicated though not specified in ¶ 34 of the third Count) through the 2003 examination. The complaint was filed on June 15, 2004. The parties are not in dispute but that the applicable limitation period, is three years from the date of the act or omission complained of. Conn. Gen.Stat. § 52-577. *Lounsbury v. Jeffries,* 25 F.3d 131 (2d Cir.1994). Thus defendant argues that anything prior to June 15, 2001 is barred as a basis for a claim and seeks dismissal of the entire complaint but agrees that "to the extent that plaintiff's complaint is predicated on vents [*sic* ] that occurred prior to June 15, 2001, it is time barred." Def. Mem. dated August 6, 2004 at 3. Plaintiff's claim is based in part on the 2003 examination and thus the entire complaint cannot be dismissed.

With respect to events prior to June 15, 2001, defendant treats them as isolated instances giving rise to distinct claims and invokes the bar, relying on *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Plaintiff asserts that an overall course of conduct constituted a commitment to a discriminatory animus directed at him and that the several testing occasions and their attendant conduct constituted acts in a discriminatory continuum for which he is entitled to recover. Distinguishing between series of acts which constituted or created a hostile work environment on the one hand and discrete acts of a discriminatory character which individually constituted discrete retaliatory acts, albeit with some continuity or relation to one another, the *Morgan* court foreclosed a recovery for the latter acts except those within the limitation period. 536 U.S. at113. Plaintiff's assertion here of a pattern of discrimination marked by individual acts of such a nature is unavailing as against the *Morgan* holding unless his case is within the continuing violation exception which he argues that he has alleged. *See e .g. Weeks v. New York State,* 273 F.3d 76, 82 (2d Cir.2001) ( "if a plaintiff files a timely [complaint] about a particular discriminatory act committed in furtherance of an ongoing policy of discrimination, the statute of limitations is extended for all claims of discriminatory acts committed under that policy") (citations omitted). Repeated discriminatory acts, similar in nature and effect on plaintiff, do not constitute a continuing violation. Acts would come within an exception and withstand a statute of limitations defense if one act, not barred by an

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2004 WL 2750316 (D.Conn.)
(Cite as: 2004 WL 2750316 (D.Conn.))

Page 3

applicable time limitation, together with the other discriminatory acts alleged, further a discriminatory policy or mechanism. *Lambert v. Genessee Hospital,* 10 F.3d 46, 53 (2d. Cir.1993). This exception permits an action for acts which, alone, would not be timely, if the action is based on at least one act which is not barred by the limitation. *Patterson v. County of Oneida,* 375 F.3d 206, 220 (2004). Plaintiff has alleged a policy of "consistently [engaging] in de facto resistance to racial integration of the upper ranks of the Hartford Police Department ..." Amended Complaint, ¶ 13, "of allowing racially biased examinations to determine the outcome of the 'objective' portion of the promotion examinations," *Id.* ¶ 15 and of using "inherently racially biased" oral examinations on which "minority officers score less well than do white officers." *Id.* ¶ 18. Crediting plaintiff with his allegations as true and affording him the benefit of all inferences reasonably drawn in his favor, he has alleged a claim which is not, on its face when confronted with a motion to dismiss, precluded as untimely. He alleges not merely discrete acts which would be subject to the bar per *Morgan,* 536 U.S. at 113. While individual acts would be discrete acts, when claimed to be in furtherance of an overarching discriminatory policy or mechanism, as here, a continuing violation is alleged. Accordingly, the Motion to Dismiss on this basis is denied.

*B. Conspiracy:*

**\*3** The motion seeks dismissal of conspiracy claims, Counts Two, Four and Six for failure to specify the subsection of 42 U.S.C. § 1985 relied on. Notwithstanding defendants' correct citation of the pleading rules articulated by the Second Circuit which are designed to avoid vague, undetailed, conclusory, general allegations, plaintiff claims to have alleged, as noted above, conduct by the individual defendants to withstand this challenge. On the authority of *Lieberman v. Gant,* 474 F.Supp. 848, 875 (D.Conn.), *aff'd,* 630 F.2d 60 (2d Cir.1980); *Herrmann v. Moore,* 576 F.2d 453, 459 (2d Cir.), *cert. denied* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978); *Remine v. Deckers,* 871 F.Supp. 1538, 1540-41 (D.Conn.1995), the Motion to Dismiss Counts Two, Four and Six is granted as to the City of Hartford and the Hartford Police Department. The individual defendants are alleged to have acted on several occasions constituting discrimination, but nonetheless constituting furtherance of the City's and Department's policy, to avoid the statute of limitations defense. These were not acts independently violative of plaintiff's rights but individuals' acts as City and Department officers which culminated in single discriminatory acts of the City and the Department. Accordingly counts Two, Four and Six are dismissed as to all defendants.

*C. § 1983 Claim:*

Defendant seeks dismissal as to the individuals on the basis that it is not alleged that they participated directly in the discriminatory conduct which allegedly violated plaintiff's rights. *See Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1985). While the actual drafting and administering of the allegedly biased tests is not attributed to the several Chiefs of the Department, it is alleged that the tests and utilization of the results occurred on their respective watches. They allegedly knew of the deficiencies which plaintiff claims resulted in his being discriminated against with respect to promotion, to have failed to correct the deficiencies and to prevent the procedures which resulted in that discrimination. Thus they are alleged to have known of the conduct which resulted in the violation of plaintiff's rights and, being in a position to prevent the ensuing violation, are to be held liable therefore by reason of their allowing the conduct productive of the violation and their failing to intercede to prevent the violation by correcting the testing to eliminate the allegedly resulting bias. Much like an officer who did not act directly as to violate constitutional rights, an officer in a position to intercede to protect a victim from constitutionally violative acts at the hands of another but who failed to do so may also be liable for the violation, so also are the Chiefs subject to the same duty, failing which liability may be imposed. *Id.* Accordingly, defendants' Motion to Dismiss on this ground is denied.

*D. Violation of* Cintron v. Vaughn *Consent decree:*

As plaintiff has stated his lack of any intent to assert a claim that the Consent Decree was violated, the Motion to Dismiss in that regard is denied as moot.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
2004 WL 2750316 (D.Conn.)  
**(Cite as: 2004 WL 2750316 (D.Conn.))**

Page 4

*IV. CONCLUSION:*

**\*4** Plaintiff's Motion to Amend Complaint [Doc. No. 12] is granted. Defendants' Motion to Dismiss [Doc. No. 8] is granted as to the conspiracy claims, Counts Two, Four and Six as to all defendants, and is denied with respect to the defense of a bar of the statute of limitations, the claim of lack of participation on the part of the individual defendants and the claim of lack of standing to claim a violation of the *Cintron v. Vaughn* Consent Decree.

SO ORDERED:

2004 WL 2750316 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**

• 3:04CV00969 (Docket)

(Jun. 15, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.