UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES                              NO: 3:03 CV 0341 (CFD)

vs.

PAWAN JINDAL, et al                          MAY 3, 2005

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT SURINDER JINDAL'S MOTION FOR SANCTIONS**

     By Motion dated April 7, 2005, the defendant Surinder Jindal sought the entry of appropriate sanctions against the plaintiff Arthur Davies based upon the failure of the plaintiff to provide information and documentation responsive to the defendant's July 6, 2004 discovery requests. The impetus for the Motion was the plaintiff's refusal to provide any compliance, even after the entry of this Court's Order granting a Motion to Compel. Instead, the plaintiff filed a Motion for Reconsideration of the Order, in which the plaintiff conceded, given that his discovery objections were based solely on the breadth of the discovery requests, that portions of the discovery requests were not objectionable.

     Nevertheless, despite almost 10 months since the discovery requests were filed and over 1 month since that concession, the plaintiff has not provided the

1

partial compliance mandated by Fed. R. Civ. P. 33(b)(1) and Fed. R. Civ. P. 34(b). Moreover, the defendant contends that the Motion for Reconsideration was frivolous, in that, among other things, the Motion was untimely, was based on the plaintiff's own failure to file an memorandum in objection to the Motion to Compel as required under Local Rule 37(a)(3), and was based on discovery objections that were themselves untimely, as well as without merit.

The plaintiff has now filed an Objection to Motion for Sanctions. The basis of the plaintiff's Objection is that the Motion for Sanctions should be denied as premature until the Motion for Reconsideration is ruled on.

The plaintiff is wrong. The Motion for Sanctions is based in part on the failure of the plaintiff to provide compliance, in the many months since the discovery requests were filed, to the extent the discovery requests were not objectionable. That portion of the Motion is not at all dependent on the outcome of the Motion for Reconsideration. By way of example only, although the plaintiff, on page 7 of the Memorandum he filed in support of his Motion for Reconsideration, writes that "he does not object to providing the Defendant with authorization to inspect his disability claim file, and further does not object to Defendant's request for Plaintiff's medical records for 1991-2001," he has in fact provided no such compliance, despite the passage of over a month since that belated concession.

2

Moreover, the Motion for Sanctions asks the Court, at the time it rules on the Motion for Reconsideration, to address whether the Motion for Reconsideration has a good faith basis, or whether, as it appears, it is another step in a longstanding (and thus far successful) effort to deprive the defendant of timely discovery responses necessary to prepare this case for trial.

The defendant Surinder Jindal's Motion for Sanctions is not premature and, respectfully, should be granted.

THE DEFENDANT
SURINDER JINDAL

BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 3rd day of May, 2005 to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Fred Vollono, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald