UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES         :         NO: 3:03 CV 0341 (CFD)

vs.         :

PAWAN JINDAL, et al         :         SEPTEMBER 12, 2005

## MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT
## (CONVERTED FROM MOTION TO DISMISS BY ORDER DATED AUGUST 12, 2005)

PROCEDURAL BACKGROUND

This action for bodily injuries arising out of an April 20, 2001 motor vehicle accident was initiated in March of 2003 by summons served upon the defendant Pawan Jindal. The plaintiff later moved to add Surinder Jindal as a defendant, and Surinder was served on May 29, 2004.

By Motions dated July 2, 2004, the defendant Surinder Jindal sought to reverse the order permitting him to be added and to dismiss the claim against him. In the Motion to Dismiss, Surinder argued that the claim was legally insufficient in that it was barred on the face of the pleading by the three year limitation of Connecticut General Statutes §52-584. Anticipating the plaintiff's response to this motion, Surinder further argued that his addition to the lawsuit could not relate back to the initial filing of the suit against Pawan Jindal because one of the elements of the relation back doctrine could not be

1

established, again on the face of the pleading.

The plaintiff objected to these motions, arguing that all of elements of the relation back doctrine apply and relying on factual submissions outside the pleading in support of his argument. Surinder refused to address matters beyond his motion, which would require reference to materials outside the pleadings. In its Ruling on Motion to Dismiss and Motion for Reconsideration dated April 1, 2005, the Court permitted reconsideration, but reaffirmed its initial order to cite in and denied Surinder's Motion to Dismiss. In the process, the Court purported to rule on the applicability of the relation back doctrine in its entirety, relying on facts outside the pleading.

Surinder filed a Motion for Reconsideration or Correction of the Court's Ruling, arguing in part that the Court should have converted the Motion to Dismiss to a Motion for Summary Judgment if it was going to consider matters outside the Complaint and decide the applicability of all of the elements of the relation back doctrine. By Orders dated August 12, 2005, the Court granted Surinder's Motion for Reconsideration, vacated its earlier Ruling and provided notice that it was converting the Motion to Dismiss to a Motion for Summary Judgment. The Court further ordered that Surinder's response is due September 12, 2005 and the plaintiff's response due by October 10, 2005. The Memorandum, with supporting documentation, is submitted in compliance with these Orders.

FACTUAL BACKGROUND

On April 20, 2001, Pawan Jindal was operating a motor vehicle owned by Surinder Jindal when he was involved in a motor vehicle accident in which Arthur Davies allegedly sustained bodily injury.

Contrary to some of the representations previously made by plaintiff's counsel and relied upon by the Court, Pawan Jindal did not live with Surinder Jindal at the time of this accident. Both Pawan and Surinder testified at deposition that Pawan was not living with Surinder at the time of the incident, but that Pawan and his family were living in their own apartment as of the time of the accident. Attached to the affidavit of Surinder Jindal is the lease showing that Pawan had a new residence as of May 2000. Pawan did not change the address on his driver's license because he wanted a stable mailing address. Further, both Pawan and Surinder testified that Pawan did not inform Surinder before Pawan took the 1993 Toyota Camry on the day of the accident. Pawan clarified that his own vehicle was out of service and that he did not think Surinder would mind if he took Surinder's car; Surinder states that he did not give permission to Pawan to use the vehicle. In any event, Pawan was on his own business, going to visit his son at college, on the day of the accident and not on any business of Surinder.

As set forth in the Affidavit of Surinder Jindal, Surinder had no knowledge or understanding that he could potentially be sued for the subject accident, where Pawan

-3-

had taken Surinder's vehicle without Surinder's knowledge for Pawan's personal business. Surider was not aware that Pawan had been sued until Surinder himself was sued at the end of May of 2004. Prior to that time, Surinder had never seen the police report and had no knowledge that it erroneously failed to identify him as the owner of the vehicle. Moreover, before he was served with the Complaint, he was never informed by his insurer, Liberty Mutual, or anyone else that he could be sued for the accident.

