UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR W. DAVIES | : | NO: 3:03 CV 0341 (CFD) |
| vs. | : | |
| PAWAN JINDAL, et al | : | SEPTEMBER 12, 2005 |

## LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, the defendant Surinder Jindal respectfully submits this statement of the material facts as to which he contends there is no genuine issue to be tried.

1.   The plaintiff Arthur Davies alleges that he was injured in a 1993 Toyota Camry, VIN 4T1SK12E8PU01244 [1993 Toyota Camry] accident on April 20, 2001 due to the negligent operation of a motor vehicle by the defendant Pawan Jindal. Original Summons and Complaint (Attached as Exhibit A).

2.   The original Complaint filed by Arthur Davies makes no allegation of liability based on ownership of the 1993 Toyota Camry or against any person other that Pawan Jindal. Exhibit A.

3.   The original Complaint was served on Pawan Jindal in March of 2003. Exhibit A and court file.

4.   The Amended Complaint first naming Surinder Jindal as a defendant

was served upon him on May 29, 2004. Summons and Amended Complaint (Attached as Exhibit B).

5. Surinder Jindal was the owner of a 1993 Toyota Camry as of April 20, 2001. Affidavit of Surinder Jindal, ¶3 (Attached as Exhibit C).

6. Surinder Jindal did not give Pawan Jindal permission to use the 1993 Toyota Camry on April 20, 2001 and did not even know that Pawan had taken the vehicle until after the accident on that date. Exhibit C, ¶4; Deposition of Surinder Jindal, p. 19, 31, 36 (Attached as Exhibit D).

7. Pawan Jindal took the 1993 Toyota Camry for purposes of visiting his son at college in Boston because Pawan's own vehicle was out of service. Pawan Jindal was not on any business for Surinder Jindal or doing anything for Surinder Jindal with the 1993 Toyota Camry on April 20, 2001. Exhibit C, ¶5; Deposition of Pawan Jindal, p. 81-82 (Attached as Exhibit E).

8. Pawan Jindal did not live with Surinder Jindal on April 20, 2001. Exhibit C, ¶6; Exhibit D, pp. 15-16, 30; Exhibit E, pp. 12-14.

9. In May of 2000, Pawan Jindal and his family had moved into their own apartment. Pawan continued to use Surinder's address for purposes of a stable mailing address. Exhibit C, ¶6; Exhibit E, pp. 79-80.

10. Surinder Jindal did not learn that Pawan Jindal had been sued because of the accident until Surinder Jindal was served with a complaint on May

29, 2004. Exhibit C, ¶7.

11. When Surinder Jindal heard about the accident, he had no knowledge or understanding that he could be sued because of the accident where someone else was driving his vehicle for that other person's own purposes without Surinder's knowledge. Exhibit C, ¶8.

12. Surinder never saw the police report for the accident until after he was sued and had no knowledge that the police report erroneously failed to list him as the owner of the 1993 Toyota Camry. Exhibit C, ¶9.

13. Surinder Jindal's ownership of the 1993 Toyota Camry as of April 20, 2001 was on record with the New York motor vehicles department and available to anyone who checked after that time. Exhibit C, ¶10.

14. Pawan Jindal filed responses to the plaintiff's discovery requests on or about July 18, 2003. Pawan Jindal's Responses to Discovery (Attached as Exhibit F).

15. In the body of his discovery responses, Pawan Jindal disclosed that the insurance policy covering him for this loss was issued to Surinder Jindal as the insured. Exhibit F, Interrogatory 7.

16. Pawn Jindal attached to his July 18, 2003 discovery responses as production a copy of an appraisal of the 1993 Toyota Camry specifically identifying Surinder Jindal as the owner of the vehicle. Exhibit F, attached appraisal.

17. Pawan Jindal attached to his July 18, 2003 discovery responses as production a copy of a declarations page for the insurance policy issued by Liberty Mutual to Surinder Jindal and listing the 1993 Toyota Camry as a vehicle covered by the policy. Pawan is not listed on this policy. Exhibit F, attached declarations page.

18. Pawan Jindal had his own insurance policy with Liberty Mutual. Pawan Jindal's Supplemental Compliance with Discovery (Attached as Exhibit G).

19. Before he was served with a complaint on May 29, 2004, Surinder Jindal was not informed by jis insurer, Liberty Mutual, or by anyone else that Pawan Jindal had been sued for the accident of April 20, 2001, that he could potentially be sued for that accident, or that anyone was trying to add Surinder Jindal as a defendant to the lawsuit against Pawan. Exhibit C, ¶11.

20. Liberty Mutual has not reserved its rights with respect to coverage for Pawan Jindal under either the insurance policy issued to him or the insurance policy issued to Surinder Jindal.

21. The interests of Surinder Jindal differ from the interests of Pawan Jindal in this litigation.

22. The interests of Surinder Jindal differ from the interests of Liberty Mutual in this litigation.

23. Attorney Edward Case of the Law Offices of Nancy Rosenbaum

appeared for Surinder Jindal on or about May 19, 2004. Attorney Case then moved to withdraw his appearance for Surinder Jindal on or about June 24, 2004. Substitute counsel appeared for Surinder Jindal on or about June 25, 2004. Appearances and Motion to Withdraw (Attached as Exhibit H).

24.     Before Surinder Jindal was served with a complaint on May 29, 2004, he had never heard of, let alone been represented by, Attorney Edward Case or the Law Offices of Nancy Rosenbaum. Exhibit C, ¶12

25.     Surinder Jindal did not ask Attorney Edward Case or the Law Offices of Nancy Rosenbaum to appear on his behalf in this case and only learned that Attorney Case had done so after the fact. Exhibit C, ¶13.

26.     Surinder Jindal did not do anything to prevent anyone from finding out that he owned the 1993 Toyota Camry or from bringing a lawsuit against him. Exhibit C, ¶14.

27.     Pawan Jindal was in India visiting family from September of 2003 through November or December of 2003. Exhibit E, pp. 47-48.

THE DEFENDANT
SURRINDER JINDAL


BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101


**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 12th day of September, 2005, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Fred Vollono, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033


_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald