# LEASE AGREEMENT
### Jefferson at Merritt Park

1. **DATE OF, PARTIES TO CONTRACT.** This Lease is made and executed this __24__ day of __May__, __2000__, by and between **Jefferson at Merritt Park, L.P., a Delaware limited partnership**, hereinafter called "Landlord" and __Pawan and Aruna Jindal__ hereinafter called "Resident."

2. **PREMISES, INITIAL TERM, RENT CHARGES, SECURITY DEPOSIT.** In consideration for your paying rent and complying with the other provisions of this Lease, we agree to lease to you Apartment __205__, located at __205 Jefferson Blvd.__ Fishkill, New York 12524 (the "Premises"). The initial term of this Lease starts on __May 24__, __2000__ and ends at midnight on __May 23__, __2001__ (the "Lease Term"). Resident will pay $__1195.00__ per month for rental. This is the total of the following:

   $__1195.00__ as base rent; $__na__ as __na__

   All of the above amounts shall constitute rent or additional rent and are payable in advance and without demand, notice, offset or deduction at the on-site Manager's office (or at such other location as directed by Landlord), on or before the first day of each month (the due date). Prorated rental from commencement date to the first of the next month is $__308.00__ and is payable upon execution of this year. Rent may be changed effective at the end of the Lease Term or renewal period, upon not less than one month's prior written notice to Resident. Resident has deposited $__750.00__ with the Landlord as a security deposit.

3. **DELIVERY DATE.** Resident shall take possession under this Lease on the __24__ day of __May__, __2000__. If occupancy is or will be delayed for construction, repairs, cleaning, or holding over by a previous resident, we're not responsible for the delay and this Lease will remain in effect subject to an abatement of rent during the delay as Resident's sole remedy.

4. **UTILITIES AND EQUIPMENT.** During the term of this Lease and any extensions or renewals thereof, and subject to Paragraph 34, the Resident shall be responsible for obtaining and paying for the utilities indicated below. Unless the indicated utilities are obtained by and billed through the Landlord, Resident will make arrangements directly with the utility company for service in his/her/their name. Resident agrees not to allow an interruption in utility service resulting from non-payment or any reason within Resident's control. Resident agrees that Resident's failure to continuously maintain electric, heating and hot water gas, cooking gas, water and sewer, and trash services constitutes behavior which adversely affects the health and safety of other residents or the Landlord or its representatives and shall entitle the Landlord to terminate this tenancy upon seven days notice.

   **RESIDENT RESPONSIBLE FOR UTILITY INDICATED:**

   __x__ Electric Service     __x__ Telephone
   __x__ Heating and Hot Water Gas     __x__ Water and Sewer
   __x__ Cooking Gas     __no__ Trash
                         __x__ Cable TV

5. **AUTHORIZED OCCUPANTS.**
   A. **Enumerated.** In addition to Resident(s) listed in Paragraph 1, the following persons are authorized by Landlord to occupy or be a resident within the Premises: __Same as above, Vikas Jindal and Richa Jindal__. No other persons may occupy or reside in the Premises without first obtaining Landlord's written consent.

   B. **Guests.** If Resident desires to have overnight guests in the apartment who are visiting for more than one week, then Resident agrees to notify Landlord in writing in advance of the occupancy of any guest desiring to extend their stay beyond one week. In any event, no guest may occupy the Premises for more than 15 days without Landlord's prior written consent, which consent Landlord may withhold in its sole discretion.

6. **COSIGNERS.** A cosigner for any Resident shall act solely as surety or guarantor, agreeing to be held liable for any and all unmet financial responsibilities incurred by Resident in connection with this Lease to include, but not be limited to Resident's obligation to pay rent, late fees, damage due to breach of lease and any other costs to Landlord resulting from Resident acts or negligence which produce damage to the Premises or any part of the rental facility. Cosigner may not occupy the Premises and shall not be considered a Resident without Landlord's prior written consent, unless authorized by applicable state law.

7. **APPLICATION.**
   A. **Part of agreement.** Resident's completed Rental Application is incorporated into and made part of this Lease; a copy is affixed to all copies of this Lease.

