UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVIES, ARTHUR<br>　　Plaintiff | :<br>:<br>: |
| V. | :　　NO. 303 CV 0341 CFD |
| JINDAL, PAWAN K. and<br>JINDAL, SURINDER<br>Defendants | :<br>:<br>:<br>:　　OCTOBER 28, 2005 |

**PLAINTIFF'S OBJECTION TO DEFENDANT SURINDER JINDAL'S
MOTION FOR SUMMARY JUDGMENT**

I.　　FACTUAL BACKGROUND

　　The instant action was commenced by complaint dated February 25, 2003 and concerns an automobile accident which occurred on April 20, 2001. The Plaintiff, Arthur Davies, alleges that he was eastbound on Interstate 84 in Middlebury, Connecticut when he was rear-ended by the Defendant, Pawan K. Jindal. Complaint, Count One at ¶¶ 1-3. The Plaintiff brought suit both against the tortfeasor, Pawan K. Jindal, and against the Plaintiff's own insurance company for uninsured/underinsured motorist benefits. Id., Count Two.

The police report regarding the above action stated that the Defendant, Pawan K. Jindal, owned the vehicle which he was operating at the time the accident occurred. <u>Exhibit C</u>. In fact, this turned out not to be true. Pawan admitted at his deposition, which was taken on January 29, 2004, the vehicle was, in fact, owned by his brother, Surinder Jindal. <u>Facts</u>, ¶ 34. The Defendant further testified that he lived with his brother in 2001 and worked as an office manager in his brother's medical practice. <u>Id</u>. ¶¶ 28-29. Pawan Jindal further testified that he kept his own vehicle at Surinder's house, had access to Surinder's car keys, had used Surinder's vehicle in the past, and could borrow Surinder's vehicle "at any time". <u>Id</u>. at ¶¶ 30-32. Neither Pawan Jindal nor Surinder Jindal ever made any effort to correct the misinformation contained in the police report. <u>Id</u>. at ¶ 35. Despite Pawan's history of permissive use of Surinder's vehicle, Surinder claims that on April 20, 2001 Pawan did *not* have his permission to use the vehicle. <u>Id</u>. at ¶ 37. Despite his claim that Pawan took the subject vehicle without permission, Surinder never reported the vehicle as stolen to the police, <u>Id</u>., and could not remember ever having told his insurance company that Pawan had taken the vehicle without permission. <u>Id</u>. at ¶ 38. Moreover, Surinder's insurance company has made no effort in this action to disclaim coverage, limit coverage, or reserve its coverage rights with respect to Pawan Jindal. <u>Id</u>. at ¶ 39.

Surinder Jindal claims that he had absolutely no knowledge of the instant lawsuit until he was added as a defendant in May of 2004. Id. at ¶ 4. However, the initial summons and complaint was mailed via certified mail/return receipt requested to Pawan Jindal at Surinder Jindal's home at 11 Peters Drive in Wappingers Falls, NY. Id. at ¶ 40. The return receipt was signed for by an individual whose signature is completely different than Pawan's, but similar to Surinder's. Id. Moreover, Surinder's claim that his brother, who lived and worked with him, never mentioned that he had been sued as a result of the motor vehicle accident involving Surinder's car stretches the imagination.

Finally, it is relevant to note that, three business days after Pawan's deposition (in which the identity of the true owner was discovered), on February 3, 2004, the Plaintiff moved to add Surinder as a party defendant. At this point, an action against Surinder Jindal would have still been timely pursuant to the repose provision of C.G.S. 52-584. However, the Plaintiffs did not receive permission from the Court to add Surinder Jindal as a defendant until April 22, 2004, at which time the statute of limitations had run.

II.   <u>APPLICABLE LAW</u>

  A.   <u>Standard Governing Summary Judgment</u>

Summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Fed. R. Civ. Pro.</u> 56(c). The moving party bears the burden of establishing the non-existence of any material fact. <u>U.S. v. Collado</u>, 348 F.3d 323, 327 (2d. Cir. 2003). In ruling upon a motion for summary judgment, the Court must draw all inferences in favor of the non-moving party. <u>Ramseur v. Chase Manhattan Bank</u>, 865 F.2d 460, 465 (2d. Cir. 1989). All available evidence must also be viewed in the light most favorable to the party against whom summary judgment is sought. <u>United States v. All Funds Distributed to Weiss</u>, 345 F.3d 49 (2d Cir. 2003).

