UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVIES, ARTHUR | : | |
|     Plaintiff | : | |
| | : | |
| V. | : | NO. 303 CV 0341 CFD |
| | : | |
| JINDAL, PAWAN K. and | : | |
| JINDAL, SURINDER | : | |
|     Defendants | : | OCTOBER 28, 2005 |

PLAINTIFF'S RULE 56(a)2 STATEMENT

Pursuant to Local Rule 56(a)(2), the Plaintiff in the above-captioned action hereby responds to the Defendant's Local Rule 56(a)(1) statement as follows:

1. Admitted.

2. Admitted.

3. Plaintiff admits that service of the original complaint was effected upon Pawan Jindal in March 2003 by mailing same, via certified mail, to 11 Peters Drive, Wappingers Falls, NY 12590. See Return of Service, attached to Guendelsberger Decl. as Exhibit A.

4. Admitted.

—1—

5.  Admitted.

6.  Denied. See Deposition of Pawan Jindal at pp. 33-34 (Copy attached to Guendelsberger Decl as Exhibit B)

7.  Plaintiff admits Pawan Jindal was en route to visit his son on the date of the accident.

8.  Denied. See Exhibit B at pp. 12-16.

9.  Denied. See Exhibit B at pp.12-16.

10. Denied. A certified copy of the original complaint was mailed to 11 Peters Drive, Wappingers Falls, NY 12590. Exhibit A.

11. Plaintiff denies the portion of this paragraph which states "without Surinder's knowledge." The remainder of this paragraph is admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Plaintiff can neither admit nor deny this paragraph.

21. Plaintiff can neither admit nor deny this paragraph.

22. Plaintiff can neither admit nor deny this paragraph.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

**PLAINTIFF'S STATEMENT OF SUPPLEMENTAL MATERIAL FACTS**

28. In April 2001, Pawan Jindal was living, on at least a part-time basis, with his brother, Surinder Jindal, at 11 Peters Drive, Wappingers Falls, NY 12590. Exhibit B, pp. 12-15.

29. In April 2001, Pawan Jindal worked for his brother Surinder Jindal as his office manager. Exhibit B, pp. 39-41.

30. Prior to the motor vehicle accident on April 20, 2001 Pawan Jindal routinely parked his motor vehicle at the 11 Peters Drive residence. Exhibit B, p.13.

31. Prior to April 20, 2001 Pawan Jindal was allowed by his brother, Surinder Jindal, to borrow Surinder's car "at any time", and had done so on more than one occasion prior to April 20, 2001. Exhibit B, p. 34.

32. Prior to April 20, 2001 Pawan Jindal had ready access to the keys to Surinder Jindal's motor vehicle. Exhibit B, p. 34.

33. The police report generated from the subject motor vehicle accident indicates that Pawan Jindal informed the police that he was the owner of the involved motor vehicle. Police Report attached to Guendelsberger declaration as Exhibit C.

34. Pawan Jindal, in his deposition, admitted that his brother, Surinder Jindal, in fact owned the motor vehicle involved in the accident. Exhibit B, pp. 24.

35. At no time did Pawan Jindal or Surinder Jindal make any effort to correct this misinformation on the police report.

36. As a result of the accident, there was "quite a bit" of damage to the front of Surinder Jindal's vehicle, the airbag deployed, and the vehicle had to be towed from the scene. Exhibit B, p. 57-58.

37. Surinder Jindal did not report his 1993 Toyota Camry as stolen to the police on April 20, 2001, despite his claim that Pawan took the vehicle without Surinder's permission. Deposition of Surinder Jindal at p. 24, 36-37 (copy attached to Guendelsberger declaration as Exhibit D).

38. Surinder Jindal did not inform his insurance company that Pawan Jindal had been operating Surinder's 1993 Toyota Camry without Surinder's permission. Exhibit D, p. 27.

39. Surinder Jindal's insurer has made no attempt to limit coverage, disclaim coverage, or reserve its rights with respect to coverage of the subject motor vehicle accident.

40. The original lawsuit against Pawan Jindal was mailed via certified mail/return receipt requested to Pawan Jindal at 11 Peters Drive, Wappingers Falls NY 12590. Exhibit A. The return receipt was signed for on March 6, 2003. Exhibit E. The signature thereon is wholly dissimilar to that of Pawan Jindal, but is similar to the signature of Surinder Jindal (cf. Exhibit E; Defendant's Exhibit C (signature of Pawan Jindal on lease agreement); Defendant's Exhibit C (signature of Surinder Jindal).

THE PLAINTIFF,

By _____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776
(860) 354-4444
Federal Bar No. CT06534

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record this 28th day of October, 2005, specifically:

Jack G. Stiegelfest, Esq.
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford CT 06126

Edward W. Case, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

By_____
Robert J. Guendelsberger, for
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776
(860) 354-4444
Federal Bar No. CT06534

-6-