UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR W. DAVIES | : | NO: 3:03 CV 0341 (CFD) |
| vs. | : | |
| PAWAN JINDAL, et al | : | NOVEMBER 7, 2005 |

**REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT
(CONVERTED FROM MOTION TO DISMISS BY ORDER DATED AUGUST 12, 2005**)

I.   The Requirements for Relation Back Are Set Forth in Rule 15(c)(3).

In his filings before this Court, the plaintiff has consistently sought to water down the requirements of the rule controlling the relation back of amendments adding a new party to a suit. Although aspects of FRCP 15(c)(3) have changed since the Supreme Court's decision in <u>Schiavone v. Fortune, Inc.</u>, 477 U.S. 21 (1986), the basic structure of the rule continues to include the elements recognized in that opinion:

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

1

Id. at 29.[1] The plaintiff's citation to SEC v. Montle, 65 Fed. Appx. 749 (2nd Cir. 2003), on page 6 of his Memorandum, for less onerous requirements cannot control over the plain language of the rule, as parsed by the Supreme Court. Indeed, one might suggest that the Second Circuit Court of Appeals issues unpublished decisions like Montle that contain loose language and incomplete written analysis only because those opinions cannot under Local Rule of the Second Circuit §0.23 be cited as authority in a case like this, a prohibition that the plaintiff here inexplicably ignores.

II.   There Are No Genuine Issues of Material Fact As To Issues Decisive of the Defendant's Motion.

The factual material relied upon by the plaintiff to oppose the defendant's Motion for Summary Judgment either does not establish a genuine dispute or is not material to the merits of the defendant's Motion.

For example, the plaintiff spends much of his memorandum, pages 2, 9-10, trying to raise a question of fact as to where Pawan Jindal lived or whether Pawan Jindal had permission to take Surinder's car. Although the parties differ as to the significance of the basic facts, there is no real dispute regarding them.

Pawan Jindal had formerly resided with Surinder at 11 Peters Driver, but had his

---

[1] The formulation of this test in the defendant's memorandum incorporates the time requirements of the fourth element of the Schiavone test into each of the second and third elements.

2

own apartment with his family at the time of the loss. The apartment was small and considered transitory, so Pawan continued to use 11 Peters Drive as the address on his driver's license and he continued to keep some possessions there. The plaintiff claims these facts establish that Pawan was "living" at 11 Peters Drive; the defendant claims the opposite. Similarly, the undisputed facts establish that Pawan Jindal did not tell Surinder Jindal he was going to take Surinder's car and go to Boston on the day of the accident because Pawan's own vehicle had broken down. Although he had used Surinder's car on prior occasions, when asked it was okay with Surinder for him to take Surinder's vehicle, Pawan replied only, "I think so." Exhibit E to defendant's Local Rule 56(a)(1) Statement, at 34. He clarified that he did not know if his brother liked him taking the car and that he did not involve his brother in taking the car on the day of the accident. Exhibit E to defendant's Local Rule 56(a)(1) Statement, at 82. He had access to the keys, so he took the car. The plaintiff apparently claims some sort of implied authority; the defendant points out that he did not even know the car was gone, and maintains that he did not give permission to any one to take it on the day of the accident.

    What is most noteworthy about the parties' disparate characterizations of the undisputed facts is that they are not material to the critical issues of whether the defendant had notice of the lawsuit within 120 days of its initiation or whether the defendant knew or should have known that but for a mistake he would have been named

3

in that lawsuit within that time period.

On the question of notice of the lawsuit, the only relevant argument of the plaintiff is that the original lawsuit was mailed to 11 Peters Driver and signed for by someone. Initially, the plaintiff's claim that the signature on the response card for the envelope containing the suit papers "is similar to the signature of Surinder Jindal" on his affidavit is absurd. The signatures are not at all alike. Even if they were and this raised a question of fact as to whether Surinder signed for the letter, signing for a letter does not begin to establish that Surinder knew what was in the envelope or that he was on notice that Pawan had been sued for this accident. This evidence does nothing to call into question Surinder's repeated and consistent statements under oath that he was unaware of this lawsuit until he himself was served after the statute of limitations had run..

Indeed, it is fair to conclude that the plaintiff's argument is but smoke and mirrors, particularly where the plaintiff has admitted, in paragraph 19 of the Plaintiff's Rule 56(a)(2) Statement, that:

> 19. Before he was served with a complaint on May 29, 2004, Surinder Jindal was not informed by his(sic) insurer, Liberty Mutual, or by anyone else that Pawan Jindal had been sued for the accident of April 20, 2001, that he could potentially be sued for that accident, or that anyone was trying to add Surinder Jindal as a defendant to the lawsuit against Pawan.

If, as admitted here, Surinder had not been informed of these facts within the relevant time period, there is no basis for the court to conclude that he was on notice of the

4

lawsuit against Pawan.

On the critical issue of whether the plaintiff's failure to realize that Surinder was the owner of the vehicle constitutes a mistake "as to the identity of the proper party" within the meaning of Rule 15(c)(3), the plaintiff cites no authority at all. For the reasons set forth in the many authorities cited in the defendant's Memorandum of Law, the plaintiff's supposed lack of knowledge of a potential defendant in addition to the one he in fact sued, although it may have resulted from a mistake by the plaintiff, does not constitute "a mistake as to the identity of the proper party" under Rule 15(c)(3), where the party initially sued was in fact the one who did the things alleged in the original complaint.[2] Rather the situation describes a lack of knowledge of an additional defendant, which is not encompassed within the rule.

