UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARTHUR W. DAVIES                :           NO: 3.03 CV 0341 (CFD)

vs.                             :

PAWAN JINDAL, et al             :           AUGUST 9, 2006

### SUPPLEMENTAL LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, the defendant Surinder Jindal respectfully submits this supplemental statement of the material facts as to which he contends there is no genuine issue to be tried.

1a.     Plaintiff's counsel reported during the September 21, 2005 Status Conference that the plaintiff had filed for bankruptcy in Colorado.

2a.     By correspondence to the Court dated November 22, 2005, counsel for the co-defendant reported two telephone messages from the plaintiff to the effect that he had terminated the services of Attorney Guendelsberger and that he no longer wanted to pursue this litigation, which he did not feel was worth his while. Exhibit 1A (11/22/05 Letter).

3a.     The plaintiff, represented by counsel, filed a Chapter 7 Voluntary Petition for Bankruptcy on July 28, 2005 in the United States Bankruptcy Court for the District of Colorado. Exhibit 2A (Affidavit of Jack Steigelfest, ¶¶5-7 and

attached docket sheet and Petition).

4a. Among the Schedules accompanying his Bankruptcy Petition, the plaintiff filed Schedule B - Personal Property, ¶20, listing the present action as "Personal injury claim - uncollectible." Exhibit 2A (Affidavit of Jack Steigelfest, ¶8 and attached Schedule B).

5a. Among the Schedules accompanying his Bankruptcy Petition, the plaintiff filed Schedule C - Property Claimed as Exempt, listing this action as "Personal injury claim - uncollectible." Exhibit 2A (Affidavit of Jack Steigelfest, ¶8 and attached Schedule C).

6a. Among the Schedules accompanying his Bankruptcy Petition, the plaintiff filed Schedule F - Creditors Holding Unsecured Nonpriority Claims, listing Guendelsberger & Taylor as a creditor for legal services associated with this litigation. Exhibit 2A (Affidavit of Jack Steigelfest, ¶8 and attached Schedule F).

7a. A meeting of the creditors was held on September 2, 2005, after which the Trustee issued a NO ASSET REPORT, indicating that he had made diligent inquiry into the whereabouts of property belonging to the estate and was not filing objection to the exemptions claimed by the plaintiff for distribution from the estate. The Trustee certified that the plaintiff was entitled to be discharged. Exhibit 2A (Affidavit of Jack Steigelfest, ¶6 and attached docket sheet).

8a. The Bankruptcy Court entered an order discharging the plaintiff on

November 9, 2005. Exhibit 2A (Affidavit of Jack Steigelfest, ¶¶6 & 9 and attached docket sheet and Discharge of Debtor).

  9a. On December 7, 2005, the Bankruptcy Trustee filed an Application to Employ Guendelsberger & Taylor as Special Counsel to the Trustee to prosecute this Connecticut action. Exhibit 2A (Affidavit of Jack Steigelfest, ¶10 and attached Application).

  10a. On December 30, 2005, the plaintiff filed an Objection to Application to Employ Guendelsberger & Taylor as Special Counsel to the Trustee. Exhibit 2A (Affidavit of Jack Steigelfest, ¶11 and attached Objection).

  11a. In his Objection to Application to Employ Guendelsberger & Taylor as Special Counsel to the Trustee, the plaintiff made the following representations:

> 3. Debtor scheduled this claim as uncollectible due to his belief that he had previously discharged Mr. Guendelsberger's representation in this matter and because of the Debtor's present medical condition and disabilities, he had no intention to further pursue the matter.
>
> 4. Nevertheless Debtor scheduled the claim and discussed it in full with the Chapter 7 Trustee at the creditors meeting.
>
>    \* \* \*
>
> 15. Debtor is in no position to assist in the prosecution of this matter nor does he have funds sufficient to attend pre-trial or trial matters in Connecticut.
>
> 16. As Debtor does not want to pursue this claim it appears that the only beneficiary of this pursuit would be personal injury counsel and the lien holder.

Exhibit 2A (Affidavit of Jack Steigelfest, ¶11 and attached Objection, pp. 1-2).

12a.  A hearing on the Application to Employ Special Counsel was held before the Honorable Elizabeth R Brown, Bankruptcy Judge, on February 23, 2006. Exhibit 3A (Certified Transcript of Hearing).

13a.  The judge denied the Application because the Trustee failed to timely challenge the plaintiff's claim that the entire lawsuit was exempt from bankruptcy. Exhibit 3A (Certified Transcript of Hearing at pp. 23-24).

14a.  During the hearing, the Bankruptcy Trustee explained that he had not challenged the plaintiff's claim of exemption because the plaintiff had convinced him at the creditor's meeting that this Connecticut lawsuit was uncollectible and a waste of time, as set forth below:

> Mr. Weinman:  Yes, I believe it was, and I think there was some discussion at it as well – of it as well at the 341 [creditors' meeting], and the emphasis was on the collectibility of it and it's just a waste of time.
> And, you know, the debtor sort of persuaded me of that, but then I got some frantic phone calls from Mr. Guendelsberger and he persuaded me that maybe there's something to it. That's the nature of a trustee's practice, so . . .
>
> The Court.   Thank you.
>
> Mr. Weinman:  Okay.

Exhibit 3A (Certified Transcript of Hearing at p. 21).

15a.  The prior representations of the plaintiff to the Bankruptcy Court and

Trustee were adopted and resulted in his discharge and the denial of the Trustee's Application to Employ Special Counsel.

16a.  The plaintiff now intends to pursue this litigation despite his prior representations to the Bankruptcy Court and Trustee to the contrary.

>                THE DEFENDANT
>                SURRINDER JINDAL
>
>
>                BY_____
>                Jack G. Steigelfest. (Fed. Bar No. ct05733)
>                Howard, Kohn, Sprague & FitzGerald
>                Post Office Box 261798
>                Hartford, Connecticut 06126-1798
>                (860) 525-3101

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 9th day of August, 2006, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Fred Vollono, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald