IN RE **Davies, Arthur William** _____   Case No. **05-28660 EEB** _____
                              Debtor(s)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

SPOUSE

**SCHEDULE H - CODEBTORS**

IN RE <u>Davies, Arthur William</u>                                             Case No. <u>05-28660 EEB</u>
Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 3,600.00 |
| Are real estate taxes included?   Yes ✓   No ___ | |
| Is property insurance included?   Yes ✓   No ___ | |
| Utilities: Electricity and heating fuel | $ 180.00 |
|     Water and sewer | $ 65.00 |
|     Telephone | $ 120.00 |
|     Other <u>Cell Phone</u> | $ 50.00 |
|         <u>Internet; Garbage; Bank Fees; Cable</u> | $ 175.00 |
| | $ |
| Home maintenance (repairs and upkeep) | $ 180.00 |
| Food | $ 525.00 |
| Clothing | $ 125.00 |
| Laundry and dry cleaning | $ 40.00 |
| Medical and dental expenses | $ 1,280.00 |
| Transportation (not including car payments) | $ 240.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 25.00 |
| Charitable contributions | $ 20.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|   Homeowner's or renter's | $ |
|   Life | $ 584.00 |
|   Health | $ 714.00 |
|   Auto | $ 126.00 |
|   Other  <u>Accident Policy For Debtor And Children</u> | $ 79.00 |
| | $ |
| | $ |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) <u>IRS</u> | $ 350.00 |
| | $ |
| | $ |
| Installment payments (in chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|   Auto | $ |
|   Other | $ |
| | $ |
| Alimony, maintenance, and support paid to others | $ |
| Payments for support of additional dependents not living at your home | $ |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
|   Other  <u>Pre-School</u> | $ 300.00 |
|     <u>Student Loans($1600/Permonth - Deferred)</u> | $ |
| | $ |
| | $ |
| | $ |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | $ 8,778.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

  A.  Total projected monthly income                                                      $ _____
  B.  Total projected monthly expenses                                                  $ _____
  C.  Excess income (A minus B)                                                             $ _____
  D.  Total amount to be paid into plan each _____    $ _____
                                            (interval)

SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

© 1993-2005 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE <u>Davies, Arthur William</u>                                    Case No. <u>05-28660 EEB</u>
           (Debtor(s))

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**18**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
                                                                                                   (Total shown on summary page plus 1)

Date: **August 15, 2005**              Signature: **/s/ Arthur William Davies**
                                                  **Arthur William Davies**                          Debtor

Date: _____          Signature: _____
                                                                                      (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____              _____
Printed or Typed Name of Bankruptcy Petition Preparer        Social Security No.
                                                             (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_____              _____
Signature of Bankruptcy Petition Preparer                    Date

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedures may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
                         (Total shown on summary page plus 1)

Date: _____          Signature: _____

                                                 _____
                                                 (Print or type name of individual signing on behalf of debtor)

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

**Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.**

**DECLARATION CONCERNING DEBTOR'S SCHEDULES**

© 1993-2005 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Form B18_7 (Official Form 18)(9/97)

# United States Bankruptcy Court
## District of Colorado
Case No. <u>05-28660-EEB</u>
### Chapter 7

Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):
Arthur William Davies
aka(s), if any will be listed on the last page.
1407 Orchid Ct
Lafayette, CO 80026-2860

Social Security No.:
xxx-xx-3385

Employer's Tax I.D. No.:

### DISCHARGE OF DEBTOR(s)

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED**: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

*BY THE COURT*

*Dated:* <u>11/9/05</u>                    <u>Elizabeth E. Brown</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                                )
                                      )
ARTHUR WILLIAM DAVIES,                ) Case No. 05-28660 EEB
SS# XXX-XX-3385                       ) Chapter 7
                                      )
Debtor.                               )

---

### APPLICATION TO EMPLOY GUENDELSBERGER & TAYLOR AS SPECIAL COUNSEL TO THE TRUSTEE

---

Chapter 7 Trustee, Jeffrey A. Weinman ("Trustee"), moves this Court for an order pursuant to 11 U.S.C. §327(e) and Rule 2014(a) F.R.B.P., authorizing the employment of Guendelsberger & Taylor, 28 Park Lane, New Milford, CT 06776 (the "Firm"), as special counsel to the Trustee. In support of his application, the Trustee states as follows:

1. The Debtor, Arthur William Davies ("Debtor"), filed a voluntary Chapter 7 bankruptcy petition on July 28, 2005.

2. The Trustee is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of the Debtor.

3. Prior to the Debtor filing his voluntary Chapter 7 bankruptcy petition, the Debtor was involved in an automobile accident in Connecticut in April 2002.

