**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVIES, ARTHUR | : | |
|     Plaintiff | : | |
| | : | |
| V. | : | NO. 303 CV 0341 CFD |
| | : | |
| JINDAL, PAWAN K. and | : | |
| JINDAL, SURINDER | : | |
| Defendants | : | SEPTEMBER 8, 2006 |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S SUPPLEMENTAL**
**MOTION FOR SUMMARY JUDGMENT**

    The Plaintiff in the above-captioned action hereby respectfully objects to Defendant Surinder Jindal's supplemental motion for summary judgment dated August 9, 2006. Jindal's motion hinges on his claim that judicial estoppel bars the Plaintiff from pursuing the instant lawsuit. As is more fully discussed in the accompanying memorandum, however, judicial estoppel does not apply in this case in that the Plaintiff has not maintained contrary positions before different courts.

WHEREFORE, the Plaintiff respectfully requests that the Court deny Defendant Surinder Jindal's supplemental motion for summary judgment.

                    THE PLAINTIFF
                    ARTHUR W. DAVIES

By_____
    Robert J. Guendelsberger, for
    Guendelsberger & Taylor
    28 Park Lane
    New Milford, CT 06776
    (860) 354-4444
    Federal Bar No. CT06534

## **CERTFICATION**

    This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record this 8th day of September, 2006, specifically:

Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & Fitzgerald
PO Box 261798
Hartford, CT 06126-1798

Frederick Vollano, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

                                                                              Robert J. Guendelsberger

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVIES, ARTHUR | : | |
|     Plaintiff | : | |
| | : | |
| V. | : | NO. 303 CV 0341 CFD |
| | : | |
| JINDAL, PAWAN K. and | : | |
| JINDAL, SURINDER | : | |
| Defendants | : | SEPTEMBER 8, 2006 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS**
**OBJECTION TO DEFENDANT'S SUPPLEMENTAL**
**MOTION FOR SUMMARY JUDGMENT**

I.  FACTUAL BACKGROUND

The instant action was commenced by complaint dated February 25, 2003 and concerns an automobile accident which occurred on April 1, 2001. The Plaintiff, Arthur Davies, alleges that he was eastbound on Interstate 84 in Middlebury, Connecticut when he was rear-ended by the Defendant, Pawan K. Jindal. Complaint, Count One at ¶¶ 1-3. The Plaintiff brought suit both against the tortfeasor, Pawan K. Jindal, and against the Plaintiff's own insurance company for uninsured/underinsured motorist benefits. Id., Count Two. Subsequently, the Plaintiff withdrew his claim against his insurance company. Surinder Jindal, the owner of the vehicle Pawan Jindal was driving, was later added as a party defendant when the Plaintiff deposed

Pawan Jindal and discovered, for the first time, that the police report was incorrect and that Pawan Jindal did not own the vehicle he was driving.

On or about July 28, 2005 the Plaintiff, who resides in Colorado, filed for relief under Chapter 7 of the United States Bankruptcy Code. <u>Defendant's Exhibit 2A</u>. The Plaintiff included in his listed assets this personal injury claim. <u>Id</u>., Schedule C. The Plaintiff claimed that this lawsuit was totally exempt from the bankruptcy, however, pursuant to Colorado Revised Statutes § 13-54-102(1)(n), which provides that "[t]he following property is exempt from levy and sale under writ of attachment or writ of execution . . . (n) *The proceeds of any claim for damages for personal injuries suffered by any debtor except for obligations incurred for treatment of any kind for such injuries or collection of such damages.*" (Emphasis added). Put another way, under Colorado law personal injury claims – such as the instant case – are exempt from creditors in a bankruptcy proceeding, except for unpaid medical bills relating to such injuries.

On or about December 7, 2005, the Bankruptcy trustee in the action, Jeffrey A. Weinman, Esq., made claim that at least part of Davies' personal injury claim was *not* exempt, and sought to appoint Robert J. Guendelsberger, Esq. as Special Counsel to the trustee. <u>Defendant's Exhibit 2A</u>. Davies objected on December 30, 2005, asserting that the claim was

˜5˜

exempt, had been expressly listed as exempt, and that no objection had been made to the manner in which the claim was listed by the trustee or any creditor.  Id.

