UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR W. DAVIES | : | NO: 3:03 CV 0341 (CFD) |
| vs. | : | |
| PAWAN JINDAL, et al | : | OCTOBER 17, 2006 |

DEFENDANT SURINDER JINDAL'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT

BACKGROUND

At oral argument on the defendant Surinder Jindal's motion for summary judgment and supplemental motion for summary judgment on Friday, October 13, 2006, the court identified two issues upon which it would accept supplemental briefing. The first pertained to whether Federal Rule of Civil Procedure 4(m) tolls a state statute of limitations so long as a motion to amend and amended complaint are filed within the applicable state statute and the complaint is served within the 120 day period set forth in the Rule. The second addressed the question of whether the judge or the jury is the fact-finder with respect to any questions of fact that may exist in application of the relation back provisions of FRCP 15(c). This memorandum is filed to address these two issues.

1

I.  CONNECTICUT LAW DEFINING SERVICE, NOT FILING, AS THE INITIATION OF AN ACTION FOR PURPOSES OF A STATUTE OF LIMITATIONS GOVERNS IN A DIVERSITY OF JURISDICTION CASE AND FRCP 4(M) DOES NOT TOLL A STATE STATUTE OF LIMITATIONS IN A DIVERSITY CASE

Jurisdiction in this court for this action for damages arising from a motor vehicle accident is based on diversity of citizenship. Complaint, ¶1.

Although this Court correctly observed at oral argument that some cases recognize the filing of a motion to amend and amended complaint as sufficient to satisfy a statute of limitations, these cases arise under the federal question jurisdiction, or perhaps under the laws of such states that recognize filing, rather than service, as the initiation of an action for purposes of a statute of limitations. See, e.g., Mayes v. AT&T Information Systems, Inc., 867 F.2d 1172 (8th Cir. 1989).

Since the United States Supreme Court's decision in Walker v. Armco Steel Corp., 446 U.S. 740 (1980), however, it is clear that the federal rules regarding service and filing do not affect state law governing the application of statutes of limitations in cases arising under this Court's diversity jurisdiction. As succinctly stated in Walker,

> There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

Walker, 446 U.S. at 753. The Walker Court held that the file-first mandate of Rule 3 does not supercede state law, as "[t]here is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations." *Id.* at 749. *See also* Gasperini v. Center for Humanities, 518 U.S. 415, 428 n.7 (1996) ("state law rather than Rule 3 determines when a diversity action commences for the purposes of tolling the state statute of limitations.").

The Court of Appeals for the Second Circuit, in Converse v. General Motors Corp., 893 F.2d 513, 515 (2nd Cir. 1990), has observed that "the Connecticut Supreme Court had long adhered to the rule that only actual service upon the defendant will satisfy the state statutes of limitations." Similarly, all of the judges in this District, including this Court, have recognized the implication of these decisions where a Connecticut statute of limitations is at issue. Noting Walker, Gasperini and Converse, this Court in Choquette v. Sanfilippo, 2001 WL 1266305 (D.Conn. 9/28/01), faced a situation in which the plaintiff had filed her complaint on February 3, 1998, within 2 years of the time her action accrued on February 9, 1996, but did not serve it until March 23, 1998. After determining that Connecticut law, as transferee state, applied to the action, this Court granted the defendant's motion for summary judgment based on the absence of service within the period permitted by the

3

state statute of limitations. *See also, e.g.*, Chappetta v. Soto, 2006 WL 2729034 (D. Conn. 9/22/06).

Further, although the Courts in this Circuit have not been presented with an argument that FRCP 4(m) tolls the statute of limitations if a plaintiff complies with its mandate that service is made within 120 days of filing, other courts have. Those courts have properly concluded, consistent with Walker and its progeny, that Rule 4(m) does not displace state law regarding application of a state statute of limitations in a diversity of jurisdiction case. *See, e.g.*, Torre v. Brinkley, 278 F.3d 917 (9th Cir. 2002); Larsen v. Mayo Medical Center, 218 F.2d 863 (8th Cir.), *cert. denied*, 531 U.S. 1036 (2000); Habermehl v. Potter, 153 F.3d 1137 (10th Cir. 1998). *See also* Wright & Miller, Federal Practice & Procedure 3d Sec. 1137 (updated through 2006)(recognizing that the 120-period of Rule 4(m) is an additional time requirement and not a way of tolling otherwise applicable state law requirements in diversity cases). Rule 4(m) does not conflict with, and therefore does not displace, governing state law regarding application of the statute of limitations. Rather, its distinct purpose in preventing undue delay in the service of filed complaints does not affect the state rule dictating that service, rather than filing, governs application of the statute of limitations.

4

The plaintiff's service of the amended complaint within 120 days of the filing of the initial motion to cite in, where service did not occur within the 3 year period of General Statutes §52-584, does not satisfy Connecticut's statute of limitations and nothing in the federal rules alters that result.

II. BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT IN DISPUTE REGARDING APPLICATION OF RULE 15(C), THE COURT NEED NOT REACH THE ISSUE OF WHETHER SUCH ISSUES MUST BE DETERMINED BY THE JUDGE OR THE JURY

As of this time, the defendant Surinder Jindal is not aware of controlling authority on the second question posed, whether the judge or the jury decides factual issues arising in application of the relation back doctrine under Rule 15(c). Because the issue need not be reached at this point, and hopefully will become moot if the Court finds that there are no such genuine issues of material fact and enters summary judgment as requested in the defendant's motions, the defendant Surinder Jindal takes no position at the present time.

Presumably, resolution of a question of fact that prevents summary judgment will require an evidentiary hearing, either at trial or prior to that time, to permit the factfinder, whoever that may be, to hear the evidence relevant to the factual issues. Surinder Jindal reserves his right to address the issue of the proper factfinder and procedure, should summary judgment be denied.

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

THE DEFENDANT
SURRINDER JINDAL


BY_____
Jack G. Steigelfest. (Fed. Bar No. ct05733)
Howard, Kohn, Sprague & FitzGerald
Post Office Box 261798
Hartford, Connecticut 06126-1798
(860) 525-3101


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, U.S. Mail - postage prepaid, on this the 17th day of October, 2006, to:

Robert J. Guendelsberger, Esq.
28 Park Lane
New Milford, CT 06776

Fred Vollono, Esq.
Law Offices of Nancy S. Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033


_____
Jack G. Steigelfest, Esq.
Howard, Kohn, Sprague & FitzGerald

6