## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVIES, ARTHUR<br>    Plaintiff | :<br>:<br>: |
| V. | :   NO. 303 CV 0341 CFD |
| JINDAL, PAWAN, ET AL.<br>    Defendants | :<br>:<br>:   JUNE 20, 2007 |

### NOTICE OF APPEAL

Pursuant to F.R.A.P. 4(a)(1), Arthur Davies, hereby gives notice and appeals to the United States Court of Appeals for the Second Circuit from the following Judgment or Order:

The granting of Defendant, Surrinder Jindal's Motion for Summary Judgment [docket #44] which is attached hereto.

The Judgment/ Order in this action was entered on May 22, 2007.

PLAINTIFF, ARTHUR DAVIES

By: _____
Robert J. Guendelsberger (Bar #CT 06534)
Guendelsberger, Collins, Henry
 & Guendelsberger, LLP
28 Park Lane
New Milford, CT 06776
(860) 354-4444
REG@NewMilfordLegal.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR DAVIES,<br>　　　　Plaintiff, | :<br>:　Civil Action No. 3:03 CV 341 (CFD)<br>: |
| v. | :<br>: |
| PAWAN JINDAL, et al.,<br>　　　　Defendants. | :<br>: |

## RULING ON DEFENDANT SURINDER JINDAL'S MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Arthur Davies initiated this diversity action on February 26, 2003 against Pawan Jindal ("Pawan") and the American Manufacturers Mutual Insurance Company to recover damages for injuries he sustained in a car accident on April 20, 2001.[1] Davies amended his complaint on April 22, 2004 to add Surinder Jindal ("Surinder"), Pawan Jindal's brother, as a defendant, and Surinder was served with the suit on May 29, 2004. Surinder contested his addition to the lawsuit as untimely and moved to dismiss the complaint against him. The Court converted Surinder's motion to a motion for summary judgment in an August 12, 2005 order. Surinder then made a second motion for summary judgment based on judicial estoppel. For the reasons that follow, Surinder's first motion for summary judgment is granted, and his second motion for summary judgment is denied.

### I.　　Background[2]

---

[1] The action was subsequently withdrawn against American Manufacturers Mutual Insurance Company.

[2] The facts are taken from the parties' Local Rule 56(a) statements, summary judgment briefs, and other evidence submitted by the parties. They are undisputed unless otherwise indicated.

1

On April 20, 2001, Davies, a citizen of Colorado, and Pawan, a citizen of New York, were involved in an automobile accident while traveling eastbound on Interstate 84 in Middlebury, Connecticut. At the time of the accident Pawan was driving his brother Surinder's car, a 1993 Toyota Camry ("the Camry"). Davies alleges that Pawan's negligent operation of this vehicle caused the accident, in which Davies sustained serious personal injuries. Davies now seeks to recover damages for these injuries.

Davies's original complaint named Pawan, the driver of the Camry, as a defendant, but not Surinder, the car's owner. It is undisputed that the police report completed by the Connecticut state trooper who responded to the accident scene lists Pawan as both the owner and operator of the Camry. Davies claims that he relied on this police report when drafting his original complaint, and that he did not know Surinder owned the car. The original complaint, however, does not identify Pawan as the owner of the car. Instead, while it names Pawan as the operator of the vehicle that struck Davies's car, it does not make any reference to the car's owner. After Davies became aware of Surinder's ownership of the car during discovery, Davies moved to amend his complaint to name Surinder as an additional defendant.

The applicable statute of limitations for negligence actions, Conn. Gen. Stat. § 52-584, imposes a three year time limit from the date of the negligent act or omission, which, for this accident, expired on April 20, 2004.[3] The mistake in the police report, and Surinder's ownership

---

[3]The statute provides that an action sounding in negligence for personal injuries "shall be brought . . . within two years from the date when the injury is first sustained or discovered" but places an outer time limit of "three years from the date of the act or omission complained of" on the suit. Conn. Gen. Stat. § 52-584 (2005). Since Surinder's memorandum in support of his motion for summary judgment argues that the action would be untimely even if the longer three year limitations period applies, the Court applies the three year period in considering his motion.