The plaintiff should have had ample opportunity to learn of and sue Surinder Jindal within the three-year outer time limitation of General Statutes §52-584 had he chosen to do so. Although the police report erroneously lists Pawan as the owner of the 1993 Toyota Camry, Surinder Jindal's ownership at the time of the accident was on record with the New York motor vehicles department and available to anyone who asked. Moreover, the ownership of the vehicle was disclosed in this litigation prior to the lapse of the three-year limitation. The plaintiff filed discovery requests on Pawan Jindal, to which Pawan replied on or about July 18, 2003, well within the three-year period. Those responses appear to provide ample disclosure of Surinder's interest in the vehicle. First, an appraisal of the 1993 Toyota Camry attached to the responses specifically identifies Surinder as the owner. Second, the responses themselves identify Surinder as the insured under the insurance policy providing coverage to Pawan. The attached declarations page for the insurance policy confirms that the policy was issued to Surinder

-4-

and lists the 1993 Toyota Camry as a vehicle covered by the policy; Pawan is not listed on this policy, but rather had his own policy of insurance through Liberty Mutual.

Surinder Jindal asserts that these facts, added to the legal analysis previously provided and provided below, support the entry of summary judgment in favor of Surinder Jindal because there is no genuine issue of material fact and Surinder Jindal is entitled to judgment as a matter of law in that the plaintiff's claim against him is barred by the applicable statute of limitations and does not relate back to the filing of the original Complaint..

ARGUMENT

Service of the Amended Complaint against Surinder Jindal on May 29, 2004 was plainly more than 3 years from the April 20, 2001 date of the accident and thus beyond the outer limitation of Connecticut General Statutes §52-584. The dispute between the parties has therefore focused on whether the Amended Complaint adding Surinder after the statute of limitations has run relates back to the filing of the initial Complaint in March of 2003, within the statutory period.

Federal Rule of Civil Procedure 15(c) governs the relation back of amendments to pleadings. Rule 15(c) provides in pertinent part as follows:

(c)     Relation Back of Amendments.    An amendment of a pleading relates back to the date of the original pleading when
*        *        *

(2)     the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

(3)     the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Surinder Jindal asserts that the conditions of Rule 15(c)(3) have not been met in this case and that the claim against Surinder Jindal therefore does not relate back and is barred by the applicable statute of limitations.

I.     Rule 15(c)(3)(A) permits relation back only when the party to be added received notice of the lawsuit within 120 days of its filing.

By its explicit language, Rule 15(c)(3)(A) requires that an amended pleading adding a new party will relate back only if the party to be brought in by the amendment received notice of the institution of the action within 120 days of service of the original summons and complaint, as provided under Rule 4(m). Where the original Complaint in this action was served in March of 2003, the rule requires that Surinder have notice of the institution of the action by July of 2003.

As set forth in the affidavit of Surinder Jindal, however, Surinder had no notice that

a lawsuit had been brought against Pawan until Surinder was served with the Amended Complaint in late May of 2004. The plaintiff has no evidence to create a genuine issue as to this fact.

In its now-vacated Order denying Surinder Jindal's Motion to Dismiss, the Court suggested that Liberty Mutual's notice of the initial lawsuit against Pawan Jindal should be imputed to Surinder for purposes of applying the relation back doctrine. Although it is conceded that the notice necessary to satisfy Rule 15(c)(3)(A) may be informal in nature, the relationship of insurer to insured will not suffice to impute notice of the lawsuit to Surinder Jindal. An identity of interest for purposes of imputing notice under Rule 15(c)(3) is sometimes found where there is a preexisting relationship between corporate entities sufficient to conclude that notice to one is notice to another. However, the facts of this case do not meet that standard. Liberty Mutual issued separate insurance policies to Pawan Jindal and Surinder Jindal. When Pawan was involved in an accident while operating a vehicle owned by Surinder, he had potential coverage under both policies and Liberty Mutual has responded accordingly. It did not need and did not seek the involvement of Surinder Jindal to defend the claim against Pawan. The mere existence of a contractual relationship is inadequate to find an identity of interests for purpose of imputing notice under Rule 15(c)(3). *See* Bailey v. United States, 289 F.Supp.2d 1197, 1208 (D. Hawai'i 2003); Oros v. Hull Assocs., 217 F.R.D. 401 (N.D. Ohio 2003)(new

claim against property manager does not relate back to suit against property owner).