   B. **Truth a condition.** Statements and representations made by Resident in applying for occupancy of Premises at the rental facility induced Landlord to enter into this Agreement, and if any are found to be materially misleading, incorrect or untrue, Landlord shall be entitled to terminate this Lease without a showing that Landlord was actually injured by the misrepresentation(s) or misleading statement(s). Each Resident listed above expressly warrants that he/she is of legal age to enter into this Lease, such warranty being made to induce Landlord to execute this Lease and lease the Premises listed in Paragraph 2.

8. **LIABILITY AND NOTICES.**
   A. **Generally.** Each Resident listed above shall be jointly and severally responsible to Landlord for full performance under each and every covenant and condition of this Lease Agreement and for compliance with applicable law by the other occupants and the guests of any Resident. Each Resident listed above shall indemnify and hold harmless the Landlord for any acts or omissions of any other listed Resident; any authorized occupant; and the guests of any listed Resident or authorized occupant.

   B. **Notices.** Any written notice given by one Resident to Landlord or by Landlord to one Resident shall affect and apply, with equal force, to all Residents, authorized occupants and, if applicable, Cosigner and Subtenant.

9. **RENT INCREASES.**
   A. **Frequency and amount.** After the initial term of this Lease, Landlord may, from time to time and to the maximum amount permitted by law, increase rent for the Premises.

   B. **Notice.** One (1) month's prior written notice of a rent increase shall be given to Resident; it shall also expressly serve as one (1) full month's notice to quit and vacate the Premises in the event Resident does not agree to pay the rent increase. Resident's continued possession of the Premises on the effective date of the increase shall constitute Resident's agreement to pay the increased rental. Notice of the increase shall be deemed sufficiently given if properly addressed to Resident at the Premises and deposited with the U.S. postal authority with proper postage or if hand delivered to the Premises.

0. **FORM OF PAYMENT, NON-WAIVER.**
   A. **Cash payments will not be accepted.** Landlord has the right to require any and all rent installments be paid by cashier's check, certified check or money orders. Deposits, fees, bills and other costs to Landlord resulting from Resident's breach of Lease, or any act of the Resident, the authorized occupants, any guest of Resident, or any guest of an authorized occupant shall be treated and considered as additional rent due and owing, subject to all provisions contained in this Lease regarding rent payment. Partial payment of any charge against Resident arising from this Lease or applicable law shall not relieve Resident of the obligation to make full and timely payment to Landlord, unless written approval is

27. APPLIANCES. Except for damage caused by Resident, Landlord will furnish and maintain such appliances that are now, or may be placed in the Premises as Landlord shall deem suitable and appropriate, but shall not be liable for any damage which may be caused, directly or indirectly, in furnishing or maintaining the same, or by failure to maintain the same in operation.

28. PROHIBITION AGAINST USE OF LANDLORD'S EMPLOYEES AND STORAGE AND PARKING. If any employee of Landlord shall at the request of Resident, receive, move, handle or store any packages or other articles in any store rooms, parking lot, garage, building, Premises or appurtenances thereto or handle, move or park or drive any automobile placed on the parking lot or garage at the request of Resident, then and in every such event, said employee shall be the agent of Resident and not of Landlord and Resident acknowledges said employee to be his/her agent; and Landlord shall not be liable for any loss, damage or expense that may be suffered or sustained in connection therewith. Any personal property which may be left in or about any motor vehicle shall be at the sole risk of Resident or the parties owning the same and Landlord shall be in no event liable for the loss, destruction, theft of or damage to such property or motor vehicle except as may be provided by law.

29. PETS. No dogs, cats, parrots or any other pets shall be permitted, kept or harbored in the Premises without express written consent of the Landlord, first had and obtained. In the event that written consent is given, Landlord reserves the right in its sole discretion to withdraw said consent, and Resident agrees that upon notification of such withdrawal, Resident will remove the pet from the Premises within 15 days of notification. Nothing herein shall prevent a Resident who is blind or deaf from keeping or maintaining a dog on the Premises provided the dog is certified as being specifically trained to aid Resident in his or her condition.

30. RIGHT TO SHOW PREMISES. The Landlord shall have the right during the last thirty (30) days of the term herein created to show the Premises to prospective residents during reasonable hours, after notice to Resident.