  B.   <u>Standard Governing Additions of Parties to Litigation</u>

Rule 21 of the Federal Rules of Civil Procedure provides in pertinent part that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." The provisions of Rule 21 provide the

Court with broad discretion in this matter. Andujar v. Rogowski, 113 F.R.D. 151, 154 (S.D.N.Y. 1986). With respect to adding additional parties to an action, if the pre-requisites established in Fed. R. Civ. Pro. 15(c) are met, the amendments relate back and prevent imposition of a statute of limitations defense. 7 Wrights & Miller § 1688 at 476, see also Dow Corning Corp. v. Chemical Design, Inc., 3 F.Supp.2d 361, 364 (W.D.N.Y. 1998).

Rule 15(c), in turn, provides the method by which a pleading may be amended to include a new party and relate back to the date of the original pleading. Rule 15(c)(2) provides that an amendment relates back to the date of the original pleading if the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the complaint. Rule 15(c)(3) states that, where an additional party is added, the provisions of Rule 15(c)(2) must satisfied and, in addition, the new party must have "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed R. Civ. Pro. 15(c)(3). Leave to amend the pleadings "shall be freely given when justice so requires." Fed R. Civ. Pro. 15(a). The provisions of Rule 15 "has been liberally construed, and leave should be granted absent

prejudice or bad faith." Forman v. Davis, 371 U.S. 178, 182 (1967). Amendments are generally favored, as they tend "to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957).

As the Second Circuit noted in SEC v. Montle, 65 Fed. Appx. 749, 754 (2d Cir. 2003), "[t]hree requirements must be met under Rule 15(c) for an amended complaint that names a new party to deemed to relate back to the original timely complaint: (i) both complaints must arise out of the same conduct, transaction, or occurrence; (ii) the additional defendant must have been omitted from the original complaint by mistake, and (iii) the additional defendant must not be prejudiced by the delay. See also VKK Corp. v. National Football League, 244 F.3d 114, 128 (2d Cir. 2001) The Plaintiff submits that summary judgment is not warranted in this case, in that genuine issues of fact exist as to each of the above elements. Initially, it is undisputed that the first element of the test is satisfied, in that both complaints arise out of the same occurrence. The Plaintiff will discuss the remaining elements in detail below.

III.   ARGUMENT

    A.   <u>Surinder Jindal Was Not Named in the Original Lawsuit Due to Mistake</u>

It is undisputed that the police report generated as a result of this accident identifies Pawan K. Jindal as the owner, as well as the operator, of the vehicle that struck the Plaintiff. Had the Plaintiff known of the true owner's identity, he would have been included in the original suit. Indeed, upon discovering the owner's true identity during Pawan's deposition, the Plaintiff moved quickly, and within three business days (and within the statute of limitations) had requested the Court permit Surinder Jindal to be added as a party defendant. Due to the misinformation contained in the police report, the Plaintiff mistakenly believed Pawan Jindal to be the owner of the subject vehicle.[1] It is clear that the exclusion of Surinder from the original complaint was due not to any strategic choice on the Plaintiff's part, but on the mistaken identity of the vehicle owner.

---

[1] It is also perhaps worth noting that the Plaintiff attempted to depose Pawan Jindal from September through November 2003, and finally was required to seek the Court's assistance in doing so. Pawan Jindal was finally deposed on January 29, 2004.