Moreover, although the plaintiff asserts, on page 7 of his Objection, that he would have named Surinder if he had known that Surinder was the owner, this claim falls far short of meeting the plaintiff's burden. The plaintiff's assertion that he was misled by the content of the police report is made without any evidentiary support. That claim is further

---

[1]It is further noteworthy that the plaintiff's arguments to extend the statute of limitations are inconsistent with the interpretation of the Connecticut courts on the application of its statutes. *See* Palazzo v. Delrose, 91 Conn. App. 222 (2005)(no relation back of amendment adding claim against initial defendant's employer based on respondeat superior theory).

5

rendered suspect by the plaintiff's admission that he had sufficient information, well within the statute of limitations, to put him on notice that Surinder was in fact the owner of the vehicle. Rule 56(a)(2) Statement, ¶¶13-17.

As for whether the defendant knew or should have known that a mistake had been made, the plaintiff is again defeated by his own admissions. In paragraph 11 of the Plaintiff's Rule 56(a)(2) Statement, the plaintiff admits that "[w]hen Surinder Jindal heard about the accident, he had no knowledge or understanding that he could be sued because of an accident where someone else was driving his vehicle for that other person's own purposes . . ." The plaintiff denied only that portion of this paragraph that added "without Surinder's knowledge." The admitted portion of the statement establishes that Surinder had no reason to understand that the plaintiff had supposedly made a mistake. Moreover, it is undisputed that Surinder had no knowledge that Pawan had taken his car on the day of this accident. Pawan testified that he did not tell Surinder and Surinder testified that he did not know.

In addition, the plaintiff admits that the original complaint makes no allegation of liability based on ownership of the 1993 Toyota Camry or against any person other than Pawan Jindal. Rule 56(a)(2) Statement, ¶2. This case is thus unlike the decision in G.F. Co. v. Pan Ocean Shipping Co., Ltd., 23 F.3d 1498 (9th Cir. 1994). In G.F. Co., the plaintiff initially sued an agent of the owner of a vessel and did not learn until after the

6

expiration of the statute of limitations that Pan Ocean was actually the owner. The Ninth Circuit upheld the district court's ruling allowing the plaintiff to add Pan Ocean and have the claim against it relate back to the original complaint against the agent. As quoted by this Court in its Ruling, the Ninth Circuit explained:

> The complaint, which erroneously asserted that Panobulk owned, operated, and controlled the Pan Queen, illustrates that G.F. was mistaken. This mistake is confirmed by the affidavit of G.F.'s counsel, who explained that the omission of Pan Ocean was due to inadvertence rather than strategy, and by the fact that G.F. immediately sought to amend its complaint when Panobulk filed its summary judgment motion (explaining for the first time *why* it was not a proper defendant).
>
> The complaint gave Pan Ocean reason to believe that G.F. had made a mistake. We therefore conclude that the district court did not abuse its discretion in granting G.F.'s motion to add Pan Ocean as a defendant.

Id. at 1504.

In G.F. Co., the complaint reflected a mistake regarding the identity of the party sued; it erroneously alleged that the agent owned the vessel. Thus, "[t]he complaint gave Pan Ocean reason to believe that G.F. had made a mistake." Unlike the facts of this case, the owner in G. F. Co., looking at the complaint, would realize that the plaintiff intended to name him, but failed to do so because of a mistake. It is this element that is absent from this case. The question is not whether in fact the plaintiff made a tactical decision not to sue him, but rather whether Surinder Jindal, had he known of the case at all, should have realized that he was the intended target of the plaintiff's complaint. While

7

the complaint in the G.F. Co. case supplied the basis for that knowledge, there is nothing to supply the basis for that knowledge in this matter.

III.     The Plaintiff's Invocation of Equitable Considerations are Unsupported and Unwarranted.

There is no basis for the plaintiff's effort to invoke this court's sympathy. Plaintiff's Objection, at p.3 & 7 n.1. The plaintiff admits, in paragraphs 13 through 17 of his Rule 56(a)(2) Statement, that he had sufficient information available to him well before the lapse of the statute of limitations to know that Surinder owned the vehicle operated by Pawan. The plaintiff further admits that Surinder never saw the police report for the accident until after he was sued and had no knowledge that the police report erroneously failed to list him as the owner of the 1993 Toyota Camry. Id. at ¶12. The plaintiff also admits that Surinder did not do anything to prevent anyone from finding out that he owned the 1993 Toyota Camry or from bringing a lawsuit against him. Id. at ¶26. Moreover, Pawan remains a defendant and has available to him the limits of both his insurance policy and Surinder's insurance policy.

It is thus undisputed that the plaintiff could have brought the action against Surinder within the statute of limitations and his failure to do so is not attributable to Surinder. KilKenny v. Arco Marine Inc., 800 F.2d 853, 857-58 (9th Cir. 1986)("Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable

fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation"). Moreover, even when he brought the Motion to Cite In, the plaintiff did nothing to inform the court that it was an emergency motion or that the motion required expedited consideration. If it was that important, the plaintiff could have preserved his rights against Surinder by bringing a new suit directly against Surinder within the statute of limitations, without waiting for the court's permission to cite him into this litigation. In short, there is nothing about this situation that merits a deviation from the controlling statute of limitations and the rule governing relation back, which bars this claim against Surinder. The plaintiff cites to no authority for any such deviation.

Conclusion

    For the foregoing reasons, the defendant Surinder Jindal respectfully maintains that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Plaintiff's Objection to Defendant Surinder Jindal's Motion for Summary Judgment should therefore be overruled.

                                          THE DEFENDANT
                                        SURRINDER JINDAL


BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101


## CERTIFICATION

       I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 7th day of November, 2005, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Fred Vollono, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

                                          _____
                                          Jack G. Steigelfest, Esq.
                                          Howard, Kohn, Sprague & FitzGerald