4. The Debtor commenced a civil proceeding in the Connecticut District Court bearing Docket No. 303 CV 0341 (CFD) and naming Pawan Jindal and Surinder Jindal as Defendants therein. The Debtor is asserting a personal injury claim against the Defendants.

5. The Debtor employed the Firm to represent him in the Connecticut state court litigation.

6. The Debtor's damage claims are based upon future lost wages to which the bankruptcy estate may be entitled to 25% of the non-exempt portion of such wages. If successful, the estate could realize a significant award of damages ranging up to the potential of $1 million.

7. The Trustee wishes to employ the law firm of Guendelsberger & Taylor to represent the bankruptcy estate in the state court litigation pending in the Connecticut District Court.



8.  The Firm's employment as special counsel to the Trustee will be beneficial to the estate and the estate's creditors because it is necessary for the Trustee to pursue the estate's share of the damage claims against the Defendants. The Firm represented the Debtor prior to the Chapter 7 bankruptcy filing and is familiar with the state court litigation in Connecticut. The Firm has agreed to undertake representation of the Trustee on a contingent fee basis. Under such agreement, the Firm will be paid the following amounts from any gross recovery:

    33⅓% of the first $300,000
    25% of the second $300,000
    20% of the third $300,000
    15% of the fourth $300,000
    10% of any amount which exceeds $1,200,000 plus reimbursement of expenses connected with the preparation and investigation of the matter and reimbursement of Court costs.

9.  The Affidavit and Fee Disclosure Statement of Robert J. Guendelsberger of the Firm is attached hereto and incorporated herein by this reference as Exhibit "A".

10. The Firm does not represent or hold any interest adverse to the estate with respect to the matter in which it is being employed as defined in 11 U.S.C. §327(e). The Firm has no connection with the Debtor, the Debtor's creditors, the U.S. Trustee or any person employed by the U.S. Trustee, or any other party in interest, their respective attorneys and/or accountants.

11. The statements contained in Mr. Guendelsberger's Affidavit attached hereto are incorporated herein by this reference.

12. The Firm will be compensated in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure of this Court.

WHEREFORE, for the reasons as set forth above, the Trustee respectfully requests that this Court enter an order authorizing the Trustee to employ Guendelsberger & Taylor as special counsel to the Trustee, and for such further relief as this Court deems appropriate.

2

DATED: December 7, 2005

Respectfully Submitted,


By:\s\Jeffrey A. Weinman
Jeffrey A. Weinman, Trustee #7605
730 17th Street
Suite 240
Denver, Colorado  80202
Phone: (303) 572-1010
Fax:   (303) 572-1011
Email: jweinman@epitrustee.com

3

**CERTIFICATE OF MAILING**

    I hereby certify that I have mailed on this 7th day of December, 2005, a true and correct copy of the foregoing **APPLICATION TO EMPLOY GUENDELSBERGER & TAYLOR AS SPECIAL COUNSEL TO THE TRUSTEE** by placing the same in the United States mail, postage prepaid, addressed to:

U.S. Trustee
999 18th Street
Suite 1551
Denver, CO 80202

Barton S. Balis, Esq.
728 Pearl Street
Boulder, CO 80302

Arthur William Davies
1407 Orchid Court
Lafayette, CO 80026-2860

Robert J. Guendelsberger, Esq.
Guendelsberger & Taylor
28 Park Lane
New Milford, CT 06776

\s\ Lisa R. Kraai

4

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In Re: )
 ) Case No. 05-28660 EEB
ARTHUR WILLIAM DAVIES ) Chapter 7
 )
Debtor. )

**OBJECTION TO APPLICATION TO EMPLOY GUENDELSBERGER &
TAYLOR AS SPECIAL COUNSEL TO THE TRUSTEE**

COMES NOW the Debtor, by and through his attorney, Barton S. Balis, and hereby objects to the Application to Employ Guendelsberger & Taylor for the following reasons:

**CLAIM IS EXEMPT**

1. As indicated in the Application to Employ, the Debtor had commenced a civil proceeding in Connecticut to recover damages incurred by him as a result of an automobile accident.