The matter came to a hearing on February 23, 2006 before Judge Elizabeth E. Brown of the United States Bankruptcy Court, District of Colorado.  (Transcript attached to Defendant's motion as Exhibit 3A).  The transcript of this hearing clearly shows why the Bankruptcy Court ruled as it did, and that the Court's ruling had nothing to do with Plaintiff's alleged representations regarding the personal injury claim.  Indeed, the transcript does not substantiate Defendant's claims that the Plaintiff portrayed this matter as an "uncollectible waste of time."  Asked to explain Davies' position at the hearing, Attorney Balis stated, "[f]irst of all, Your Honor . . . it is the debtor's position that this entire claim is exempt [pursuant to Colorado law]."  Id. at p.3.  Critically, the Court next questioned Davies' attorney about Davies' intentions with regard to the instant lawsuit:

> THE COURT: Okay.  But my question was: There were several statements in here, maybe it's no longer true, that the debtor has no intention, doesn't want to pursue this lawsuit at all.
> MR. BALIS: That is his present position, Your Honor.
> THE COURT: *But he wants to preserve the ability to change his mind and pursue it later?*
> MR. BALIS: *Perhaps.*

Id., p. 5 (emphasis added).  Based on this passage alone, it is crystal clear that the Plaintiff was not 'playing fast and loose' with the court, but was instead completely candid about his position

with respect to the personal injury claim. Through counsel, the Plaintiff explicitly noted that he was *not* walking away from the personal injury claim, and might continue to pursue the claim following discharge.

Further instructive is the bankruptcy trustee's argument during the hearing. Far from claiming that he had been misled by the Plaintiff, or that the Plaintiff had taken inconsistent positions, the trustee focused on whether, under Colorado law, "personal injury claim" included lost earnings or wages, and whether a debtor should be required to specifically list the different types of damages claimed in a personal injury lawsuit, and therefore claimed exempt. <u>Exhibit 3A</u>, pp.12-15.

Finally, the Court's ruling, made from the bench following argument, is completely devoid of any mention of or reliance on the debtor's supposed representations. Instead, the Court noted that the debtor had, from the outset, claimed this lawsuit was 100% exempt under Colorado law. The Court further found that the trustee had been on notice of same since the inception of the bankruptcy claim, but had not objected to the claimed exemption. The Court noted the trustee's argument – that individual aspects of the claim such as lost wages should be listed by the debtor individually – but also noted that there was no authority for such a proposition. Having not objected to this classification, the trustee was barred from attempting to

recover moneys from said claim. Id., p. 23-24. The Court's decision, articulated from the bench, clearly indicated that its reasoning was not based, in any way, on the debtor's statements.

On August 9, 2006 the Defendant, Surinder Jindal, moved for supplemental summary judgment in the instant matter[1], claiming that the Plaintiff is barred from pursuing this action by the doctrine of judicial estoppel, based on the Colorado bankruptcy petition.

II.     LAW AND ARGUMENT

The doctrine of judicial estoppel serves to "protect the integrity of the judicial process," Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (C.A.6 1982), and seeks to prevent parties from "playing 'fast and loose' with the courts." Scarano v. Central R. Co., 203 F.2d 510, 513 (C.A.3 1953). Generally speaking, the doctrine of judicial estoppel "[prohibits] parties from deliberately changing positions [before multiple tribunals] according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 750 (2001), quoting United States v. McCaskey, 9 F.3d 368, 378 (C.A.5 1993). While acknowledging that no firm rule exists for its application, courts generally apply three factors in determining whether to apply judicial

---

[1] Surinder Jindal had previously moved for summary judgment on other grounds, which do not pertain to his arguments in this motion and will therefore not be discussed.

estoppel:

> First, a party's position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Zedner v. U.S., 126 S.Ct. 1976, 1987 (2006), citing New Hampshire v. Maine, *supra*.

    A.    Plaintiff Has Not Advanced 'Clearly Inconsistent' Arguments

Simply put, the Plaintiff has not advanced inconsistent arguments in this matter and the bankruptcy proceeding – much less the 'clearly inconsistent' arguments required to apply judicial estoppel. The Plaintiff's claim before the bankruptcy court, as evidenced in his Objection to Application to Employ and the transcript of the hearing, clearly indicate that Plaintiff's claim was that his personal injury action was exempt under Colorado law, was listed as such, and was never objected to by the trustee. Mention of Plaintiff's desire not to pursue the instant lawsuit was made in connection with his assertion that, between counsel fees and the existing lien on the case, no money would be left over for the trustee anyway. Any doubt about Plaintiff's position was erased when the bankruptcy court specifically questioned Plaintiff's bankruptcy attorney about Plaintiff's desire to pursue the case at a later time. Exhibit 3A, p.5. Plaintiff's bankruptcy

attorney was quite clear that the Plaintiff would "perhaps" continue to pursue the action later.  Id.  The Plaintiff has now elected to do exactly what he told the bankruptcy court he might do.  The Plaintiff's position in the instant matter is consistent with his position in Colorado bankruptcy court, making judicial estoppel inapplicable.