2

of the Camry, became apparent to Davies's counsel during discovery prior to the expiration of that three year period. Specifically, Pawan identified Surinder as the car's owner during his deposition on January 29, 2004. Also, although Davies's counsel claims he did not realize Surinder owned the Camry until Pawan's deposition in January 2004, Pawan's responses to Davies's production requests in July of 2003 included two documents identifying Surinder as the vehicle's owner: Pawan submitted a declarations page from Surinder's insurance policy (on which Pawan was not listed) as the applicable insurance coverage for the accident, and he also provided Davies with an appraisal for the damage to the Camry during the accident which specifically listed Surinder as the Camry's owner. In Pawan's interrogatory answers of July 2003, Pawan also specifically stated that Surinder was the insured party for the Camry. Davies's counsel moved to amend the complaint to name Surinder as a defendant on February 5, 2004. The Court granted Davies's motion on April 22, 2004 and Davies served Surinder with the amended complaint on May 29, 2004. Davies's counsel did not bring the April 20, 2004 statute of limitations deadline to the Court's attention before the motion to amend was granted.

Surinder moved to dismiss the complaint against him as untimely on July 9, 2004. The Court initially issued a ruling denying this motion on April 1, 2005. The Court granted Surinder's motion to reconsider that decision, however, and ultimately vacated it and converted the motion to dismiss into a motion for summary judgment on August 12, 2005, which the Court now addresses in this ruling.

Several weeks after the Court's August 12, 2005 decision, Robert Guendelsberger, counsel for Davies, revealed that Davies had recently filed for bankruptcy in Colorado and that Davies indicated he wished to terminate Guendeslberger's services and no longer pursue this

3

lawsuit. On Davies's Bankruptcy Court Schedule B, which lists the debtor's personal property, he included this lawsuit, but he listed it as "uncollectible." On his Schedule C, which lists property the debtor claims to be exempt from bankruptcy, Davies again listed this lawsuit as uncollectible, but he also claimed an exemption for its entire value based on Colorado law, which exempts the proceeds of personal injury lawsuits. The bankruptcy trustee did not object to the exemptions prior to the Bankruptcy Court's discharge of Davies on November 9, 2005.

Several weeks after the discharge, the trustee moved to appoint Attorney Guendelsberger to pursue this lawsuit on behalf of the trustee. The Bankruptcy Court heard argument on the motion; Davies opposed the motion on the ground that the claim was fully exempt, both under Colorado law and because the trustee never objected to the exemption prior to the discharge, so the trustee had no standing to prosecute the suit. The Bankruptcy Court judge denied the motion to appoint counsel to pursue this lawsuit. Several months later Davies changed his mind and decided to once again pursue this case with Attorney Guendelsberger. Surinder now argues that Davies is judicially estopped from pursuing this lawsuit, and Surinder also moves for summary judgment on this basis.

## II.    Standard of Review

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P.

4

5(c)); accord Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. When addressing a motion for summary judgment, the Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

### III.    Discussion

#### A.    Judicial Estoppel

Surinder argues that Davies is judicially estopped from pursuing this lawsuit because of Davies's representations to the Bankruptcy Court in Colorado. As mentioned above, Davies listed this lawsuit as a personal asset on his Bankruptcy Court documents, but he designated it as "uncollectible." He also claimed that the proceeds of the suit were fully exempt from the bankruptcy estate under Colorado Revised Statute § 13-54-102(1)(n).[4] At the same time, Davies indicated to the bankruptcy trustee that he no longer intended to pursue the lawsuit. The Bankruptcy Court discharged Davies without any objections from the bankruptcy trustee. Surinder asserts that because Davies told the bankruptcy trustee that he did not plan to pursue this lawsuit he is now judicially estopped from doing so; Surinder claims that the bankruptcy

---

[4]The statute provides that "the following property is exempt from levy and sale under writ of attachment or writ of execution: . . . (n) The proceeds of any claim for damages for personal injuries suffered by any debtor except for obligations incurred for treatment of any kind for such injuries or collection of such damages." Colo. Rev. Stat. Ann. § 13-54-102(1)(n) (West 2005); see 11 U.S.C. § 522(b)(2) (adopting state law for debtor's exemptions).