Most importantly, Surinder Jindal and Liberty Mutual have very distinct interests when it comes to the significance of his addition as a party to this lawsuit. The addition of Surinder Jindal does not at all affect the exposure of Liberty Mutual, which already is exposed under both policies through their coverage of Pawan. By contrast, the addition of Surinder creates a personal exposure to Surinder that is unrelated to any interest of the insurer. Indeed, there is no point to adding Surinder, as the vehicle owner alleged to be vicariously liable for Pawan's vehicle operation, except to try to reach personal assets that involve an interest wholly distinct from the insurer's interest. An identity of interests cannot be found in this situation. *See, e.g.*, <u>Garcia v. Peter Carlton Enterprises, Ltd</u>, 717 F. Supp. 1321 (ND Ill. 1989).

Nor does the brief appearance of Attorney Edward Case for Surinder Jindal change the result. Prior to the time he was served, Surinder Jindal had never heard of Attorney Case or the Law Offices of Nancy Rosenbaum, where Attorney Case worked. He had never retained that law office and they did not represent him prior to the lapse of the time period set forth in Rule 15(c)(3). Before he was served, no one informed him that the plaintiff wanted to add him as a defendant to this lawsuit, which he had never heard of. He did not ask these attorneys to appear on his behalf and was only informed that Attorney Case had done so after the fact. There is a clear conflict of interest between

-8-

Pawan and Surinder with regard to the defense of this litigation, based on the absence of any permission to use the vehicle or agency involved in its use. New counsel appeared for Surinder about one month later and has since pursued a different defense strategy. In short, there is no basis for imputing any notice of this lawsuit on the part of Pawan Jindal or his attorney to Surinder Jindal. *See* Colbert v. Philadelphia, 931 F.Supp. 389 (E.D. Pa. 1996).

The question of prejudice from late notice does not arise until it is shown that there was in fact some notice provided within the period set forth in the Rule. Slater v. Skyhawk Transp., Inc., 187 F.R.D. 185, 195 (D.N.J. 1999). Moreover, the burden is on the party seeking relation back to prove its elements, not the other way around. In re Telligent Services, Inc., 324 B.R. 467 (B.SDNY 2005). The plaintiff cannot establish that Surinder Jindal had notice of this lawsuit within 120 days of its filing and the requirements of the relation back doctrine have therefore not been met.

II.	Rule 15(c)(3) permits relation back only when the party to be added knew or should have known, within 120 days of the filing of the lawsuit, that, but for a mistake concerning the identify of the proper party, the action would have been brought against him.

To defeat the application of the statute of limitations through use of the relation back doctrine, the plaintiff must establish that Surinder Jindal knew or should have known, within 120 days of the filing of the original action, that, but for a mistake

concerning the identity of the proper party, the plaintiff's original action would have been brought against him. The undisputed proof is that Surrender Jindal did not in fact even know about this lawsuit, let alone have knowledge of a purported mistake by the plaintiff in filing it. Moreover, there is no supportable basis upon which it can be concluded that he should have known that he would have been sued but for a mistake concerning the identity of the proper party.

The plaintiff identified and sued the proper party. Pawan Jindal is exactly the person identified in the plaintiff's Complaint and is liable if the plaintiff can prove the allegations of the original Complaint. There was no reason for Surinder Jindal, even if he had known of the lawsuit, to believe that the plaintiff intended anything else. Factually, Surinder did not authorize the use of his vehicle and had no connection with the purpose of that use. He did not believe that he was responsible for the accident and had no reason to hold such a belief. There is no basis upon which the Court may assume that a layperson in his position should assume that, had the plaintiff been aware of his ownership of the vehicle, the plaintiff would have relied upon a statutory presumption to support a lawsuit against him when he has done nothing wrong.