31. SUBORDINATION. This Lease is subject to all present or future mortgages or deeds of trust affecting the Premises and Resident hereby appoints the Landlord as his/her attorney in fact to execute and deliver any and all necessary documents to subordinate this Lease to any such mortgage or deed of trust or other document evidencing a security interest in the Premises.

32. UNAVOIDABLE ACCIDENT. If the Premises are damaged by fire, rain, wind or other casualty then Landlord, at Landlord's sole option, shall cause the Premises to be repaired within a reasonable time or may elect in writing to terminate the tenancy. In the event that the damage occurs as a result of action taken by Resident or by Resident's family, or guests, then Resident shall be responsible for all damage and there shall be no abatement of rent. In the case that the damage is not the responsibility of Resident and the damage is so extensive as to render the Premises untenable, the rent shall cease until the Premises are repaired.

33. COMPROMISE NON-ENFORCEMENT. If a court proceeding for repossession or non-payment of rent shall be commenced and a settlement or compromise effected either before or after judgment whereby Resident shall be permitted to retain possession of the Premises, such proceeding or compromise shall not constitute a waiver of any condition or covenant contained herein or of any subsequent breach of this Lease. Landlord's failure to enforce a provision of this Lease will not operate to permit a similar or subsequent breach of any provision of this Lease by this or any resident at the rental facility.

34. UTILITY CONVERSION. Landlord reserves the right to convert the responsibility for payment of any utilities now provided by Landlord to Resident at any time whether during the initial term of this Lease or otherwise upon the following conditions: (a) Notice. Resident shall receive written notice at least two (2) months prior to the effective date of the conversion; the notice will be an offer to reduce the Resident's rent in an amount commensurate with the monthly average of actual utility consumption experienced by the Landlord during the previous twenty-four (24) months and (b) Date of transfer of payment. Transfer of financial responsibility for payment of any utilities converted to direct payment by Resident shall occur at the commencement of a rent payment cycle, namely on the first day of a month.

35. GENDER, NUMBER SEVERABILITY. Within the provisions of this Lease, feminine or neutral pronouns shall be substituted for those of masculine form, and the plural shall be substituted for the singular number any place in which the context may require such substitution. If any provision, clause, sentence, section or part of this Lease is held illegal, invalid or inapplicable to any person or circumstances, the remaining provisions, clauses, sentences or section shall not be affected or impaired. To the extent that a portion of this Lease may be invalid unless certain words or phrases are struck, and the remainder of the provisions and other portions of this Lease shall remain in full force and effect.

36. WAIVER OF BREACH NOT A GENERAL WAIVER. No waiver of any breach of covenants, provisions, or conditions contained in this Lease shall be construed as a waiver of a covenant, provision or condition itself, or any subsequent breach thereof; and if any breach shall occur and afterwards be compromised, settled or adjusted, this Lease shall continue in full force and effect. This Lease shall be deemed to survive and shall not be merged into any judgment which may be rendered in any court of competent jurisdiction in any action in or arising out of the execution of this lease or the occupancy of the Premises which are the subject matter of this Lease.

37. SPECIAL PROVISIONS. ~~A fee of $250.00 will be paid for the community ammenities.~~ this is a non-refundable fee

38. ENTIRE AGREEMENT. This document with the attachments contains the final and entire Lease between the parties hereof, and no party shall be bound by any term, condition or representation, oral or written, not set forth or provided herein. The conditions, covenants and Rules contained in this Lease may be legally enforced by the parties of this Lease, their heirs, successors and assignees, respectively. Nothing shall prevent modification of the terms of this Lease by mutual agreement through the execution of a written Addendum affixed to all copies of this Lease. Time is of the essence in Resident's compliance with all terms and provisions herein.

Date: 05/24/00   Resident: [signature]
Date: 05/24/00   Resident: Aruna Jindal
Date: _____   Resident: _____
Date: _____   Co-signer/Guarantor: _____

Landlord:
By: JEFFERSON AT MERRITT PARK, L.P., a Delaware limited partnership
  By: JPI Apartment Management, L.P., a Delaware limited partnership
    By: Lifestyle Apartment Management LLC, a Delaware limited liability company

By: [signature]
Name: Kathleen Leith
Title: Asst. Manager