B. <u>No Prejudice Would Befall Surinder Jindal as a Result of His Late Inclusion in This Matter</u>

The Court must also determine that no prejudice would befall the newly-added defendant as a result of his inclusion in this lawsuit. <u>SEC v. Montle</u>, *supra*. The Plaintiff submits that no such prejudice exists. Surinder Jindal was added to this lawsuit by Court order on April 22, 2004. At that time, the parties had exchanged paper discovery and Pawan Jindal's deposition had taken place. Since being added as a defendant, Surinder has actively participated in this action by issuing paper discovery to the Plaintiff, and deposing the Plaintiff and one of his treating physicians. This is not a case where the newly-added party finds himself on the eve of trial with no chance to prepare his case. To the contrary, Surinder's inclusion at this point provides him ample time to conduct discovery and prepare his defense.

C.     <u>Bona Fide Factual Disputes Exist as to Whether Surinder Jindal Knew of This Action Within 120 Days of Its Commencement</u>

Surinder Jindal claims that he had no knowledge of the instant lawsuit until he was brought in as a defendant in same in May, 2004.[2] Under Rule 15(c), formal notice is not required – it is sufficient where the party receives notice through "informal means". <u>Blaskiewicz v. County of Suffolk</u>, 29 F. Supp. 2d 134, 138 (E.D.N.Y. 1998). In this case, sufficient evidence exists to infer that Surinder Jindal knew of the instant lawsuit between March and June of 2003. First, service on Pawan Jindal was effected by certified mail to Surinder Jindal's home address in March 2003, and was quite possibly signed for by Surinder Jindal himself. Second, it defies all logic that Surinder's insurance company would not have contacted him regarding the accident and resulting lawsuit. Finally, Pawan Jindal is Surinder Jindal's brother, lived with him at the time of the accident, and worked in his medical practice. <u>Facts</u> ¶ 28-29. All of these facts support a finding that Surinder Jindal did, in fact, know of this lawsuit within 120 days of its commencement.

---

[2] During his deposition there were numerous things that Surinder Jindal claimed not to remember, including whether he owned 11 Peters Drive in April 2001 (<u>Depo</u> at 13), how many motor vehicles he owned in April 2001 (<u>Id</u>. at 20), how Pawan Jindal accessed his car on 4/20/01 (<u>Id</u>. at 24), whether or not he had ever given Pawan permission to use his vehicle before 4/20/01 (<u>Id</u>. at 26-27), whether Surinder's wife gave Pawan permission to use the car on 4/20/01 (<u>Id</u>. at 31), and whether Pawan had worked for him on 4/20/01 before taking the car (<u>Id</u>. at 35).

D. <u>Surinder Jindal Knew, or Should Have Known, That But For a Mistake Concerning the Identity of the Proper Party, the Action Would Have Been Brought Against Him</u>

Jindal also claims that he had no way of knowing that he would have been a defendant in this action but for the misinformation contained in the police report. This claim is unpersuasive. Everyone is presumed to know the law, and ignorance of the law is no excuse. See e.g. <u>Provident Bank v. Lewitt</u>, 84 Conn. App. 204 (2004). In this case, the Court need only make the reasonable conclusion that Surinder knew, or should have known, that as the owner of the vehicle he faced potential liability for the negligence of his brother. It is also noteworthy that neither Surinder nor Pawan Jindal ever attempted to correct the police report in this action, Facts ¶ 35, and that Surinder's insurance carrier has been defending Pawan in this action. Pawan lived with Surinder at the time the accident occurred. Id. ¶ 28. Pawan worked in Surinder's medical office as his office administrator. Id. ¶ 29. According to Pawan, he was permitted to use Surinder's vehicle "at any time", and had done so more than once prior to the day of the accident. Id. ¶ 31. The accident caused extensive damage to Surinder's vehicle, requiring it to be towed from the scene. Id. ¶ 36. Despite Surinder's protestation of ignorance, there are at least

genuine issues of material fact as to whether Surinder knew, or should have known, that but for the misinformation contained in the police report he would have been a party to this lawsuit.

IV.   CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that Surinder Jindal's motion for summary judgment be denied.

THE PLAINTIFF
ARTHUR W. DAVIES

By _____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776
(860) 354-4444
Federal Bar No. CT06534

-11-

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record this 28th day of October, 2005, specifically:

Jack G. Stiegelfest, Esq.
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford CT 06126

Edward W. Case, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

By _____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776
(860) 354-4444
Federal Bar No. CT06534