2. This claim was listed in Schedule B(#20) as "Personal injury claim – uncollectible" with an indeterminate amount.

3. Debtor scheduled this claim as uncollectible due to his belief that he had previously discharged Mr. Guendelsberger's representation in the matter and because of the Debtor's present medical condition and disabilities, he had no intention to further pursue the matter.

4. Nevertheless Debtor scheduled the claim and discussed it in full with the Chapter 7 Trustee at the creditors meeting.

5. Debtor claimed this asset as 100% exempt in Schedule C of his Petition.

6. No objection, timely or otherwise, has been filed to this claim of exemption.

7. Colorado exemption statute 13-54-102(1)(n) exempts "the proceeds of any claim for damages for personal injuries suffered by any Debtor except for obligations incurred for treatment…..". There is no exclusion in this section for the proceeds for damages for reimbursement of wages.

8. Both the claim for damages for pain and suffering, loss of enjoyment of life and any lost income are all a part and subsumed within the definition of damages and are covered with a 100% exemption.



9.  The Trustee is not attempting to pursue recovery of the medical expenses which are relatively minor in comparison to the economic and non-economic damages as a result of the personal injury.

### THE CLAIM IS ENCUMBERED BY A SECURITY INTEREST AND IS BURDENSOME TO THE ESTATE

10. Debtor has previously scheduled as an unsecured creditor, Whitehaven P.I. Fund, LLC. Upon reviewing documents in preparation for this objection Debtor through Counsel has determined that the claim is encumbered. Attached hereto as Exhibit "A" is an agreement made between himself, Whitehaven P.I. Fund, LLC and Mr. Guendelsberger which places a lien upon the funds which may be recovered on the personal injury claim.

11. Debtor has filed an amendment contemporaneously herewith listing this creditor as a secured creditor.

12. Upon information and belief the present outstanding balance which is due this secured creditor is in excess of $115,000.00 and accrues interest at 4.5% per month compounded monthly.

13. At best the Chapter 7 trustee might be entitled to 25% of the accrued wages from the time of the accident to the date of the bankruptcy petition. After allocating the attorney's contingency fee of 33%, the Whitehaven P.I. Fund, LLC lien of an amount in excess of $115,000.00 any costs for expert witnesses, Debtor believes there would be relatively no money available to this estate.

14. Additionally, even assuming that the Trustee is entitled to 25% of the pre-petition wage claim there is no effective way short of trial to allocate the damages between the lost wage component and the pain and suffering component.

15. Debtor is in no position to assist in the prosecution of this matter nor does he have funds sufficient to attend pre-trial or trial matters in Connecticut.

16. As Debtor does not want to pursue this claim it appears that the only beneficiary of this pursuit would be personal injury counsel and the lien holder.

17. Given all of these complications and competing interests Debtor asserts that this claim is inconsequential and burdensome to the estate.

### GUENDELSBERGER & TAYLOR ARE NOT DISINTERESTED

18. Guendelsberger and Taylor are listed as a creditor on Schedule F of the Debtor's petition. They are owed costs incurred by them to date in the previous prosecution of this matter. Upon information and belief those disbursements approximate $10,000.00.

19. These expense disbursements by the law firm are not contingent upon recovery and constitute a present claim against the estate.

20. While it may have been permissible to employ special counsel who previously represented the Debtor, it is essential that full disclosure of the adverse interest be made. It was not, and may not now be cured.

21. Debtor has attempted several times since the commencement of the litigation to discharge Mr. Guendelsberger. His requests have been disregarded.

22. Debtor believes he has irreconcilable differences with Mr. Guendelsberger in the conduct of the representation.

WHEREFOR, Debtor objects to the Application to Employ Guendelsberger & Taylor as Special Counsel to the Trustee.

Dated: 12/30/05

BALIS & BARRETT, P.C.

Barton S. Balis, #481
Attorney for Debtor
728 Pearl Street
Boulder, CO 80302
(303) 443-6924