    B.    <u>Assuming Plaintiff Did Advance Clearly Inconsistent Arguments, Said Arguments Were Not Successful</u>

In the event this Court finds the Plaintiff's prior position 'clearly inconsistent' with his position in this matter, the Court must further find that Plaintiff's prior position was successful – i.e. the prior Court adopted or ruled based on Plaintiff's argument.  Again, this is simply not the case.  Even were this Court to find that the Plaintiff's positions are 'clearly inconsistent', there is no evidence that the Court was persuaded by Plaintiff's arguments.  Instead, the Court's ruling focused on the fact that the personal injury claim had been declared as exempt by the debtor, was in fact exempt, and said claim of exemption was not objected to by the trustee.  <u>Exhibit 3A</u>, p.23.  The Plaintiff consistently maintained these positions throughout the life of his bankruptcy case.

The Defendant appears to be focusing his argument on what the Plaintiff may have told the bankruptcy trustee at the 341 creditors' meeting.  However, several problems with this argument immediately spring forth.  First, the Defendant has provided this Court with no evidence as to what the Plaintiff actually said or didn't say in the 341 creditors' meeting, instead

˘10˘

relying on the trustee's brief statement to the judge that there was discussion of this claim, "and the emphasis was on the collectibility of it and it's just a waste of time." Exhibit 3A, p. 21.[2]

It is also significant that the trustee, who was present at both the creditor's meeting and the court's hearing on his application to employ special counsel, made no mention of the Plaintiff's supposed inconsistent positions. It is certainly reasonable to assume that, had the Plaintiff in fact maintained clearly inconsistent positions, the trustee would have at least mentioned this to Judge Brown. However, the trustee made no such argument. Instead, after making the statement the Defendant believes signifies Plaintiff's 'clearly inconsistent' position, Exhibit 3A, p. 21, the trustee finished by stating that, "I don't really have anything to add, I don't think, other than the arguments about practicality." Id. The entire court hearing is devoid of any mention by the trustee that the debtor misled him, misled creditors, or changed positions with respect to the personal injury claim.

III.    CONCLUSION

---

[2] Indeed, as made clear in Exhibit 3A, pp. 14-15, creditors' ability to recover from Plaintiff's lawsuit would be limited to 25% of prepetition wages. Given the existing encumbrances on the file and the limited recovery available to them, the creditors may have determined on their own that pursuing this matter was not worth their while.

The Plaintiff has been consistent in his position with respect to the instant lawsuit. He consistently maintained before the Colorado bankruptcy court that he believed this claim was completely exempt from creditors based on Colorado law. He further made clear, through counsel, that while he presently had no desire to pursue the lawsuit he might perhaps continue to pursue it after discharge. Furthermore, it is clear that the Colorado bankruptcy court ruled as it did not because of the Plaintiff's supposed misrepresentations, but instead because the claim was exempt by law. The bankruptcy trustee, who according to the Defendant was the victim of Plaintiff's alleged misrepresentations, made absolutely no mention of it during a lengthy court proceeding on the issue. Based on the foregoing, the Plaintiff respectfully submits that the

Defendant cannot show the elements necessary for judicial estoppel, and his supplemental motion for summary judgment should therefore be denied.

                                      THE PLAINTIFF
                                      ARTHUR W. DAVIES

                               By_____
                                  Robert J. Guendelsberger, for
                                  Guendelsberger & Taylor
                                  28 Park Lane
                                  New Milford, CT 06776
                                  (860) 354-4444
                                  Federal Bar No. CT06534

**CERTFICATION**

    This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record this 8th day of September, 2006, specifically:

Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & Fitzgerald
PO Box 261798
Hartford, CT 06126-1798

Frederick Vollano, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

                                              Robert J. Guendelsberger