5

trustee did not object to the exemption of this lawsuit from the bankruptcy estate only because Davies convinced the trustee that it was uncollectible and that he had no interest in pursuing it. Since the claim was exempted on this basis, Surinder argues, Davies cannot now decide to continue litigating the suit. Davies responds by arguing that the entire suit is, in fact, exempt under Colorado law, so the trustee's decision not to object—and the basis for that decision—is inconsequential, and does not bar Davies from pursuing this action.

Judicial estoppel is an equitable doctrine that "prevents parties from playing 'fast and loose' with the courts." New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quotation marks omitted); OSRecovery, Inc. v. One Groupe Int'l, Inc., 462 F.3d 87, 94 n.3 (2d Cir. 2006) ("[J]udicial estoppel . . . is designed to protect the integrity of the judicial process."). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." New Hampshire, 532 U.S. at 749. The Second Circuit "has consistently limited the application of judicial estoppel to situations where a party both takes a position that is inconsistent . . . and has had that position adopted by the tribunal to which it was advanced." Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 148 (2d Cir. 2005). In assessing whether a party's arguments are barred by judicial estoppel, courts should consider three factors: (1) "[the] party's later position must be clearly inconsistent with its earlier position;" (2) "whether the party has succeeded in persuading a court to accept that party's earlier position;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Zedner v. United States, 126 S. Ct. 1976, 1987 (2006) (quoting New Hampshire, 532 U.S. at 750-51).

6

Davies's representations in Bankruptcy Court and his decision to pursue this lawsuit do not raise any of these concerns. Davies's Bankruptcy Court filings listed this lawsuit as fully exempt from the bankruptcy estate pursuant to applicable Colorado law, Colo. Rev. Stat. Ann. § 13-54-102(1)(n). As the Bankruptcy Court noted, at the time of Davies's discharge, Colorado law was unclear as to whether certain types of personal injury damages—namely, future lost wages—fell within the statutory exemption. It was settled, however, that at least some of any damages Davies might receive from this suit would be exempt. The Bankruptcy Court decided not to resolve the question of the exemption's full breadth, however, because the bankruptcy trustee did not timely object to Davies's designation of the suit as wholly exempt. The Bankruptcy Court clearly stated, in its decision issued from the bench, that it would not appoint special counsel to prosecute this lawsuit on behalf of the estate for this reason. Transcript of Evidentiary Hearing at 23-24, In re Arthur William Davies, No. 05-28660 (Bankr. Colo. Feb. 23, 2006).[5]

Surinder argues that while the Bankruptcy Court denied the motion because the

---

[5]The Court stated that
> "to the extent a trustee believes that he has the right to pursue as an asset of the estate a portion of the economic damages [from a personal injury action], he's on notice that he should file an objection. And so that did not occur here within the time required by law, and so I don't have to reach and nor am I going to reach the very interesting issues that are out there in our jurisdiction and are crying out to be decided . . . and that has to do with the economic damages and whether those are—and to what extent they are exempt. That will have to be for a case where an objection to an exemption is timely filed. So for those reasons, since the whole reason to appoint special counsel is to pursue a lawsuit that I am finding the trustee not to have standing to bring, I'm going to deny the application on that basis."

Transcript of Evidentiary Hearing at 23-24, In re Arthur William Davies, No. 05-28660 (Bankr. Colo. Feb. 23, 2006).

7

bankruptcy trustee did not timely object to the exemption, the trustee did not object because Davies told him he did not intend to continue litigating this case. Since the trustee relied on Davies's representation that he would not pursue this suit, Surinder contends, Davies is now judicially estopped from pursuing it. This argument is also unavailing. An objection by the bankruptcy trustee would have addressed only the extent of the suit's exemption from the estate under Colo. Rev. Stat. Ann. § 13-54-102(1)(n), not whether the suit could be pursued at all. Throughout the bankruptcy proceedings, Davies maintained that the suit is fully exempt under the statute. Since an objection by the trustee would have called into question the proper plaintiff in this suit, rather than whether this litigation would be pursued, even if the trustee did rely on Davies's representation that he did not plan to pursue this case, this fact is irrelevant to assessing whether Davies is now judicially estopped. Davies's choice to continue with this litigation is neither inconsistent with his position in Bankruptcy Court, nor did the Bankruptcy Court accept an inconsistent argument from him in reaching its decision to exempt this lawsuit from the estate and deny the appointment of special counsel to pursue it in Davies's place.[6]