With regard to legal precedent, Surinder Jindal respectfully incorporates his prior memoranda regarding the Motion to Dismiss and Motion to Reconsider or Clarify, which set forth the law supporting his position, as supplemented below.

-10-

A number of cases address the question of whether the relation back doctrine permits a plaintiff, after the statute of limitations has run, to add a new defendant who may be liable in addition to the party initially sued based on knowledge obtained after the initial suit was filed. Most such cases hold that the plaintiff's claim does not relate back, because the plaintiff's failure to name the additional party in the first instance was based on a lack of knowledge rather than a mistake concerning the identity of the proper party. For example, in Schiesler v. Ferrum College, 233 F.Supp.2d 796 (W.D.Vir. 2002), the plaintiff initially sued a college and its officials due to the suicide of a student. The plaintiff later learned that a counselor employed by someone other than the College had interacted with the decedent and sought to add him and his employer after the statute of limitations had run. The plaintiff claimed that she made a mistake in believing that all the people who had interacted with the decedent were employed by the college. The court held that the relation back doctrine did not apply because the rule applies only to mistakes as to the identity of the proper party, not lack of knowledge of who to sue. Without such a restriction on the relation back doctrine, the statute of limitations fails to fulfil its purpose in providing potential defendants with repose, since a plaintiff can continue to add defendants as the plaintiff learns more information through discovery, even after the statute of limitations has long passed.

Similarly, in Mailey v. SEPTA, 204 F.R.D. 273 (E.D.Pa. 2001), the plaintiff was

-11-

injured on a footbridge and sued a number of entities he believed were responsible for

the condition of the bridge. He later learned that two construction companies had been

doing work in the vicinity and sought to add them after the statute of limitations had run.

The court held that "Rule 15(c)(3)(B) does not provide for relation back, however, when a

plaintiff fails to sue a party before the expiration of the statute of limitations because the

plaintiff was unaware that it was a potential party.. . . Rule 15(c)(3)(B) also does not apply

when a plaintiff simply omits from the original complaint a separate, unrelated party,

regardless of whether the omission was unintentional." 204 F.R.D. at 275-76. The court

rejected the plaintiff's argument that relation back should be permitted where there was

no way for the plaintiff to know of the additional potentially liable party prior to suit. In

Slater v. Skyhawk Transportation, Inc., 187 F.R.D. 185 (D.N.J. 1999), the plaintiff

originally sued the owner and operator of a truck involved in an accident. He later

amended to add the owner of the truck yard where the accident happened. The court

held that a lack of knowledge as to a potentially responsible party did not justify use of

the relation back theory and further held that there was no reason for the property owner

to believe that the plaintiff had done anything other make a choice as to which parties to

sue. The court identified and answered two questions in the negative: (1) whether there

was a mistake concerning the identity of the property party, and (2) whether the person

who was not sued had any reason to believe that the plaintiff had not made a decision

regarding which parties to sue.

In brief, the plaintiff asks this court to view this case is an example of mistaken identity, where a plaintiff has alleged liability based on certain characteristics, only to later learn that a person other than the originally named defendant has those characteristics. While most decisions allow relation back in cases of mistaken identity, the present case falls in the distinct category of additional defendant cases, where a plaintiff originally brings suit against one party only to learn that an additional party may also be liable based on newly discovered facts not originally alleged.