Finally, Surinder demonstrates no prejudice to the defendants in this case if Davies is not estopped. As discussed above, the Bankruptcy Court proceedings centered on whether this lawsuit was properly exempt from the bankruptcy estate pursuant to Colo. Rev. Stat. Ann. § 13-54-102(1)(n). Those proceedings addressed who has the power to pursue this lawsuit, not whether it would be brought at all. Regardless of which party prevailed before the bankruptcy court, someone—either Davies or the bankruptcy trustee—would secure the authority to litigate

---

[6]Davies lawyer also indicated to the Bankruptcy Court that Davies "perhaps" would still pursue the lawsuit. Transcript of Evidentiary Hearing at 5, In re Arthur William Davies, No. 05-28660.

8

this case. In light of this, there is no prejudice to the defendants if Davies remains the plaintiff. Since Surinder failed to demonstrate that Davies's position in Bankruptcy Court raises any of the concerns that would necessitate the imposition of judicial estoppel, his motion for summary judgment on that ground is denied.

### B.  Timeliness of the Amended Complaint

Surinder argues that Davies's allegations against him in the amended complaint are untimely both under the applicable statute of limitations and because the claims against him do not relate back to the original complaint. The Court addresses these arguments in turn.

#### 1.  Statute of Limitations

In a diversity action, the timeliness of the suit under a state's statute of limitations is unaffected by the federal rules concerning the service and filing of lawsuits. Walker v. Armco Steel Corp., 446 U.S. 740, 750-52 (1980); see Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 n.7 (1996) (discussing Walker). Connecticut law provides that, for statute of limitations purposes, a lawsuit commences when the defendant is served, not when the plaintiff files the complaint. Rocco v. Garrison, 268 Conn. 541, 553 (2004) ("In Connecticut, an action is commenced when the writ, summons and complaint have been served upon the defendant."); see Converse v. General Motors Corp., 893 F.2d 513, 515 (2d Cir. 1990) (affirming dismissal of diversity action as untimely under Connecticut law where plaintiff failed to serve the defendant prior to the expiration of the Connecticut statute of limitations). A diversity suit under Connecticut law is timely, then, only if the plaintiff serves the writ, summons, and complaint upon the defendant within the applicable Connecticut limitations period. Rocco, 268 Conn. at 552-53; see Converse, 893 F.2d at 515; Chappetta v. Soto, 453 F. Supp.2d 439, 442 (D. Conn.

9

2006) (granting summary judgment where diversity plaintiff filed suit but did not complete service within Connecticut limitations period); Landry v. Potter, No. 04CV380, 2005 WL 293500, at *1 (D. Conn. Jan. 27, 2005) ("Connecticut federal courts have uniformly held that Connecticut's statutes of limitations ordinarily will govern in diversity actions."); Brady v. U.S. Airways Group, Inc., No. 00CV828, 2001 WL 406327, at * 1 (D. Conn. Apr. 4, 2001) ("[W]hen a federal court is sitting in diversity, the federal rules do not apply to the manner in which a case is considered commenced. . . . Accordingly, when a state law negligence action is brought in federal court under diversity jurisdiction, the defendant must be actually served within the . . . statute of limitations.").

Davies filed a motion to amend his complaint to include Surinder within the statute of limitations, Conn. Gen. Stat. § 52-584. However, the Court did not grant his motion until April 22, 2004, two days after the limitations period ended, and Davies did not serve Surinder with the amended complaint until May 29, 2004. While the Court agrees that it could have ruled on Davies's motion prior to the expiration of the limitations period, it is Davies, and not the Court, who bears the responsibility of complying with the applicable statute of limitations. See Spar, Inc. v. Info. Res., Inc., 956 F.2d 392, 394-95 (2d Cir. 1992) ("our system virtually mandates that a responsible plaintiff be aware of applicable limitations periods"). Davies's lawyers never alerted the court to the impending April 20, 2004 deadline to timely serve Surinder. Faced with such a deadline, Davies's counsel could have filed a motion explaining the need for expedited review of his motion to amend. Alternatively, Davies could have filed a new suit against Surinder and then moved to consolidate the two actions. Because Davies could have timely sued Surinder through either of these procedural options, the Court concludes that there are no genuine

issues of material fact; Davies's claims against Surinder are untimely for statute of limitations purposes.[7]