> The non-Doe version of this [additional defendant] situation arises in the following way. The plaintiff originally brings suit against D. After discovery, the plaintiff learns that an entirely different party with different characteristics, E, may also be liable. The existence of E does not negate the possibility that the original defendant may be liable and E does not replace D. Instead, the plaintiff seeks to add E as an additional defendant.
>
> *       *       *
>
> Several Third Circuit district court decisions have allowed relation back in this kind of case. . . .
>
> *       *       *
>
> However, **most courts do not allow relation back in this kind of situation**. The Fourth, Sixth and Seventh Circuits have considered the issue and denied relation back. **While not setting forth as firm a rule as that of the Fourth and Seventh Circuits, the Second Circuit has also denied relation back in this type of situation**. District Courts within the First, Tenth, and District of Columbia Circuits also have denied relation back. These courts usually reason that the plaintiff in such a situation is not mistaken as required by the Rule. They hold that being unaware, **for whatever reason**, that another potential defendant exists is not a mistake,

-13-

but is instead just a lack of knowledge, one that could perhaps be perceived
as a tactical choice, and that the Rule does not reach such situations.

Comment, <u>Relation Back of Amendments Naming Previously Unnamed Defendants</u>

<u>Under Federal Rules of Civil Procedure 15(C)</u>, 89 Cal. L. Rev. 1549, 1565, 1568-69

(2001) (emphasis added; footnotes omitted).

The plaintiff did not make a mistake concerning the identity of the proper party

within the meaning of Rule 15(c)(3)(B); he may have lacked knowledge that another party

was also a potential defendant, but that is not the type of misnomer or misidentification

that is encompassed within the Rule. Moreover, even if a mistake within the meaning of

the Rule had been made, it would not satisfy Rule 15(c)(3)(B) unless the defendant knew

or should have known that it had occurred. The Complaint itself reveals nothing that

would put Surinder on notice that he was an intended target of the suit. (In fact, he was

not an intended target, because the plaintiff did not even know he existed.) Moreover,

there is no other evidence sufficient to satisfy the plaintiff's burden of establishing that

Surinder knew or should have known that he would have been sued but for a mistake by

the plaintiff where Surinder never saw or had reason to see the error in the police report

and had no reason to believe that he was liable in the first instance. He was not an active

wrongdoer, and the Court cannot fairly conclude that the typical layperson must assume

he may be potentially liable for an accident that he did not cause while his vehicle was

involved in another's personal use he did not even know about until after the fact.

CONCLUSION

The plaintiff has the burden of establishing that his otherwise clearly time-barred

claim relates back to the filing of his original Complaint.

> Rule 56 of the Federal Rules of Civil Procedure permits a summary
> judgment when the record reflects "no genuine issue as to any material fact
> ... and the moving party is entitled to judgment as a matter of law."
> Defendants' burden is to demonstrate that plaintiff has no evidence in
> support of one or more essential elements of her claim. Celotex Corp. v.
> Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Adickes
> v. S.H. Kress & Co., 398 U.S. 144, 158, 160, 90 S.Ct. 1598, 26 L.Ed.2d 142
> (1970). If movant succeeds, then the non-moving party must present
> evidence demonstrating a genuine issue of fact which if credited could
> reasonably result in a verdict for the non-movant. Anderson v. Liberty
> Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986);
> Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285- 86 (2d. Cir.2002).
> This does not permit non-movant to rest on allegations of the complaint but
> requires evidence in support of specific facts that present a genuine issue
> of material fact. Id. at 249. A mere scintilla is not enough. Evidence in
> support of every element of the claim is required. Larkin v. Town of West
> Hartford, 891 F.Supp. 719, 723 (D.Conn.), aff'd 101 F.3d 109 (2d Cir.1996).
> The record is reviewed in a light most favorable to the non-movant including
> any ambiguities and inferences. Cargill, Inc. v. Charles Kowsky Res., Inc.,
> 949 F.2d 51 (2d Cir.1991).

Hickes-Harris v. Murphy, 2005 WL 1899382 *2 (D.Conn. 8/9/05).

Under the undisputed facts and the law as articulated above and in prior

memoranda, Surinder Jindal is entitled to judgment as a matter of law and therefore

respectfully requests that his converted Motion be granted.

-15-

THE DEFENDANT
SURRINDER JINDAL


BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101




## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 12th day of September, 2005, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Fred Vollono, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033


_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald

-16-