### 2. Relation Back under Fed. R. Civ. P. 15(c)

Even though Davies did not amend his complaint within the limitations period, his claims against Surinder are still timely if they relate back to the original complaint under Fed. Rule Civ. P. 15(c).[8] Under Rule 15(c), an amendment to a pleading relates back to the date of the original pleading if four requirements are met. First, "the basic claim must have arisen out of the conduct set forth in the original pleading." Schiavone v. Fortune, Inc., 477 U.S. 21, 29 (1984). Second, "the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense." Id. Third, "that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it." Id. Finally, the second and third requirements must have been satisfied "within the period provided by Rule 4(m) for service of the summons and complaint," which is 120 days from filing the complaint. Fed. R. Civ. P. 15(c)(3); Fed. R. Civ. P. 4(m). The primary inquiry under Rule 15 "'is whether adequate notice of the matters raised in the amended pleading [have] been given to the opposing party . . . by the general fact situation alleged in the original pleading.'" Slayton v. Am. Express Co., 460

---

[7] It was also clear in July of 2003 that the police report was in error as to the owner of the Camry. Several parts of Pawan's interrogatory answers and production responses identified Surinder as the vehicle's owner.

[8] In a diversity action, the Erie doctrine requires federal courts to employ the most liberal relation back rule available, whether that is Fed. R. Civ. P. 15(c) or the analogous state rule. See 3 James Wm. Moore et al., Moore's Federal Practice § 15.20 (3d ed. 2006). Since Connecticut's relation back doctrine "is akin to rule 15(c) of the Federal Rules of Civil Procedure," Gurliacci v. Mayer, 218 Conn. 531, 547 (1991), the Court analyzes Davies's amended complaint pursuant to Federal Rule 15(c).

11

F.3d 215, 228 (2d Cir. 2006) (quoting Stevelman v. Alias Research Inc., 174 F.3d 79, 86 (2d Cir. 1999)).

The decisive question here is whether Surinder knew, or should have known, within 120 days of Davies filing suit against Pawan, that Davies would have sued him, as the Camry's owner, but for a mistake. A mistake, for purposes of Rule 15(c), is narrowly defined. The Advisory Committee Notes to the Rule's 1991 amendments state that the rule was designed to prevent defendants from "defeat[ing] the action on account of a defect in the pleading with respect to the defendant's name," provided that the Rule's notice requirement is met. Fed. R. Civ. P. 15(c) advisory committee's notes (1991). This means that "the rule is meant to allow an amendment changing the name of a party . . . only if the change is the result of an error, such as a misnomer or misidentification." Barrow v. Wethersfield Police Dept., 66 F.3d 466, 469 (2d Cir. 1996). In contrast, however, "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Id. at 470. The Rule "does not permit relation back where . . . there is a lack of knowledge of the proper party" to be sued. Id. at 469 (quoting Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993)).

The Court concludes that there are no genuine issues of material fact as to whether Davies's failure to sue Surinder in the original complaint constitutes a mistake within the meaning of Rule 15(c). When Davies's lawyer drafted the complaint, he believed that Pawan was the Camry's owner because the police report mistakenly listed Pawan as the car's operator and owner. Crucially for this claim, however, the original complaint only sues the operator of the Camry, and the vehicle's owner is never mentioned. Davies's lawyer may have believed that

12

Davies would recover damages from the car's owner because he was also the operator, but the complaint never indicates that Davies sought to establish liability on a theory of ownership. In light of the fact that the owner and driver turned out to be different people, there may have been an error or oversight in the complaint, but this is not the narrow type of mistake contemplated by Rule 15(c), for which a relation back remedy is permitted. See Barrow, 66 F.3d at 469-70.

This result also makes sense in light of the policies underlying Rule 15(c). The Rule only permits an amendment to relate back when the newly added defendant is on notice that he is the intended target of the suit. Fed. R. Civ. P. 15(c)(3). The notice component of the Rule is a crucial requirement because it ensures that the policy underlying the statute of limitations is upheld. Schiavone, 477 U.S. at 31 ("[t]he linchpin [for relation back] is notice"). Relation back permits otherwise untimely claims because the defendant is on notice of the plaintiff's claim within the time by which the plaintiff must have served the initial complaint. Id.; see Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 19 (2d Cir. 1997) (quoting Fed. R. Civ. P. 15, advisory committee's notes (1991)) ("The [1991 Amendments] . . . prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense."). Hence, Rule 15(c) does not disrupt the protections guaranteed by the statute of limitations or its underlying policy: if a potential defendant is not put on notice that he will be sued within 120 days after the complaint is filed, that defendant may consider himself safe from suit once the limitations period expires. See Schiavone, 477 U.S. at 31 ("[T]here is an element of arbitrariness [to the cut off for relation back] . . . but that is a characteristic of any limitations period. And it is an arbitrariness imposed by the legislature and not by the judicial process."); Slayton, 460 F.3d at 228. Here, Davies's lawyers did not

13

misidentify the Camry's owner in Davies's original complaint; even if Surinder had read that document, it would have given him no notice that Davies intended to sue the Camry's owner.[9] While it might have seemed unusual to an attorney that Davies opted to sue the Camry's driver without suing its owner, the choice of whom to sue rests with Davies, and, even assuming that Surinder had read the complaint, it is not enough to alert him to his potential personal liability. Since Surinder could not have been on notice of Davies's claims against him within 120 days of Davies filing this suit, Davies's claims against him do not relate back to the original complaint under Rule 15(c) and are barred as untimely.[10]

---

[9]It is of no consequence that Pawan's answers to Davies's interrogatories identified Surinder's automobile insurance policy as the applicable policy covering the accident. The insurance laws of most states, including New York, require all vehicle insurance policies to provide coverage for accidents involving a covered vehicle regardless of the driver, with only narrow exceptions, such as when the car has been stolen. N.Y. Ins. Law § 3420(e) (McKinney 2007). Because of this, even if Surinder knew his insurance company might pay for Davies's damages, that fact alone does not put him on notice that he could be personally liable for the accident beyond the policy limit.

[10]The Court notes that the Connecticut Supreme Court reached a similar conclusion in interpreting the Connecticut savings statute, Conn. Gen. Stat. § 52-593, which permits a plaintiff who "failed to obtain judgment by reason of failure to name the right person as defendant" to bring a new suit against the proper defendant within one year of termination of the original action, regardless of the statute of limitations. In Cogan v. Chase Manhattan Auto Financial Corp., 276 Conn. 1 (2005), also a personal injury suit arising out of an automobile accident, the plaintiff sued the car's driver and his stepfather, whom the police report listed as the car's owner. After settling with these defendants, however, the plaintiff discovered that the Chase Manhattan Auto Financial Corp. ("Chase Manhattan"), and not the driver's stepfather, owned the vehicle. She then tried to sue Chase Manhattan for additional damages under the savings statute. In granting summary judgment to Chase Manhattan on statute of limitations grounds, the Connecticut Supreme Court held that "a 'right person,' as that term is used in § 52-593, is one who, as a matter of fact, is a 'proper defendant for the legal theory alleged.'" 276 Conn. at 8 (emphasis in original).

> The fact that the complaint in the plaintiff's original action failed to name all potentially liable defendants is immaterial. . . . [T]he failure to name all of the defendants from whom she could have recovered in her original action does not constitute a 'failure to name the right person as defendant' within the meaning of General Statutes § 52-593.

## IV.    Conclusion

For the reasons given above, Surinder's second motion for summary judgment [docket # 99] is denied but Surinder's original motion for summary judgment [docket # 44] is granted. As a consequence, the count in the plaintiff's complaint against Surinder Jindal is dismissed.

SO ORDERED this  22nd  day of May 2007, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

Id. at 10-11. To hold otherwise and "allow a plaintiff to file successive complaints . . . naming different defendants, all of whom were proper, . . . could lead to unrestrained filings in cases with multiple defendants . . . [and] would defeat the basic purpose of the public policy that is inherent in statutes of limitation." Id. at 11. As in this case, where Davies initially sued a proper defendant, the Connecticut Supreme Court distinguished between a plaintiff's failure to name all potential defendants and a plaintiff who erroneously sues an improper defendant. See id. at 10-11.